THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIT FRIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>　　　　　　　　Defendant. | No.  Case No. 2:11-cv-01291 (JLR)<br><br>**CLASS ACTION**<br><br>**DENDREON INVESTOR GROUP'S MOTION FOR<br>(1) CONSOLIDATION;<br>(2) APPOINTMENT AS LEAD PLAINTIFF;<br>(3) AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF COUNSEL** |
| DAVID EMS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>　　　　　　　　Defendant. | No.  Case No. 2:11-cv-01294 (JLR)<br><br>**CLASS ACTION**<br><br>**NOTE ON MOTION CALENDAR<br>October 21, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

*[Captions continued on Following Page]*

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

| | | |
|---|---|---|
| 1 | | |
| 2 | MICHAEL F. WENDT, Individually and On Behalf of Others Similarly Situated, | No. Case No. 2:11-cv-01568 (MJP) |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | DENDREON CORPORATION, MITCHELL H. GOLD, M.D. GREGORY T. SCHIFFMAN, and HANS E. BISHOP, | **CLASS ACTION** |
| 6 | | |
| 7 | Defendant. | |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................. 1

FACTUAL  ACKGROUND .................................................................................................. 3

ARGUMENT ......................................................................................................................... 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .... 4

II.     THE DENDREON INVESTOR GROUP SHOULD
BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .................................................. 5

    A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ................. 5

    B.    Under The PSLRA, The Dendreon Investor Group  Should Be Appointed Plaintiff ....... 6

        i.    The Dendreon Investor Group Filed A Timely Motion ................................................ 6

        ii.   The Dendreon Investor Group Has The Largest Financial
Interest In The Relief Sought By The Class ............................................................... 7

        iii.  The Dendreon Investor Group Meets Rule 23's
Typicality And  Adequacy Requirements .................................................................... 7

III.    THE COURT SHOULD APPROVE THE DENDREON
INVESTOR GROUP'S CHOICE OF COUNSEL ............................................................ 9

CONCLUSION ...................................................................................................................... 10

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - i

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armbruster v. Cellcyte Genetics Corp.*,
   No. 08-0047RSL, 2008 U.S. Dist. LEXIS 96288 (W.D. Wash. Apr. 28, 2008) .........................4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)..............................................................................................7, 9

*Crawford v. Onyx Software Corp.*,
   No. C01-1346L, 2002 U.S. Dist. LEXIS 1101 (W.D. Wash. Jan. 10, 2002).............................7

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ..........................................................................................6

*In re Nice Sys., Ltd. Sec. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999)................................................................................................6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................6

*Schonfield v. Dendreon Corp.*,
   No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007) .........................8

**STATUTES**

15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I) ........................................................................................4

15 U.S.C. §78u-4(a)(3)(A)(i) .....................................................................................................5, 6

15 U.S.C. §78u-4(a)(3)(B)(i) ..........................................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(ii) ....................................................................................................1, 4

15 U.S.C. §78u-4(a)(3)(B)(iii) ...................................................................................................2, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..................................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)............................................................................................9

15 U.S.C. §78u-4(a)(3)(B)(v) ........................................................................................................9

PSLRA ..................................................................................................................... *passim*

Dendreon (1) Motion for Consolidation, (2)
Appointment as Lead Plaintiff & (3) Approval of
Plaintiffs' selection of Counsel  - ii

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 1, 7

Section 21D(a)(2) ......................................................................................................... 6

Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ....................... 1, 4

Securities Exchange Act of 1934 .................................................................................. 1

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .................................................................................................. 1, 7, 9

Fed. R. Civ. P. 23(a) ..................................................................................................... 7

Fed. R. Civ. P. 42(a) ............................................................................................. 1, 2, 4

Rule 23 of the Federal Rules of Civil Procedure ......................................................... 7

*Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995) ............................... 4

Rule 10b-5 ................................................................................................................ 2, 4

Rule 23(a)(3) ................................................................................................................ 7

Rule 23(a)(4) ................................................................................................................ 8

Rule 23's .................................................................................................................. 5, 7

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - iii

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1  Class members and proposed lead plaintiffs Ralph Sears and Michael W. Ravelo (the
2  "Dendreon Investor Group" or "Movants"), respectfully submit this motion and memorandum of
3  law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995
4  ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) for the entry of an order: (1) consolidating the Actions
5  (defined below) and any related actions that may be filed; (2) appointing the Dendreon Investor
6  Group as Lead Plaintiff for the Actions; and (3) approving the Dendreon Investor Group's
7  selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## INTRODUCTION

Presently pending in this district are three related class action lawsuits (the "Related Actions") brought on behalf of persons who purchased or otherwise acquired the securities of Dendreon Corporation ("Dendreon" or the "Company") between April 29, 2010 and August 3, 2011, inclusive (the "Class Period"), against Dendreon and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").

| **CASE NAME** | **CASE NO.** | **DATE FILED** |
|---|---|---|
| *Frias v. Dendreon, et al.* | 11-cv-01291-JLR | August 4, 2011 |
| *Ems v. Dendreon, et al.* | 11-cv-01294-JLR | August 8, 2011 |
| *Wendt v. Dendreon, et al.* | 11-cv-01568-MJP | September 20, 2011 |

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable thereafter, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See Id.*

Here, the Related Actions should be consolidated because each involves substantially similar issues of law and fact. See Fed. R. Civ. P. 42(a). The Related Actions assert claims for

Dendreon (1) Motion for Consolidation, (2)
Appointment as Lead Plaintiff & (3) Approval of
Plaintiffs' selection of Counsel  - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), and Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. Furthermore, the Related Actions allege substantially the same misconduct by Dendreon and three of the Company's officers (Chief Executive Officer and President Mitchell H. Gold ("Gold"), Chief Financial Officer, Executive Vice President and Treasurer Gregory T. Schiffman ("Schiffman"), and Chief Operating Officer and Executive Vice President Hans E. Bishop ("Bishop") ).

Because the Related Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Related Actions should be consolidated under Federal Rule of Civil Procedure 42(a).

Additionally, the Dendreon Investor Group should be appointed as lead plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any plaintiff or lead plaintiff movant of which it is aware; and (3) will adequately represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii). See Declaration of Roger M. Townsend in Support of the Dendreon Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("Townsend Decl."), Exs. A, B, and C. Finally, the Dendreon Investor Group's selection of the Faruqi Firm to serve as lead counsel and Breskin Johnson & Townsend PLLC ("Breskin Johnson") as liaison counsel should be approved because they possess extensive experience in the prosecution of class actions and will adequately represent the interests of all class members. See Townsend Decl. Exs. D and E.

For the reasons summarized above and those explained more fully below, the Dendreon Investor Group's motion should be granted in its entirety.

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

# FACTUAL BACKGROUND

Dendreon describes itself as a leading biotechnology company engaged in the discovery, development, and commercialization of therapeutics to enhance the treatment of cancer. The Company offers active cellular immunotherapy ("ACI") and small molecule product candidates to treat various cancers. The Company's principal and flagship product is PROVENGE (sipuleucel-T), an active cellular immunotherapy for the treatment of metastatic, castrate-resistant prostate cancer. PROVENGE was approved by the U.S. Food and Drug Administration ("FDA") in April 2010. Dendreon is exploring the application of additional ACI product candidates and small molecules for the potential treatment of a variety of cancers.

During the Class Period defendants materially misled the investing public, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements not false and misleading, thereby inflating the price of Dendreon common stock. The statements certain defendants made during the Class Period are alleged to be materially false and misleading when made because defendants misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them that: (a) physicians were not adopting the Company's new PROVENGE cancer drug as expected due to concerns of insurance reimbursement and over concerns that the drug was extremely expensive, relative to its results; (b) sales forecasts based on physicians' immediate adoption of PROVENGE were dramatically inflated because of a lack of options to finance these expensive treatments; (c) the Company did not have adequate systems of internal operational or financial controls; and (d) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

As a result of these materially false and misleading statements and failures to disclose, Dendreon common stock traded at artificially inflated prices during the Class Period. Moreover, Movant and the Class purchased or otherwise acquired Dendreon common stock relying upon

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

the integrity of the market price of Dendreon common stock and market information relating to Dendreon and have been damaged thereby.

On August 3, 2011, after the close of trading, defendants shocked investors when Dendreon issued a release which announced financial and operational results well below analysts' expectations and significantly lowered guidance for 2011. Following the publication of this release, shares of the Company declined over 60%, or over $22.00 per share, to reach a multi-year low of $13.39 per share when trading opened on August 4, 2011.

The Related Actions are the only chance Class members will have to receive compensation for being defrauded, and the Dendreon Investor Group seeks to ensure that investors receive the maximum possible recovery.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995). Courts recognize that class action shareholder suits, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification "will promote efficiency, conserve judicial resources, and foster uniform decision-making while avoiding inconsistent results." *See Armbruster v. Cellcyte Genetics Corp.*, No. 08-0047RSL, 2008 U.S. Dist. LEXIS 96288, at *4-5 (W.D. Wash. Apr. 28, 2008).

Here, the Related Actions present virtually identical factual and legal issues – each alleges violations of §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5 and each names the same

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate.

## II. THE DENDREON INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I). It provides that within 20 days of the filing of the action, plaintiffs are required to publish a notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 5

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Under The PSLRA, The Dendreon Investor Group Should Be Appointed Plaintiff

As discussed below, the Dendreon Investor Group should be appointed lead plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the Dendreon Investor Group holds the largest financial interest of any movant, and the Dendreon Investor Group otherwise satisfies Rule 23's typicality and adequacy requirements.

#### i. The Dendreon Investor Group Filed A Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions is required to publish notice of the complaint within twenty (20) days of its filing. Counsel for Amit Frias published notice of the lead plaintiff deadline via *GlobeNewswire* on August 4, 2011.[1] *See* Townsend Decl., Ex. A. Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before October 3, 2011). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the Dendreon Investor Group's motion was timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, members of the Dendreon Investor Group timely signed and submitted certifications, identifying all of their relevant Dendreon trades during the Class Period, and

---

[1]   Publication by *GlobeNewswire* is an adequate means for meeting the statutory requirement that notice be published "in a widely circulated business-oriented publication or wire service." *See In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

detailing the Dendreon Investor Group's suitability to serve as Lead Plaintiff in this case. *See* Townsend Decl., Ex. B. The PSLRA's procedural requirements have therefore been met.

ii. **The Dendreon Investor Group Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, see Townsend Decl., Ex. B, the Dendreon Investor Group collectively purchased 11,500 shares of Dendreon in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. *Id*. As a result, the Dendreon Investor Group incurred approximately $281,158.74 in losses in its transactions in Dendreon common stock. *See* Townsend Ex. C. The Dendreon Investor Group thus has a significant financial interest in this case, and to the best of its knowledge, possesses the largest financial interest of any class member who otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (providing that a movant is not the presumptively most adequate plaintiff unless it both possesses the largest financial interest and satisfies Rule 23's typicality and adequacy requirements). Therefore, the Dendreon Investor Group satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

iii. **The Dendreon Investor Group Meets Rule 23's Typicality And Adequacy Requirements**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 provides that a party

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Crawford v. Onyx Software Corp.*, No. C01-1346L, 2002 U.S. Dist. LEXIS 1101, at *5 (W.D. Wash. Jan. 10, 2002). The Dendreon Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement is satisfied when the "applicant's claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory." *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816, at *10 (W.D. Wash. Oct. 4, 2007). Typicality does not require that there should not be any factual differences between the class representatives and the class members rather, it is the generalized nature of the claims asserted which determines whether the class representatives are typical.

The Dendreon Investor Group satisfies this requirement because, just like all other class members, it: (1) purchased Dendreon common stock during the Class Period; (2) purchased Dendreon common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Dendreon Investor Group's

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." "[I]t must be demonstrated that: (1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation." *Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *11.

Here, the Dendreon Investor Group is an adequate representative of the class. As evidenced by the injuries suffered by the Dendreon Investor Group, who purchased Dendreon common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Dendreon Investor Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Dendreon Investor Group's interest and those of the other members of the class. Further, the Dendreon Investor Group has retained competent and experienced counsel to prosecute these claims. As shown below, the Dendreon Investor Group's proposed counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Dendreon Investor Group *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### III. THE COURT SHOULD APPROVE THE DENDREON INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 733 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1  court, the power to select a lawyer for the class"). Here, the Dendreon Investor Group has
2  selected the Faruqi Firm as lead counsel for the Class and Breskin Johnson as liaison counsel.

3  As reflected in the firm's resume, the Faruqi Firm possesses extensive experience
4  litigating complex class actions on behalf of plaintiffs, including securities class actions. *See*
5  Townsend Decl., Ex. C. Additionally, Breskin Johnson has significant experience litigating
6  complex class actions within this district. Townsend Decl., ¶ 3; Ex. D. Thus, the Court may be
7  assured that in the event this Motion is granted, the members of the Class will receive the highest
8  caliber of legal representation. *Id*., Exs. C-D. Accordingly, the Court should approve the
9  Dendreon Investor Group's selection of counsel.

## CONCLUSION

11  For the foregoing reasons, the Dendreon Investor Group respectfully requests that the
12  Court: (1) consolidate the Actions and any related actions that may be filed; (2) appoint the
13  Dendreon Investor Group as Lead Plaintiff for the consolidated Actions; (3) approve the
14  Dendreon Investor Group's selection of the Faruqi Firm as Lead Counsel and Breskin Johnson as
15  Liaison Counsel for the Class; and (4) grant such other relief as the Court may deem just and
16  proper.

17  DATED:  October 3, 2011

Respectfully submitted,
By: */s/ Roger M. Townsend*
Roger M. Townsend, WSBA # 25525
**BRESKIN JOHNSON & TOWNSEND, PLLC**
1111 Third Avenue, Suite 2230
Seattle, WA 98101
Tel: (206) 652-8660
Fax: (206) 652-8290
Rtownsend@bjtlegal.com

//
//

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 10

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

| | |
|---|---|
| 1 | Antonio Vozzolo *(pro hac vice pending)* |
| 2 | Richard W. Gonnello *(pro hac vice pending)* |
|   | **FARUQI & FARUQI, LLP** |
| 3 | 369 Lexington Avenue, 10th Floor |
|   | New York, New York 10017 |
| 4 | Tel: 212-983-9330 |
|   | Fax: 212-983-9331 |
| 5 | avozzolo@faruqilaw.com |
|   | rgonnello@faruqilaw.com |
| 6 | fmcconville@faruqilaw.com |

*Attorneys for the Dendreon Investor Group*

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel  - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing is true and correct.

Signed on October 3, 2011 at Seattle, Washington.


/s/ Miriam C. Simmel
Miriam C. Simmel, Legal Assistant

Dendreon (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff & (3) Approval of Plaintiffs' selection of Counsel - 12

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660