THE HONORABLE MARSHA J. PECHMAN
THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL F. WENDT, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, M.D., GREGORY T. SCHIFFMAN and HANS E. BISHOP,<br><br>Defendants. | Case No.: 2:11-cv-01568<br><br>**MOTION OF TEAMSTERS LOCAL 282 PENSION TRUST FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**<br><br>**NOTE ON MOTION CALENDAR:** October 21, 2011 |
| DAVID EMS, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, M.D., GREGORY T. SCHIFFMAN and HANS E. BISHOP,<br><br>Defendants. | Case No.: 2:11-cv-01294<br><br>**MOTION OF TEAMSTERS LOCAL 282 PENSION TRUST FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**<br><br>**NOTE ON MOTION CALENDAR:** October 21, 2011 |

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 1
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809

| | |
|---|---|
| AMIT FRIAS, Individually and On Behalf of Others Similarly Situated, | Case No.: 2:11-cv-01291 |
| Plaintiff, | **MOTION OF TEAMSTERS LOCAL 282 PENSION TRUST FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL** |
| v. | |
| DENDREON CORPORATION, MITCHELL H. GOLD, M.D., GREGORY T. SCHIFFMAN and HANS E. BISHOP, | |
| Defendants. | **NOTE ON MOTION CALENDAR:** October 21, 2011 |

Presently before the Court are three securities class actions brought on behalf of purchasers of the common stock of Dendreon Corporation ("Dendreon" or the "Company"), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA, The Teamsters Local 282 Pension Trust Fund ("Local 282" or "movant") hereby moves this Court for an order (a) consolidating the above-captioned actions; (b) appointing movant as the Lead Plaintiff in the action under section 21D(a)(3)(B) of the Exchange Act; and (c) approving his selection of Kirby McInerney, LLP to serve as Lead Counsel and McKay Chadwell PLLC to serve as Liaison Counsel for the Class in the action. This motion is made on the grounds that Local 282 is the most adequate plaintiff as defined by the PSLRA. Movant has suffered losses of $428,237.04, has submitted a sworn certification demonstrating movant's desire to serve as a lead plaintiff in this action and movant's understanding of the attendant duties and obligations of serving as lead plaintiff on behalf of the class. In addition, Local 282, for purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class, and it will fairly and adequately represent the interests of the Class.

To the best of movant's knowledge, movant has suffered the greatest loss sustained by

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL - 2
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809

any individual who has filed a complaint or filed an application to serve as Lead Plaintiff in this action and for purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, therefore pursuant to the PSLRA movant is the most adequate lead plaintiff.

This motion is supported by the Declaration of Ira M. Press ("Press Decl.") filed herewith, and all prior pleadings and proceedings herein, and such other written or oral argument as may be permitted by the Court. A proposed order regarding the appointment of Lead Plaintiff and approval of Lead and Liaison Counsel accompanies this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendants Dendreon and its officers and directors (collectively "Dendreon") is a biotechnology company focused on targeting cancer and transforming lives through the discovery, development, and commercialization of novel therapeutics that may significantly improve cancer treatment options for patients. The company applies its expertise in antigen identification, engineering and cell processing to produce active cellular immunotherapy (ACI) product candidates designed to stimulate an immune response. Dendreon is headquartered in Seattle and has a manufacturing facility in New Jersey and is in the process of constructing facilities in Georgia and California.

Statements in Press Release, the Company's 8-K Form, the 1Q:11 form, and the 10-Q form contained materially false and misleading information regarding Dendreon's chief product, PROVENGE (an autologous cellular immunotherapy for the treatment of asymptomatic or minimally symptomatic metastatic castrate resistant prostate cancer), and omitted to include material information in violation of the Securities Act, 15 U.S.C. §§ 78j(b) and 78t(a). Specifically, these documents misstated and omitted information about PROVENGE's adoption

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 3
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809

by the medical community, the price of the PROVENGE compared to its efficacy, the launch of the product was proceeding as planned, and the company's internal controls and procedures.

The instant class action was filed on August 4, 2011 by the Plaintiff Frias represented jointly by Hagens Berman Sobol Shapiro LLC ("Hagens Berman") and Kahn Swick and Foti ("Kahn Swick"). On August 4, notices were posted by Hagens Berman on Bloomberg, and on August 5, notices were published by Hagens Berman and Kahn Swick on Businesswire. *See* Press Decl., Exhibit 1.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the consolidation issue. Second, after the cases have been consolidated, the Court rules on the lead plaintiff and lead Counsel Issues.

It is appropriate to consolidate these cases. The three complaints assert claims against the same defendants for the violations of the same securities laws on behalf of largely overlapping putative classes of investors. [1]

---

[1] The slight difference in the class period in one of the actions does not render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 4
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

**B.     Local 282 Should Be Appointed Lead Plaintiff**

Local 282 respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and which "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *See also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Cunha v. Hansen Natural Corp.*, No. 08 Civ. 01249, 2009 WL 2029797, at *1 (C.D. Cal. July 13, 2009); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 664-65 (C.D. Cal. 2005).

**1.     Local 282 Believes That It Has The Largest Financial Interest In The Relief Sought By The Class**

Local 282 is presumptively the most adequate plaintiff for the reasons set forth below and because it believes that it has the largest financial interest in the relief sought by the Class. As a result of the wrongdoing alleged in the complaint, and the consequential decline in value of its common stock, Local 282 has suffered approximately $428,237.04 in losses. *See Tanne*, 226 F.R.D. at 666 (comparing losses of competing lead plaintiff movants).  Local 282 purchased a total of 15,071 Dendreon shares.  Local 282 had no sales during the class period.  The net funds expended by Local 282 on Dendreon shares was $612,281.08. *See* Press Decl., Exhibit 3.  Given the magnitude of its losses, Local 282 believes that it has the largest financial interest of any proposed Lead Plaintiff.

**2.     Local 282 Otherwise Satisfies The Requirements of Rule 23**

Local 282 should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant need only make "a preliminary showing of typicality and adequacy." *Ferrari v. Gisch*,

---

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 5
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE\100311.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809

225 F.R.D. 599, 606 (C.D. Cal. 2004) (citing *Erikson v. Cornerstone Propane Partners LP*, No. 03-2522, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003). *See also In re Cavanaugh*, 306 F.3d at 730; *Tanne*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification'") (quoting *Fischler v. AMSouth Bancorporation.*, No. 96 civ. 1567, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)).  Local 282 satisfies both requirements in this case.

Local 282's claims are typical of the claims of other Class members.  The typicality requirement is satisfied when the proposed Lead Plaintiff has (i) suffered the same injuries as class members; (ii) as a result of the same course of conduct; and (iii) its claims are based on the same legal issues. *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001).  Local 282's claims and injuries in this action arise from the same course of misconduct by defendants as those of other Class members – i.e., the inflated prices paid for the common stock as a result of false statements and omissions regarding the actual financial prospects of Dendreon's PROVENGE. *See Tanne*, 226 F.R.D. at 667.  The legal issues are likewise the same; the case only alleges innocent and/or negligent conduct on the part of Dendreon, the individual defendants.  Local 282 likewise satisfies the adequacy requirement of Rule 23. "Representation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the class is qualified and competent." *Ruland v. InfoSonics Corp.*, No. 06-cv-1231, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006).  Local 282 is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. *See Tanne*, 226 F.R.D. at 667.  As an investor who purchased common stock at inflated prices and suffered

---

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 6
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800 Fax (206) 233-2809

substantial losses when the truth was revealed, Local 282 has an identity of interest with its

fellow Class members.  There are no facts suggesting that any actual or potential conflict of

interest or other antagonism exists between Local 282 and other Class members.

As an institutional investor serving pensioners with approximately $1 billion, Local 282

is the type of investor Congress hoped would lead class actions when it enacted the PSLRA. *See,*

*e.g.*, *In re SiRF Tech. Holdings*, Inc. Sec. Litig., No. C 08-0856, 2008 WL 2220601, at *3 (N.D.

Cal. May 27, 2008) ("by enacting the PSLRA, Congress sought to increase the participation of

institutional investors in securities class actions").

Local 282's very significant interest in the outcome of the case ensures vigorous

advocacy.  *See, e.g.*, *Ruland*, 2006 WL 3746716, at *6 (finding adequate a proposed Lead

Plaintiff that "has [adequate] incentive to prosecute this action vigorously and states that he is

willing to serve as a representative on behalf of the class").  Local 282 has submitted a

Certification affirming its commitment to the steps necessary for effective prosecution of this

complex Class action. *See* Press Decl., Exhibit 2.  Through that Certification, Local 282 accepts

the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. *See Tanne*, 226

F.R.D. at 668, 671.

**C.    The Court Should Approve Lead Plaintiff's Selection of Kirby McInerney LLP as Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only

to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, the Court should not disturb

the Lead Plaintiff's choice of counsel unless necessary to "adequately protect the interest of the

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d at 733.  In

the present case, movant has retained Kirby McInerney LLP to pursue this litigation on its

behalf, and will seek to use the firm as plaintiff's Lead Counsel, and the law firm of McKay

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 7
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

Chadwell PLLC as Liaison Counsel, in the event it is appointed Lead Plaintiff. Kirby McInerney LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the firm resumé attached to the Press Decl. as Exhibit 4. Thus, the Court may be assured that, by granting movant's motion, the Class will receive high quality legal representation.

## III.   CONCLUSION

For all of the foregoing reasons, Local 282 respectfully requests that the Court: (i) consolidate the above-captioned cases pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Local 282 as Lead Plaintiff pursuant to the PSLRA; (iii) approve its selection of Kirby McInerney LLP as Lead Counsel and McKay Chadwell PLLC as Liaison Counsel; (iv) and (v) grant such other and further relief as the Court may deem just and proper.

Dated: October 3, 2011

/s/ Michael D.McKay
Michael D. McKay
Thomas M. Brennan
**McKAY CHADWELL PLLC**
600 University Street, Suite 1601
Seattle, WA 98101
Tel: (206) 233-2800
Fax: (206) 233-2809
*Proposed Liaison Counsel*

Ira M. Press
ipress@kmllp.com
David Bishop
dbishop@kmllp.com
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 371-6600
Fax: (212) 751-2540
*Proposed Lead Counsel*

MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL - 8
G:\CLIENTS\01764\PLEADINGS\MOTION_CONSOLIDATE100311.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809