The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIT FRIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>Defendants.<br><br>[*Captions continued on next page*] | No. 2:11-CV-01291-JLR<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF SAN MATEO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF COUNSEL AS COUNSEL FOR THE CLASS, AND CONSOLIDATION OF RELATED ACTIONS**<br><br>NOTE ON MOTION CALENDAR: OCTOBER 21, 2011<br><br>ORAL ARGUMENT REQUESTED |

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| DAVID EMS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP, <br><br> Defendants. | No. 2:11-CV-01294-JLR |
| MICHAEL F. WENDT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP, <br><br> Defendants. | No. 2:11-CV-01568-MJP |

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.    FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 2

II.    ARGUMENT ............................................................................................................................. 3

    A.    SamCERA Should Be Appointed Lead Plaintiff ...................................................... 3

        1.    SamCERA Believes That It Has The Largest Financial Interest In The Relief Sought By The Class ............................................... 4

        2.    SamCERA Otherwise Satisfies The Requirements Of Rule 23.................................................................................................................................. 5

    B.    The Court Should Approve SamCERA's Selection Of Counsel ............................ 7

    C.    The Related Actions Should Be Consolidated......................................................... 9

III.    CONCLUSION....................................................................................................................... 10

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armour v. Network Assocs.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) ..................................................................................7

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) .....................................................................................4

*Crawford v. Onyx Software Corp.*,
   No. C01-1346L, 2002 U.S. Dist. LEXIS 1101 (W.D. Wash. Jan. 10, 2002) ..........................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................................4, 5

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005)......................................................................................................7

*In re Watchguard Sec. Litig.*,
   No. C 05-678 JLR, 2005 U.S. Dist. LEXIS 40923 (W.D. Wash. July 13, 2005).....................4

*Ruland v. Infosonics Corp.*,
   No. 06-CV-1231 (BTM), 2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006)................6

*Schonfield v. Dendreon Corp.*,
   No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007) .............4, 5, 6, 9

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31 CJC, 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006).................7, 9

*Zucker v. Zoran, Corp.*,
   No. C 06-4843, 2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006) ..........................5, 6

**STATUTES**

15 U.S.C. § 78u-4, *et seq.* .......................................................................................................1, 3, 7

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**OTHER AUTHORITIES**

104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679...............................................7

Fed. R. Civ. P.
   Rule 23 ........................................................................................................................ *passim*
   Rule 42 ..............................................................................................................................1, 9

H.R. Conf. Rep. No. 104-369 (1995)...............................................................................................7

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that San Mateo County Employees' Retirement Association ("SamCERA") respectfully moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), for entry of an order: (i) appointing SamCERA as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and Keller Rohrback L.L.P. as Liaison Counsel; and (iii) consolidating related securities class actions pursuant to Fed. R. Civ. P. 42(a). This motion is noted on the Court's motion calendar for October 21, 2011, before the Honorable James L. Robart, located at the United States Courthouse, 700 Stewart Street, Suite 14128, Seattle, Washington 98101-9906.

## MEMORANDUM OF POINTS AND AUTHORITIES

These related federal securities class action lawsuits arise from allegations concerning violations of the federal securities laws by Dendreon Corporation ("Dendreon" or the "Company") and certain of its officers (collectively, "Defendants"). During the period from April 29, 2010, through August 3, 2011, inclusive (the "Class Period"), Defendants disseminated materially false and misleading information concerning the Company's financial well-being, business operations, and prospects. Defendants' misstatements artificially inflated the price of Dendreon securities and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

SamCERA believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions. SamCERA has the largest financial interest in the relief sought in these actions by virtue of, among other things, the approximately $1.96 million loss on its investment in Dendreon securities.[1] SamCERA further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of other Class members. SamCERA is, moreover, a sophisticated public institutional investor, and is therefore a paradigmatic Lead Plaintiff under the PSLRA. Accordingly, SamCERA respectfully submits that it should be appointed Lead Plaintiff.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dendreon, a Delaware corporation with its principal place of business in Seattle, Washington, is a biotechnology company whose stated mission is to target cancer and transform lives through the discovery, development, commercialization and manufacturing of novel therapeutics. Dendreon's first product, the prostate cancer therapy Provenge, was approved by the Food and Drug Administration in April 2010. Dendreon stock is listed on the NASDAQ system under the ticker "DNDN."

The complaints filed in the above-captioned actions allege that Defendants issued materially false and misleading statements and/or concealed material adverse facts regarding the Company's business, operations and prospects. According to the suits, Defendants repeatedly issued false and misleading statements to the investment community regarding Provenge, leading investors to believe that the medical community would quickly adopt the drug to treat prostate cancer. The complaints allege, *inter alia*, that Defendants knowingly or recklessly misrepresented and concealed material information concerning: (1) the purported successful introduction of Provenge to the market; (2) patient demand for Provenge; (3) physician's

---

[1] A copy of the Certification of SamCERA is attached as Exhibit A to the Declaration of Blair A. Nicholas (the "Nicholas Decl."), filed herewith. As required by the PSLRA, this Certification sets forth the transactions of SamCERA in Dendreon securities during the Class Period.

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

adoption of the therapy; (4) the Company's earnings prospects that were based upon Provenge; and (5) the Company's internal controls.

On August 3, 2011, Dendreon publicly announced that it was withdrawing its revenue guidance of $350 to $400 million for fiscal year 2011 because of a shortfall in Provenge sales, as well as significant layoffs. These disclosures caused the price of Dendreon stock to fall by more than 60%, or $22 per share, to a multi-year low of $13.30 per share. The complaints allege that in sharp disparity to the shareholder wealth that was eviscerated as a result of the alleged wrongful conduct, Company insiders have reaped tens of millions of dollars in proceeds from sales of Dendreon stock.

The first securities class action complaint against Defendants, styled *Frias v. Dendreon Corporation, et al.,* was filed on August 4, 2011 in the Western District of Washington. The first notice of the pendency of this action, attached as Exhibit B to the Nicholas Decl., was published that same day and alerted investors to a class period of January 7, 2011, through August 4, 2011, inclusive. A subsequently published notice, attached as Exhibit C to the Nicholas Decl., notified investors that a complaint in a substantially similar securities class action, styled, *Michael Wendt v. Dendreon Corp., et al*., had been filed that expanded the initially filed class period to run from April 29, 2010, through August 4, 2011, inclusive.

The PSLRA permits any member of the purported class to move for appointment as Lead Plaintiff within 60 days of the publication of the first notice of the filing of a securities class action. *See* 15 U.S.C. § 78u-4(a)(3)(A). SamCERA has satisfied this deadline by making this motion.

## II.     ARGUMENT

### A.     SamCERA Should Be Appointed Lead Plaintiff

SamCERA respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B), *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### 1. SamCERA Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

SamCERA should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation. These factors are: (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *See, e.g., Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816, at *10 (W.D. Wash. Oct. 4, 2007) (Pechman, J.), *see also In re Watchguard Sec. Litig.*, No. C 05-678 JLR, 2005 U.S. Dist. LEXIS 40923, at *8 (W.D. Wash. July 13, 2005) (Robart, J.) (describing the four factors as "nearly ubiquitous guides for analyzing the largest financial stake among lead plaintiff contestants"). "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999).

SamCERA purchased a total of 87,400 shares of Dendreon common stock during the Class Period. SamCERA expended a total of $1,991,788.58 on these purchases. SamCERA sustained approximate losses of $1.96 million when calculated on a FIFO basis (or $1.89 million when calculated on a LIFO basis) in connection with its investment in Dendreon during the Class Period.[2] The magnitude of SamCERA's financial interest in this litigation can be summarized as follows:

---

[2] Courts recognize two principal methods for calculating losses for purposes of appointing a Lead Plaintiff under the PSLRA. These are the "first in, first out" ("FIFO") method and the "last in, first out" ("LIFO") method. Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward. Under the alternative LIFO method, the sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward. *See* Exhibits D and E to Nicholas Decl.

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Factor | SamCERA's Position |
|---|---|
| **Gross Purchases:** | 87,400 shares |
| **Net Purchases:** | 53,400 shares |
| **Net Expenditures:** | $1,991,788.58 |
| **Approximate Loss (FIFO/LIFO Calculation):** | $1.96 million (FIFO) |
| | $1.89 million (LIFO) |

Based on these factors, SamCERA is the presumptive "most adequate plaintiff" and should be appointed as Lead Plaintiff in this action.

### 2. SamCERA Otherwise Satisfies The Requirements Of Rule 23

SamCERA should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, "the inquiry shall focus solely on the 'typicality' and 'adequacy' aspects of" Rule 23. *Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *9 (citing *In re Cavanaugh*, 306 F.3d at 730, n.5 and 732). SamCERA satisfies both requirements in this case.

SamCERA's claims are typical of the claims of other Class members. "'Typicality' in the class action context is measured by whether the applicant's claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory." *Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *10; *see also Zucker v. Zoran, Corp.*, No. C 06-4843, 2006 U.S. Dist. LEXIS 93469, at *9 (N.D. Cal. Dec. 11, 2006) ("The 'typicality' requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues."). SamCERA's claims in this action arise from the very same events and course of conduct as the claims of the other Class members—*i.e.*, the artificial inflation and consequent market correction of the price of Dendreon securities caused by Defendants'

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   fraudulent public statements and omissions. SamCERA's claims are also founded on precisely
2   the same legal theories as the other Class members.

3   SamCERA likewise satisfies the adequacy requirement of Rule 23. "In order to satisfy
4   the FRCP 23 conditions of 'adequacy,' it must be demonstrated that: (1) the proposed lead
5   plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2)
6   proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the
7   litigation." *Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *11; *see also Zucker*, 2006 U.S. Dist.
8   LEXIS 93469, at *10-11 ("The 'adequacy' requirement is satisfied when the proposed lead
9   plaintiff does not have interests antagonistic to the proposed class."). SamCERA is adequate to
10  represent the Class because its interests are perfectly aligned with those of the other Class
11  members and are not antagonistic in any way. As an investor in the artificially inflated publicly
12  traded securities of Dendreon during the Class Period, and having suffered substantial losses
13  upon the Company's corrective disclosures, SamCERA has an identity of interest with its fellow
14  Class members. There are no facts suggesting that any actual or potential conflict of interest or
15  other antagonism exists between SamCERA and other Class members. As discussed below,
16  SamCERA's selection of a highly experienced law firm such as Bernstein Litowitz as counsel
17  likewise demonstrates its adequacy to oversee this action as the Lead Plaintiff.

18  SamCERA also has a financial interest in the outcome of this case sufficient to ensure
19  vigorous advocacy. *See, e.g., Ruland v. Infosonics Corp.*, No. 06-CV-1231 (BTM), 2006 U.S.
20  Dist. LEXIS 79144, at *17-18 (S.D. Cal. Oct. 23, 2006) (finding adequate a proposed Lead
21  Plaintiff that "has [adequate] incentive to prosecute this action vigorously and states that he is
22  willing to serve as a representative on behalf of the class.") As set forth above, SamCERA
23  suffered substantial losses on its investment in Dendreon sufficient to ensure a commitment to
24  the vigorous prosecution of this lawsuit. SamCERA has likewise submitted a Certification
25  affirming its understanding of the duties owed to Class members through its commitment to
26  oversee the prosecution of the class action. *See* Nicholas Decl., Ex. A. Through that
27
28
MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Certification, SamCERA accepts the fiduciary obligations it will assume if appointed Lead
2  Plaintiff in this action.

3  Moreover, "[a]s an institutional investor with a large financial stake in the outcome of
4  this litigation, [SamCERA] 'is exactly the type of lead plaintiff envisioned by Congress when it
5  instituted the lead plaintiff requirements.'" *Armour v. Network Assocs.,* 171 F. Supp. 2d 1044,
6  1051 (N.D. Cal. 2001) (quoting *Bowman v. Legato Sys.,* 195 F.R.D. 655, 659 (N.D. Cal. 2000));
7  *see also* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess., 33-35 (1995), reprinted in
8  1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in
9  class actions will ultimately benefit the class and assist the courts by improving the quality of
10 representation in securities class actions"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV
11 06-31 CJC, 2006 U.S. Dist. LEXIS 40607, at *14 (C.D. Cal. May 1, 2006) ("The PSLRA's
12 presumption that the most adequate plaintiff is the plaintiff with the largest financial interest
13 reflects a Congressional intent that institutional investors should be appointed lead plaintiff
14 wherever possible, as those investors are most likely to have the most at stake in the case and to
15 be sophisticated and competent litigants for the class."); *see also In re Cendant Corp. Sec. Litig.*,
16 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the
17 plaintiff with the largest stake in the case, usually a large and sophisticated institution, is
18 accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead
19 counsel for the class").

### B. The Court Should Approve SamCERA's Selection Of Counsel

22 The Court should approve SamCERA's choice of the law firm of Bernstein Litowitz to
23 serve as Lead Counsel and Keller Rohrback as Liaison Counsel. Pursuant to the PSLRA, the
24 Lead Plaintiff is to select and retain Counsel to represent the Class, subject to Court approval. 15
25 U.S.C. § 78u-4(a)(3)(B)(v). SamCERA has selected and retained the law firms of Bernstein
26 Litowitz and Keller Rohrback.

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Bernstein Litowitz is among the preeminent securities class action law firms in the country.[3] Courts in this District and throughout the Ninth Circuit have recognized Bernstein Litowitz as a proper and appropriate Lead Counsel under the PSLRA, appointing the firm as Lead or Co-Lead Counsel in numerous complex securities class actions. For example, Bernstein Litowitz is Lead Counsel in the Western District of Washington in the securities class action concerning Washington Mutual, Inc. *See* Nicholas Decl., Exhibit F (*In re Washington Mutual Corp., Inc. Securities Litig.*, No. 07-cv-1809-MJP (Order granting preliminary approval of $208.5 million settlement of claims against defendants)); *see also Crawford v. Onyx Software Corp.,* No. C01-1346L, 2002 U.S. Dist. LEXIS 1101, at *5-6 (W.D. Wash. Jan. 10, 2002) (appointing Bernstein Litowitz as Co-Lead Counsel). Bernstein Litowitz also served as Co-Lead Counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant—the single largest settlement of any securities class action within the courts of the Ninth Circuit—and an additional $72 million from the defendant auditor. Other securities class actions since the enactment of the PSLRA in which Bernstein Litowitz served as Lead or Co-Lead Counsel in the Ninth Circuit include *In re Maxim Integrated Products, Inc. Securities Litigation* (N.D. Cal.); *In re International Rectifier Corp. Securities Litigation* (C.D. Cal.); and *In re Gemstar-TV Guide Int'l Securities Litigation* (C.D. Cal.).

Bernstein Litowitz also served as Co-Lead Counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other recent cases outside the Ninth Circuit in which Bernstein Litowitz has been recognized as an appropriate Lead or Co-Lead counsel since the passage of the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation* (S.D.N.Y.) and *In re Nortel Networks Corp. Securities Litigation* (S.D.N.Y.). Accordingly, the Court should approve SamCERA's selection of Bernstein Litowitz as Lead Counsel for the Class.

---

[3] Bernstein Litowitz's Firm Biography is attached as Exhibit G to the Nicholas Decl.

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The Court should also appoint Keller Rohrback as Liaison Counsel. As detailed in the resume submitted as Exhibit H to the Nicholas Decl., Keller Rohrback is a leader in securities and other complex financial litigation in Washington and across the country. The firm's nationally recognized practice has been distinguished repeatedly by courts throughout the country for its ability and experience in handling major litigation.

### C. The Related Actions Should Be Consolidated

There are at least three securities class action complaints pending in the Western District of Washington on behalf of investors in Dendreon securities:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Frias v. Dendreon Corporation, et al.,* | Case No. 2:11-cv-01291-JLR | August 4, 2011 |
| *Ems v. Dendreon Corporation, et al.,* | Case No. 2:11-cv-01294-JLR | August 5, 2011 |
| *Wendt v. Dendreon Corporation, et al.,* | Case No. 2:11-cv-01568-MJP | September 20, 2011 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same events and alleged course of conduct—*i.e.*, the purchase of artificially inflated Dendreon securities pursuant to Defendants' materially false and misleading statements concerning Provenge's commercial success and prospects and the Company's business and operations, and the subsequent decline in the value of those securities upon revelation of the truth. In addition, they allege the same claims (*i.e.*, §§ 10(b) and 20(a) under the Exchange Act) against the same Defendants, *i.e.*, Dendreon and Defendants Mitchell H. Gold, Gregory T. Schiffman and Hans E. Bishop. Accordingly, consolidation is appropriate here under the PSLRA and Fed. R. Civ. P. 42(a). *See, e.g., Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *4-5 (consolidating cases under Rule 42(a) and the PSLRA); *see also Schriver*, 2006 U.S. Dist. LEXIS 40607, at *4-6 (consolidating cases under Rule 42(a) and the PSLRA where the "relevant allegations are the same in each of the related actions, and many of the related actions involve common legal questions, [because] consolidation would promote efficiency and avoid duplication of evidence and motion filing").

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 9

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III. CONCLUSION

For the foregoing reasons, SamCERA respectfully requests that the Court: (i) appoint SamCERA as Lead Plaintiff pursuant to the PSLRA; (ii) approve SamCERA's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Keller Rohrback L.L.P. as Liaison Counsel for the Class; (iii) consolidate related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: October 3, 2011            Respectfully submitted,

**KELLER ROHRBACK L.L.P.**

By: /s/Juli E. Farris
By: /s/Derek W. Loeser
By: /s/Elizabeth A. Leland
Juli E. Farris, #17593
Derek W. Loeser #24274
Elizabeth A. Leland, #23433
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
Email: jfarris@kellerrohrback.com
       dloeser@kellerrohrback.com
       bleland@kellerrohrback.com

*Proposed Liaison Counsel for San Mateo County Employees' Retirement Association and the Class*

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS
NIKI L. MENDOZA
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

-and-

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 10

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GERALD H. SILK
BRUCE D. BERNSTEIN
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Proposed Lead Plaintiff San Mateo County Employees' Retirement Association and Proposed Lead Counsel for the Class*

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 11

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF participants:

Steve W. Berman  steve@hbsslaw.com,  heatherw@hbsslaw.com,  robert@hbsslaw.com

Karl Phillip Barth  karlb@hbsslaw.com

Peter E. Borkon  peterb@hbsslaw.com

Reed R. Kathrein  reed@hbsslaw.com

Imanta F. Holmquist  imants@lawhg.net

Michael D. McKay  mdm@mckay-chadwell.com

Robert M. Townsend  rtownsend@bjtlegal.com

/s/ Elizabeth A. Leland
Elizabeth A. Leland

MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF
(No. 2:11-cv-01291-JLR) - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384