1

2

THE HONORABLE JAMES L. ROBART
THE HONORABLE MARSHA J. PECHMAN

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| AMIT FRIAS, Individually and on Behalf Of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br>       Defendants. | No.  2:11-cv-01291-JLR<br>Hon. James L. Robart<br><br>**MOTION OF THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL** |
| DAVID EMS, Individually and on Behalf Of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br>       Defendants.<br><br>[Caption continued on next page.] | No.  2:11-cv-01294-JLR<br>Hon. James L. Robart<br><br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br>October 21, 2011 |

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

| | |
|---|---|
| 1 | MICHAEL F. WENDT, Individually and on Behalf Of All Others Similarly Situated, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | DENDREON CORPORATION, MITCHELL H. GOLD, M.D., GREGORY T. SCHIFFMAN, and |
| 6 | HANS E. BISHOP, |
| 7 | Defendants. |

No.  2:11-cv-01568-MJP
Hon. Marsha J. Pechman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
& APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     FACTUAL BACKGROUND ........................................................................3

III.    ARGUMENT ................................................................................................5

        A.      The Actions Should Be Consolidated For All Purposes ...........................5

        B.      The Police and Fire Fund Should Be Appointed as Lead Plaintiff .........5

                1.      The Police and Fire Fund's Motion Is Timely ...........................5

                2.      The Police and Fire Fund Believes that It Possesses the Largest
                        Financial Stake in the Relief Sought by the Class ......................6

                3.      Congress Expressly Envisioned that Institutional Investors Like the
                        Police and Fire Fund Would Be Appointed as Lead Plaintiffs in
                        Securities Fraud Class Actions .................................................7

                4.      The Police and Fire Fund Is Otherwise Qualified Under Rule 23 ..............7

        C.      The Court Should Approve the Police and Fire Fund's Choice of Counsel ...........9

IV.     CONCLUSION ..........................................................................................11

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
& APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4    *Armbruster v. Cellcyte Genetics Corp.*,
      No. C 08-0047-RSL, 2008 WL 1929903 (W.D. Wash. Apr. 28, 2008) ...................................5
5

6    *Dukes v. Wal-Mart, Inc.*,
      509 F.3d 1168 (9th Cir. 2007) ...............................................................................................8

7    *Hanlon v. Chrysler Corp.*,
      150 F.3d 1011 (9th Cir. 1997) ...............................................................................................8
8

9    *Hanon v. Dataproducts Corp.*,
      976 F. 2d 497 (9th Cir. 1992) ................................................................................................8

10
11   *In re Cavanaugh*,
      306 F.3d 726 (9th Cir. 2002) ..............................................................................................2, 9

12   *In re HiEnergy Technologies, Inc. Securities Litigation*,
      No. C 04-1226, 2006 WL 2780058 (C.D. Cal. Sept. 26, 2006)...............................................5
13

14   *In re Olsten Corp. Sec. Litig.*,
      3 F. Supp. 2d 286 (E.D.N.Y. 1988) .......................................................................................6
15

16   *Perlmutter v. Intuitive Surgical, Inc.*,
      No. C 10-3451, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ..................................................7

17   *Schonfield v. Dendreon Corp.*,
      No. C 07-800, 2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) ......................................6, 7, 8, 9
18

19   *Wenderhold v. Cylink Corp.*,
      188 F.R.D. 577 (N.D. Cal. 1999)...........................................................................................5

20

21

22

23

24

25

26

27   MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
      & APPROVAL OF LEAD & LIAISON COUNSEL
28   Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

                                            ii

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  § 78u-4 .........................................................................................................................1
  § 78u-4(a)(2)(A).......................................................................................................7, 11
  § 78u-4(a)(3)(A)(i)......................................................................................................2, 5
  § 78u-4(a)(3)(A)(i)(II)....................................................................................................6
  § 78u-4(a)(3)(B)..............................................................................................................9
  § 78u-4(a)(3)(B)(i).......................................................................................................5, 6
  § 78u-4(a)(3)(B)(ii).....................................................................................................1, 5
  § 78u-4(a)(3)(B)(iii).......................................................................................................1
  § 78u-4(a)(3)(B)(iii)(I)(bb)..........................................................................................2, 6
  § 78u-4(a)(3)(B)(iii)(II)(aa).............................................................................................9
  § 78u-4(a)(3)(B)(v).................................................................................................2, 9, 11

Federal Rules of Civil Procedure
  Rule 23 ................................................................................................ *passim*
  Rule 23(a)....................................................................................................................7, 8
  Rule 23(a)(3).....................................................................................................................8
  Rule 23(a)(4).....................................................................................................................8
  Rule 42(a)......................................................................................................................1, 5

**OTHER AUTHORITIES**

Conference Report on the Private Securities Litigation Reform Act of 1995,
  H.R. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 697 ...................................6, 7

Newberg *et al.*, NEWBERG ON CLASS ACTIONS,
  § 3:13 (4th ed. 2002).......................................................................................................8

MANUAL FOR COMPLEX LITIGATION § 11.631 (2004) ...................................................................5

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
& APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Institutional Investor and putative class member City of Omaha Police and Fire Retirement System (the "Police and Fire Fund") hereby moves the Court for an order (a) consolidating the above-captioned putative class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (b) appointing the Police and Fire Fund as lead plaintiff for the consolidated action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq*; and (c) approving the Police and Fire Fund's selection of Scott+Scott LLP ("Scott+Scott") as lead counsel and Zwerling, Schachter & Zwerling, LLP ("Zwerling Schachter") as liaison counsel for the putative class.

This motion is made on the grounds that (a) consolidation of the above-captioned actions is appropriate under Federal Rule of Civil Procedure 42(a); (b) the Police and Fire Fund timely filed this motion; (c) the Police and Fire Fund is the most adequate lead plaintiff, having the most substantial financial interest in the relief sought by the class and also meeting the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate related actions. 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 42(a) of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the above-captioned actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). The Police and Fire Fund should then be appointed as lead plaintiff for the consolidated action because: (a) the Police and Fire Fund's motion for appointment as lead plaintiff is timely filed; (b) to the best of the Fund's knowledge, it has the largest financial interest in this litigation; and (c) the Police and Fire Fund will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

1

1   Police and Fire Fund's selection of Scott+Scott to serve as lead counsel and Zwerling Schachter to

2   serve as liaison counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

3       The present matters are putative class actions that allege violations of the federal securities

4   laws.  The PSLRA establishes a three-step procedure for the selection of lead plaintiffs to oversee

5   such actions. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  First, §27(a)(3)(A)(i) of

6   the Securities Exchange Act of 1934 (the "Exchange Act") provides that within 20 days after the

7   date on which a securities fraud class action is filed, the initial plaintiff is required to publish a notice

8   advising potential plaintiff class members of the pendency of the action, the claims, the purported

9   class period, and that any member of the class may file a motion with the Court to serve as lead

10  plaintiff no later than 60 days from the publication of that original notice.  15 U.S.C. §78u-

11  4(a)(3)(A)(i).  Early notice was first published here on August 5, 2011.  *See*  Declaration of Dan

12  Drachler in Support of Motion of the City of Omaha Police and Fire Retirement System for

13  Consolidation, Appointment as Lead Plaintiff and for Approval of its Selection of Lead and Liaison

14  Counsel ("Drachler Decl."), Ex. A.

15      Second, §21D(a)(3)(B)(i) of the Exchange Act directs this Court to consider any motions

16  brought by class members seeking to be appointed as lead plaintiffs no later than 90 days after

17  publication of the notice.  Under this provision of the Exchange Act, the Court shall appoint the

18  "most adequate plaintiff" to serve as lead plaintiff for the class.  The Exchange Act provides that the

19  Court shall presume the lead plaintiff to be the person (or group of persons) who:  (1) has either filed

20  a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest

21  in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Federal Rule of

22  Civil Procedure 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

23      Finally, after the presumptive lead plaintiff has been identified, other class members have "an

24  opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and

25  adequacy requirements."  *Cavanaugh*, 306 F. 3d at 730.

26

27  MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.          Zwerling, Schachter & Zwerling, LLP
     & APPROVAL OF LEAD & LIAISON COUNSEL                 1904 Third Avenue, Suite 1030
28  Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP                Seattle, WA 98101-1170
                                                                      Tel.: (206) 223-2053
                                              2                    Fax:  (206) 343-9636

For the reasons set forth below, the Police and Fire Fund is "the most adequate plaintiff" under the PSLRA to serve as lead plaintiff. The Police and Fire Fund believes that it has the largest financial interest in the relief sought by this action by virtue of its losses flowing from purchases of Dendreon securities during the time period between April 29, 2010 and August 3, 2011, inclusive (the "Class Period").[1] The Police and Fire Fund suffered market losses of $786,571 on its Class Period purchases of Dendreon securities as a result of Defendants' false and misleading statements. *See* Drachler Decl., Ex. B. The Police and Fire Fund further satisfies the relevant requirements of Rule 23 as an adequate class representative with claims typical of the other purchasers of Dendreon securities. Moreover, the Police and Fire Fund is an institutional investor, consistent with the legislative intent of the PSLRA.

The Police and Fire Fund's selection of Scott+Scott as lead counsel and Zwerling Schachter as liaison counsel should be approved because, as the presumptive lead plaintiff, the Fund selects lead counsel. Scott+Scott and Zwerling Schachter have extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

## II. FACTUAL BACKGROUND

Presently pending before this Court are the three above-captioned actions (the "Actions") brought on behalf of classes of purchasers of Dendreon securities. The Actions each allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 by Dendreon and certain of the Company's officers and/or directors. *See Frias*, ECF No. 1, ¶¶1, 48-62 ("*Frias*

---

[1]  *Frias v. Dendreon Corp.*, *et al.*, No. 2:11-cv-01291-JLR ("*Frias*") and *Ems v. Dendreon Corp.*, *et al.* No. 2:11-cv-01294-JLR ("*Ems*") allege that Dendreon issued false and misleading statements to its shareholders between January 7, 2011 and August 3, 2011, inclusive. The later-filed *Wendt v. Dendreon Corp.*, *et al.* No. 2:11-cv-01568-MJP ("*Wendt*") alleges a class period extending from April 29, 2010 to August 3, 2011, inclusive. While, for the purpose of this motion, the longer *Wendt* class period is referenced, the Police and Fire Fund's losses are the same should the shorter *Frias* and *Ems* class period be used in the Court's analysis of the respective movants' losses. *See* Drachler Decl., Ex. B.

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

3

Compl."): *Ems*, ECF No. 1, ¶¶1, 48-62 ("*Ems* Compl."); and *Wendt*, ECF No. 1, ¶¶8, 52-58 ("*Wendt* Compl."). Each action names as defendants Dendreon, Company CEO and director Mitchell H. Gold, CFO Gregory T. Schiffman and COO Hans E. Bishop ("Defendants.") *See Frias* Compl., ¶¶6-9; *Ems* Compl., ¶¶6-9; and *Wendt* Compl., ¶¶13-16.

Headquartered in Seattle, Washington, Dendreon is a biotechnology company engaged in the discovery, development, and commercialization of cancer therapeutics *Frias* Compl., ¶6. The Company's chief product, Provenge, was approved in April 2010. *Id.*, ¶21. Provenge is stated by Dendreon to use a patient's own cells to stimulate the body's immune system to fight prostate cancer. *Id.* The treatment costs $93,000 for a standard course. *Id.*, ¶29.

According to the *Frias* Complaint, Dendreon and certain of its officers made a series of materially false and misleading statements to investors concerning Provenge during the Class Period. *Id.*, ¶¶19-29. Specifically, Dendreon falsely assured investors that Provenge was widely accepted by the medical community and was poised for significant growth. *Id.* The complaint alleges that these statements were known to Defendants to be false and misleading because physicians were not adopting Provenge over concerns of insurance reimbursement and over concerns that the drug was extremely expensive, relative to its modest results.[2] *Id.*

On August 3, 2011, after the close of trading, Dendreon revealed financial and operational results well below analysts' expectations and significantly lowered 2011 guidance, a move largely attributable to weak Provenge sales. *Id.*, ¶¶30-33. On this news, shares of the Company plummeted over 60%, or over $22.00 per share, reaching a multi-year low of $13.39 per share when trading opened on August 4, 2011. *Id.*, at ¶30.

---

[2] The allegations in the *Wendt* Compl. are substantially identical. However, the *Wendt* Compl. alleges that the Defendants made false and misleading statements concerning Provenge beginning on April 29, 2010at a conference call with analysts and investors in conjunction with the FDA's approval of the use of Provenge for the treatment of prostate cancer. *Wendt* Compl., ¶¶20-33. A consolidated complaint will be filed by the Court-appointed lead plaintiff with an appropriate class period that best ensures the highest recovery for the greatest number of defrauded investors.

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

4

1

### III.   ARGUMENT

2

**A.      The Actions Should Be Consolidated for All Purposes**

3      The PSLRA provides that "[i]f more than one action on behalf of a class asserting

4 substantially the same claim or claims arising under this [chapter] has been filed," the court shall not

5 appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C.

6 §78u-4(a)(3)(B)(ii).  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is

7 appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a);

8 *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 583 (N.D. Cal. 1999). Consolidation is particularly

9 appropriate in the context of securities class actions if the complaints are based on the same

10 evidence.  MANUAL FOR COMPLEX LITIGATION §11.631 (2004).

11      Here, consolidation is appropriate because the *Frias*, *Ems* and *Wendt* complaints all relate to

12 Dendreon securities and allege the same fraud with respect to the same, or substantially the same,

13 conduct.  *See Armbruster v. Cellcyte Genetics Corp.*, No. C 08-0047-RSL, 2008 WL 1929903, at *1

14 (W.D. Wash. Apr. 28, 2008).  For instance, all of the documents to be reviewed and testimony to be

15 taken that relate to this fraudulent scheme by Defendants will be substantially identical as to all

16 actions. Clearly, consolidation is appropriate and in the interest of judicial efficiency and economy.

17

**B.      The Police and Fire Fund Should Be Appointed as Lead Plaintiff**

18

**1.   The Police and Fire Fund's Motion Is Timely**

19      The plaintiff who files an action must publish a notice to the class within 20 days of filing the

20 action, informing class members of their right to file a motion for appointment as lead plaintiff.  15

21 U.S.C. §78u-4(a)(3)(A)(i).  On August 5, 2011, a notice of pendency of the action was published via

22 *Businesswire*.  Drachler Decl., Ex. A.  Because notice was published on *Businesswire* one day after

23 the *Frias* Action was filed, notice was timely.  *See, e.g.*, *In re HiEnergy Technologies, Inc. Securities*

24 *Litigation*, No. C 04-1226, 2006 WL 2780058, at *6 (C.D. Cal. Sept. 26, 2006).  Class members who

25 file a complaint or move pursuant to §21D(a)(3)(B) of the Exchange Act within 60 days are eligible

26 to be appointed as lead plaintiffs, so long as their motion is timely.  15 U.S.C. §78u-4(a)(3)(B)(i).

27

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

28

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax:  (206) 343-9636

5

1    Here, the Police and Fire Fund's motion is filed within 60 days from the publication of notice and, as

2    such, is timely.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

3              **2.  The Police and Fire Fund Believes that It Possesses the Largest
                   Financial Stake in the Relief Sought by the Class**

4    The PSLRA provides that courts:

5

6         shall appoint as lead plaintiff the member or members of the purported plaintiff class
          that the court determines to be most capable of adequately representing the interests
7         of class members (hereafter in this paragraph referred to as the "most adequate
          plaintiff") in accordance with this subparagraph.
8

9    15 U.S.C. §78u-4(a)(3)(B)(i).  The Exchange Act requires this Court to adopt a rebuttable

10   presumption that the most adequate plaintiff in any private action arising under this title is the person

11   or group of persons that "has the largest financial interest in the relief sought by the class."  15

12   U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  Congress reasoned that increasing the role of larger investors,

13   such as the Police and Fire Fund, which typically have a larger financial stake in the outcome of the

14   litigation, would be beneficial because investors with a large financial stake are more apt to

15   effectively manage complex securities litigation.  *See* Conference Report on the Private Securities

16   Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995

17   U.S.C.C.A.N. 697, 733. ("[C]lass members with large amounts at stake will represent the interests of

18   the plaintiff class more effectively than class members with small amounts at stake.").

19            While the PSLRA does not provide a method for determining the relative financial interests

20   of lead plaintiff movants, the factors that courts have generally considered in determining the movant

21   with the "largest financial interest" are: (1) the number of shares purchased; (2) the number of net

22   shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4)

23   the approximate losses suffered by the plaintiffs.  *See Schonfield v. Dendreon Corp.*, No. C 07-800,

24   2007 WL 2916533, at *3 (W.D. Wash. Oct. 4, 2007) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.

25   2d 286, 295 (E.D.N.Y. 1988)).  The Police and Fire Fund purchased 27,162 shares of Dendreon

26   common stock during the Class Period, expending over $1.1 million acquiring the shares.  *See*

27   MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.              Zwerling, Schachter & Zwerling, LLP
      & APPROVAL OF LEAD & LIAISON COUNSEL                    1904 Third Avenue, Suite 1030
28   Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP               Seattle, WA 98101-1170
                                                                    Tel.:  (206) 223-2053
                                              6                     Fax:  (206) 343-9636

Drachler Decl., Ex. B.  The Police and Fire Fund incurred losses of $786,571 on its transactions in Dendreon stock acquired during the Class Period.[3]  *Id.*

### 3. Congress Expressly Envisioned that Institutional Investors Like the Police and Fire Fund Would Be Appointed as Lead Plaintiffs in Securities Fraud Class Actions

Congress reasoned that increasing the role of larger investors like the Police and Fire Fund, which typically have a larger financial stake in the outcome of the litigation, would be beneficial because investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995) ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *Perlmutter v. Intuitive Surgical, Inc.*, No. C 10-3451, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011).

Here, the Police and Fire Fund is precisely the type of lead plaintiff envisioned by Congress and, therefore, should be appointed.

### 4. The Police and Fire Fund Is Otherwise Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, at the outset of  the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.*  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the plaintiff's claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class.  *See Schonfield*, 2007 WL

---

[3]     The total potential recoverable losses suffered by lead plaintiff movants are not the same as their legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation.  The approximate losses, however, can be determined from the Certification requirement under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and are based upon reference to information concerning the current market for the Company's shares.

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

7

1  2916533, at *4.  As detailed below, the Police and Fire Fund satisfies the typicality and adequacy

2  requirements of Rule 23(a) and is qualified to be appointed as lead plaintiff here.

3       The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff has

4  (1) suffered the same injuries as the absent class members, (2) as a result of the same course of

5  conduct by defendants, and (3) their claims are based on the same legal issues.  *Hanon v.*

6  *Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992); *Schonfield*, 2007 WL 2916533, at *4.  The

7  Ninth Circuit has held that Rule 23(a)(3) should be interpreted somewhat permissively and that

8  "'representative claims are 'typical' if they are reasonably coextensive with those of absent class

9  members; they need not be substantially identical.'"  *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184

10  (9th Cir. 2007) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1997)).

11       Here, the questions of law and fact common to the members of the class that predominate

12  over questions that may affect individual class members include the following:

13          (i)     whether the Exchange Act was violated by Defendants; and

14          (ii)    whether the members of the class have sustained damages and, if so, what is

15              the proper measure of damages.

16       As a result, there is a well-defined community of interest in the questions of law and fact

17  involved in this case.  The claims asserted by the Police and Fire Fund, which acquired Dendreon

18  securities during the Class Period, are typical of the claims of the members of the proposed class.

19  Because the claims asserted by the Police and Fire Fund are based on the same legal theories and

20  arise "'from the same event or practice or course of conduct that gives rise to the claims of other

21  class members,'" typicality is satisfied.  *See* Newberg, *et al.*, Newberg on Class Actions, §3:13

22  (4th ed. 2002).  The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is

23  established that a representative party, "will fairly and adequately protect the interests of the class."

24  Fed. R. Civ. P. 23(a)(4); *Hanlon*, 150 F.3d at 1020.  In order to satisfy this requirement, a

25  prospective lead plaintiff must show that he, she, or it does not have any conflicts of interest with

26

27  MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
   & APPROVAL OF LEAD & LIAISON COUNSEL
28  Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

1    other class members and that the proposed lead plaintiff's counsel are "qualified, experienced and

2    generally able to conduct the litigation."  *Schonfield*, 2007 WL 2916533, at *4.

3              Here, the Police and Fire Fund will more than adequately represent and protect the interests

4    of the class.  First, its interests are clearly aligned with the members of the proposed class and there

5    is no evidence of any antagonism between its interests and the interests of the proposed class

6    members.  Second, as detailed above, the Police and Fire Fund shares substantially similar questions

7    of law and fact with the members of the proposed class and its claims are typical of the members of

8    the class.  Third, the Police and Fire Fund has amply demonstrated that it will adequately serve as

9    class representative, both by signing a Certification affirming the Fund's willingness to serve as, and

10   assume the responsibilities of, class representative.  *See* Drachler Decl., Ex. C.  Finally, the Police

11   and Fire Fund has taken significant steps that will promote the protection of interests of the class:

12   specifically, it carefully evaluated the litigation and selected proposed lead and liaison counsel who

13   are qualified, experienced and able to conduct this complex litigation in a professional manner.

14   Clearly, the Police and Fire Fund satisfies the requirements of Rule 23 and all of the PSLRA's

15   prerequisites for appointment as lead plaintiff in this action.

16             In sum, the Police and Fire Fund, having the largest financial interest and satisfying the

17   requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff,

18   should be appointed Lead Plaintiff in the Action pursuant to 15 U.S.C. §78u-4(a)(3)(B).

19   **C.        The Court Should Approve the Police and Fire Fund's Choice of Counsel**

20             The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

21   this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such,

22   this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the

23   interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Police and Fire Fund has

24   selected the law firm of Scott+Scott and Zwerling Schachter to represent the class.  Scott+Scott is a

25   firm with substantial experience in the prosecution of shareholder and securities class actions and

26   possesses the resources necessary to efficiently conduct this litigation.  *See*  Drachler Decl., Ex. D.

27   MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.                    Zwerling, Schachter & Zwerling, LLP
      & APPROVAL OF LEAD & LIAISON COUNSEL                             1904 Third Avenue, Suite 1030
28   Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP                     Seattle, WA 98101-1170
                                                                              Tel.:  (206) 223-2053
                                         9                                 Fax:  (206) 343-9636

Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions, recovering hundreds millions of dollars for lead plaintiffs and others harmed by corporate fraud and mismanagement.[4]  For instance, commenting on the speed, legal acumen and tenacity Scott+Scott partners employed in obtaining a temporary restraining order enjoining the "off shore transfer of . . . approximate[ly] $1 billion in assets" held by Madoff "feeder funds," one court recently found that:

> It is this Court's position that Scott+Scott did a superlative job in its representation . . . . For the record, it should be noted that Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case.  The extremely professional and thorough means by which [Scott+Scott] has litigated this matter has not been overlooked by this Court.  They have possessed a knowledge of the issues presented and this knowledge has always been used to the benefit of all investors.

*New York University v. Ariel Fund Limited*, No. 603803/08, Opinion at 9-10 (New York State Supreme Court, New York County, Feb. 22, 2010), Drachler Decl., Ex. F.  Zwerling Schachter likewise possesses a high degree of skill and professionalism, and Dan Drachler, a longtime member

---

[4]      Some recoveries of note for Scott+Scott include: settlement of $80 million for a class of purchasers of Credit Suisse stock in *Cornwell v. Credit Suisse Group, et al.*, No. 08-cv-3758 (S.D.N.Y.); settlement of $80 million for a class of purchasers of Priceline stock in *In re Priceline.com Sec. Litig.*, No. 00-01844 (D. Conn.), a $122 million settlement for purchasers of Mattel stock in *Thurber v. Mattel, Inc.*, No. 99-10368 (C.D. Cal.).  Additional recent securities settlements obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Emulex Corp. Sec. Litig.*, No. 01-00219 (C.D. Cal.) (settlement of $39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Cir. Ct. Jackson County, Mo.) (settlement of $50 million); *In re Northwestern Corp. Sec. Litig.*, No. 03-04049 (D.S.D.) (settlement of $61 million); *Irvine v. Imclone Systems, Inc.*, No. 02-00109 (S.D.N.Y.) (settlement of $75 million); *Schnall v. Annuity and Life Re (Holdings) Ltd.*, No. 02-02133 (D. Conn.) (settlement of $27 million); *In re Qwest Communications International, Inc.*, No. 02-08188 (Colorado District Court, City and County of Denver) (shareholder derivative settlement including significant corporate governance reforms and $25 million for the company); and *In re Lattice Semiconductor Corp. Deriv. Litig.*, No. 043327 (Cir. Ct. Oregon) (significant monetary recovery and business reforms, including termination of the then-CEO, termination and adoption of significant changes to the company's auditing, insider trading, executive compensation and other internal practices).

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
 & APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

10

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax:  (206) 343-9636

1  of the Washington Bar, concentrates in the areas of securities, antitrust and consumer class action

2  litigations.  See Drachler Decl., Ex. E.

3        Accordingly, the Court should approve Movant's selection of Scott+Scott as Lead Counsel

4  and Zwerling Schachter as Liaison Counsel.

5                        **IV.   CONCLUSION**

6        For all the foregoing reasons, the Police and Fire Fund respectfully requests that the Court

7  appoint the Fund as lead plaintiff in the Action pursuant to §21D of the Exchange Act, as amended

8  by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, and approve the Police

9  and Fire Fund's selection of the law firm of Scott+Scott LLP to serve as lead counsel for the class

10  pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v) and Zwerling Schachter to serve as liaison counsel for

11  class.

12  DATED: October 3, 2011                    Respectfully submitted,
13                                            ZWERLING, SCHACHTER & ZWERLING, LLP

14                                            /s/ Dan Drachler
15                                            DAN DRACHLER (WSBA #27728)
                                              1904 Third Avenue, Suite 1030
16                                            Seattle, Washington 98101-1170
                                              Telephone: (206) 223-2053
17                                            Email: ddrachler@zsz.com

18                                                        -and-

19                                            STEPHEN L. BRODSKY (not admitted in WA)
                                              41 Madison Avenue
20                                            New York, NY  10010
                                              Telephone: (212) 223-3900
21                                            Email: sbrodsky@zsz.com

22                                            MARY K. BLASY
                                              HAL D. CUNNINGHAM
23                                            SCOTT+SCOTT LLP
                                              707 Broadway, Tenth Floor
24                                            San Diego, CA 92101
                                              Telephone:  (619) 233-4565
25                                            Fax:  (213) 985-1278
                                              mblasy@scott-scott.com
26                                            hcunningham@scott-scott.com

27  MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.              Zwerling, Schachter & Zwerling, LLP
       & APPROVAL OF LEAD & LIAISON COUNSEL                   1904 Third Avenue, Suite 1030
28  Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP              Seattle, WA 98101-1170
                                              11                    Tel.: (206) 223-2053
                                                                   Fax:  (206) 343-9636

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– and –

DAVID R. SCOTT
SCOTT+SCOTT LLP
P.O. Box 192
156 South Main Street
Colchester, CT  06415
Telephone:  860-537-3818
Facsimile:  860-537-4432
drscott@scott-scott.com

*Counsel for Proposed Lead Plaintiff City of Omaha
Police and Fire Retirement System*

MOT. FOR CONSOLIDATION, APP'T AS LEAD PL.
& APPROVAL OF LEAD & LIAISON COUNSEL
Case Nos. 11-cv-1291 & 1294 JLR, 11-cv-1568 MJP

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

12