HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIT FRIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>    Defendants. | No. 2:11-cv-01291-JLR<br><br>MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF AND TO APPROVE SELECTION OF LEAD COUNSEL<br><br>NOTED FOR: October 21, 2011<br><br>ORAL ARGUMENT REQUESTED |
| DAVID EMS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>    Third-Party Defendant. | No. 2:11-cv-01294-JLR |

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP
010265-11  477402 V1



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | |
|---|---|
| MICHAEL F. WENDT, Individually and on Behalf of All Others Similarly Situated,<br><br>       Third-Party Plaintiff,<br><br>   v.<br><br>DENDREON CORPORATION, MITCHELL H. GOLD, GREGORY T. SCHIFFMAN, and HANS E. BISHOP,<br><br>       Third-Party Defendant. | No. 2:11-cv-01568 MJP |

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ........................................................................................................1

II. STATEMENT OF THE FACTS ................................................................................2

III. ARGUMENT...............................................................................................................3

    A.  The three related cases should be consolidated. .....................................................3

    B.  The Dendreon Investor Group satisfies the requirements of the PSLRA and should be appointed to serve as the Lead Plaintiff. ................................................5

        1.  Dendreon Investor Group has complied with the procedural requirements of the PSLRA and filed a timely motion to be appointed as Lead Plaintiff. ......................................................................................6

        2.  Dendreon Investor Group is an appropriate Lead Plaintiff group. ..............6

        3.  Dendreon Investor Group has the requisite financial interest in the relief sought by the Class. .......................................................................7

        4.  Dendreon Investor Group satisfies Rule 23. ...............................................7

    C.  Dendreon Investor Group's choice of co-lead counsel should be approved. ..........9

IV. CONCLUSION.........................................................................................................10

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - i
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Proposed Lead Plaintiffs Charles and Cynthia Estelle, Peter and Susan Frankel, David Ems, Scott Kramer and Stephen Berteotti (the "Dendreon Investor Group") will, and hereby do, move this Court for an order: (1) consolidating these related actions; (2) appointing them as Lead Plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA");[1] and (3) approving their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Kahn Swick & Foti LLC ("KSF") as Co-Lead Counsel pursuant to the PSLRA.

## I.  INTRODUCTION

This action was brought on behalf of all persons who purchased or otherwise acquired the securities of Dendreon Corporation ("Dendreon" or the "Company") between January 7, 2011, and August 3, 2011 (the "Class Period").[2]  The complaints allege violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  On August 5, 2011, notice of the litigation was published informing investors of the January 7, 2011 to August 3, 2011 Class Period.  The Dendreon Investor Group has submitted losses for the Class Period articulated in *Frias* and *Ems* and alternatively for the longer class articulated in *Wendt*.

Dendreon Investor Group should be appointed as Lead Plaintiff in this action because it: (1) timely filed for appointment as Lead Plaintiff; (2) has the largest financial interest in this litigation of any proposed Lead Plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class.[3]  In addition, Dendreon Investor Group's selection of Hagens Berman and KSF to serve as Co-Lead Counsel should be approved.[4]  Hagens Berman and KSF

---

[1] 15 U.S.C. § 78u-4.

[2] The first two filed complaints *Frias v. Dendreon Corp., et al.*, No. 11-1291 (filed August 4, 2011) ("*Frias*") and *Ems v. Dendreon Corp., et al.*, No. 11-1292 (filed August 5, 2011) ("*Ems*") defined the Class Period as January 7, 2011, through August 3, 2011.  A third complaint, *Wendt v. Dendreon Corp., et al.*, No. 11-1568 (filed September 20, 2011) ("*Wendt*") articulates a longer Class Period of April 29, 2010, through August 3, 2011.  These cases shall hereafter be collectively referred to as the "Related Actions."

[3] *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

[4] *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 1
010265-11  477402 V1




1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

both possess experience in the prosecution of securities class actions and will adequately represent the interests of all class members as Co-Lead Counsel.

## II.   STATEMENT OF THE FACTS[5]

Dendreon is a biotechnology company that engages in the discovery, development and commercialization of therapeutics to enhance the treatment of cancer.  The Company offers active cellular immunotherapy and small molecule product candidates to treat various cancers.  The Company's principal product is PROVENGE (sipuleucel-T), an active cellular immunotherapy for the treatment of metastatic, castrate-resistant prostate cancer.  Treatment with PROVENGE costs $93,000.

The Class Period begins with the Company's press release dated January 7, 2011.  In that release and a Form 8-K filed the same day, the Company stated that it had successfully introduced its chief product, PROVENGE, and was poised for significant growth.  During a conference call held the same day, Defendant Mitchell H. Gold touted the successful launch of PROVENGE and the Company's plan to ramp up volume on its awareness program.  Gold made clear that the Company was proud of the quality of interactions with prescribing physicians.

The Company issued a press release on March 10, 2011, touting its successful implementation of the PROVENGE product launch and the United States Food and Drug Administration's approval of additional New Jersey manufacturing facilities.  In that same release, Defendant Gold made clear that the medical community was adopting the PROVENGE treatment according to plan and that the Company had significant product capacity to supply that community.

On May 2, 2011, the Company again published a press release announcing results for the first quarter of 2011.  The release again assured investors that the roll-out of PROVENGE was proceeding according to plan and that the Company was capitalizing on increasing capacity and

---

[5] The complaint referenced herein is the first-filed lawsuit against Defendants, *Frias v. Dendreon Corp., et al.* (filed August 4, 2011).

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 2
010265-11  477402 V1

HB  HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1  sales momentum.  Defendants also filed a Form 10-Q that same day incorporating many of the
2  same assurances that Company operations were proceeding according to plan.  The Company
3  again assured investors in a press release dated June 30, 2011, that the roll-out of PROVENGE
4  was proceeding according to plan and announcing that the Centers for Medicare and Medicaid
5  Services issued a final National Coverage Decision requiring Medicare contractors to cover
6  PROVENGE.

7  The complaint alleges that on August 3, 2011, after the close of trading, Dendreon
8  revealed financial and operational results well below analysts' expectations – and significantly
9  lowered 2011 guidance.  Following this release, shares of the Company fell over 60%, or over
10 $22.00 per share, to reach a multi-year low of $13.39 per share when trading opened on
11 August 4, 2011.  Shares closed down to $11.69, for a combined decline of over 67% from the
12 prior day's close.  According to the WALL STREET JOURNAL, "Chief Executive Mitchell Gold
13 said Wednesday that the launch of the drug will have a 'more gradual trajectory' than previously
14 expected because of 'reimbursement knowledge' related to the drug.  That means that the
15 process of getting reimbursed is difficult enough for doctors that it is discouraging use of the
16 treatment."  This revelation stands in direct contrast to several quarters of statements touting the
17 adoption of PROVENGE by providers.

### III. ARGUMENT

**A.  The three related cases should be consolidated.**

"[I]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff.[6]  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact.[7]  "[S]o

---

[6] *See*, *e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414, 2010 U.S. Dist. LEXIS 93614, at *8-9 (W.D. Wash. Aug. 2, 2010) (consolidating related actions prior to appointing lead plaintiff).

[7] *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 3
010265-11  477402 V1

HB HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate."[8]  Securities class actions are particularly well suited to consolidation because their unified treatment expedites pretrial proceedings, reduces case duplication and minimizes expenditure of time and money by the parties and the Court.[9]

To date, three related securities class action cases against Dendreon have been filed before this Court.  The pending actions are:

| Case | Number | Date Filed |
|---|---|---|
| *Frias v. Dendreon Corp., et al.* | 11-cv-1291 | 08/04/2011 |
| *Ems v. Dendreon Corp., et al.* | 11-cv-1294 | 08/05/2011 |
| *Wendt v. Dendreon Corp., et al.* | 11-cv-1568 | 09/20/2011 |

Each of the Related Actions is on behalf of purchasers of Dendreon securities who purchased in reliance on the Defendants' materially false and misleading statements and/or omissions during the Class Period.  The three related cases name identical defendants and assert essentially similar and overlapping claims for alleged violations of the federal securities laws and are based on a common set of facts.  Although a slightly different class period is alleged in the third filed complaint,[10] such minimal differences are insufficient to defeat the efficiencies of consolidation.[11]  Accordingly, the Related Actions are appropriate for and should be consolidated.

---

[8] *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

[9] *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (S.D.N.Y 1998).

[10] The complaint in *Wendt* alleges a class period of April 29, 2010, through August 3, 2011, inclusive, while the complaints in and *Ems* allege a class period of January 7, 2011, through August 3, 2011, inclusive.

[11] *See*, *e.g.*, *Davidson v. E*Trade Fin. Corp.*, No. 07Civ10400, 2008 U.S. Dist. LEXIS 61265, at *7-8 (S.D.N.Y. July 16, 2008) (consolidating securities class actions alleging different class periods).

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 4
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

**B.     The Dendreon Investor Group satisfies the requirements of the PSLRA and should be appointed to serve as the Lead Plaintiff.**

The PSLRA establishes the procedure for appointing a Lead Plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.[12]

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as Lead Plaintiff.[13]  Here, the relevant notice was published on BUSINESS WIRE[14] on August 5, 2011.[15]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action.[16]

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.[17]  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or ***group of persons*** that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;

---

[12] 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

[13] 15 U.S.C. § 78u-4(a)(3)(A)(i).

[14] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

Here as elsewhere, all emphasis is added and internal citations are omitted, unless otherwise noted.

[15] *See* Declaration of Steve W. Berman in Support of Motion to Consolidate Related Cases, to Appoint Dendreon Investor Group as Lead Plaintiff and to Approve Selection of Lead Counsel ("Berman Decl."), Ex. A.

[16] 15 U.S.C. § 78u-4(a)(3)(A)(II).

[17] 15 U.S.C. § 78u-4(a)(3)(B).

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 5
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[18]

### 1. Dendreon Investor Group has complied with the procedural requirements of the PSLRA and filed a timely motion to be appointed as Lead Plaintiff.

All class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by October 3, 2011.[19] Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on August 5, 2011), Dendreon Investor Group hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the class.

### 2. Dendreon Investor Group is an appropriate Lead Plaintiff group.

The PSLRA contemplates that small cohesive groups may serve as Lead Plaintiff.[20] The members of the Dendreon Investor Group have duly signed and filed certifications stating that they have reviewed the allegations of the complaint and are willing to serve as a representative party on behalf of the class.[21] Dendreon Investor Group is a small, cohesive group of five members which includes two couples related by marriage. The members of the Dendreon Investor Group are prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation with the benefit of counsel's advice. They have an agreed upon decision making structure and have appointed a spokesperson for the group. The members of this group are not lawyer-driven and understand that they can select counsel of their choosing. They are sophisticated investors who understand their obligations as lead plaintiff and who intend to actively supervise their lawyers and direct the course of the litigation.

---

[18] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

[19] 15 U.S.C. § 78u-4(a)(3)(A)(II).

[20] *See Sabbagh*, 2010 U.S. Dist. LEXIS 93614, at *13-20 (the trend in securities litigation "seems to be away from a blanket prohibition against 'lead plaintiff groups' with no pre-existing relationship").

[21] *See* Berman Decl., Ex. B.

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 6
010265-11  477402 V1

HB  HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

### 3. Dendreon Investor Group has the requisite financial interest in the relief sought by the Class.

During the Class Period announced in the relevant notice, the Dendreon Investor Group suffered losses of approximately $2,763,952.57. Alternatively, if the Court relies upon the longer class period, the Dendreon Investor Group suffered losses of approximately $2,582,766.13.[22] Accordingly, upon information and belief, Dendreon Investor Group possesses the largest financial interest in the outcome of this litigation and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 4. Dendreon Investor Group satisfies Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the Lead Plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.[23]

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.[24]

---

[22] *See* Berman Decl., Exs. B and C.

[23] *See In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

[24] *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001).

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 7
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1   Typicality does not require that there be no factual differences between the class representatives

2   and the class members because it is the generalized nature of the claims asserted which

3   determines whether the class representatives are typical.[25] The Court should consider whether

4   movant's circumstances "are markedly different or … the legal theory upon which the claims [of

5   that movant] are based differs from that upon which the claims of other class members will

6   perforce be based." [26] The requirement that the proposed class representatives' claims be typical

7   of the claims of the class does not mean, however, that the claims must be identical.

8        Dendreon Investor Group satisfies the typicality requirement of Rule 23 because, just like

9   all other class members, they: (1) purchased Dendreon securities during the Class Period at

10  artificially inflated prices; and (2) suffered damages thereby. Thus, Dendreon Investor Group's

11  claims are typical of those of other class members since their claims and the claims of other class

12  members arise out of the same course of events.

13       Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the

14  interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy

15  to represent the class to the following: (1) the absence of potential conflict between the proposed

16  lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is

17  qualified, experienced and able to vigorously conduct the proposed litigation.[27]

18       Here, Dendreon Investor Group is an adequate representative of the class because its

19  interests in aggressively pursuing the claims against Defendants are clearly aligned with the

20  interests of the members of the class, who similarly suffered losses because of Defendants' false

21  statements to the market. There is no antagonism between Dendreon Investor Group's interests

22  and those of the other members of the class. In addition, as demonstrated below, Dendreon

---

[25] *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").

[26] *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988).

[27] *See Cree*, 219 F.R.D. at 372.

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 8
010265-11 477402 V1



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Investor Group's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Dendreon Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**C.       Dendreon Investor Group's choice of co-lead counsel should be approved.**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, Dendreon Investor Group, as the presumptively most adequate plaintiff, has selected Hagens Berman and KSF as Co-Lead Counsel, subject to this Court's approval.  Hagens Berman is very experienced in class action litigation, and particularly in securities litigation, where it has achieved numerous successes throughout the country and in this Court.  For example, Hagens Berman has successfully prosecuted securities class actions in this District against Boeing ($92.5 million settlement), Nordstrom, Mercer International, Wall Data, Midisoft, Piper Jaffray and numerous others.  Elsewhere throughout the country, Hagens Berman recently settled a securities fraud class action against Charles Schwab for $235 million, and has previously been appointed lead counsel in *Morrison Knudsen* ($63 million), *Raytheon/Washington Group* ($39 million), *Boston Chicken* and numerous other cases.[28]

KSF is a boutique law firm with offices in Louisiana and New York City.  KSF focuses predominantly on class actions, in the areas of securities and consumer fraud, and on shareholder derivative and other complex litigation.  KSF's lawyers, including Charles C. Foti, Jr., the Attorney General for the State of Louisiana from 2004-2008, currently serve as Lead or Co-Lead counsel in many securities class actions across the country. KSF's lawyers have successfully resolved a number of recent class action suits, including: *In re Virgin Mobile USA IPO Litig.*, 2:07-cv-05619-SDW-MCA (D.N.J.) ($19.5 million settlement), *In re BigBand Networks, Inc. Sec. Litig.*, 3:07-CV-05101-SBA (N.D. Cal.) ($11 million settlement), and *In re U.S. Auto Parts*

---

[28] *See* Berman Decl., Ex. D.

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 9
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

*Networks, Inc. Sec. Litig.*, 2:07-cv-02030-GW-JC (C.D. Cal.) ($10 million settlement). KSF also serves as Special Counsel to the Plaintiff in *The Archdiocese of Milwaukee Supporting Fund, Inc. v. Halliburton Co.*, 02-CV-1152 (N.D. Tex.), in which the Supreme Court unanimously reversed the Fifth Circuit Court of Appeals ruling denying class certification. In addition, KSF has been appointed Lead or Co-Lead counsel in numerous shareholder derivative cases of national import, including cases such as *In re Bank of America Corp. Securities, Derivative, and Employment and Retirement Income Security Act (ERISA) Litig.*, No. 09-CIV-580 (S.D.N.Y.). The Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

Because the Dendreon Investor Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Dendreon Investor Group respectfully requests that this Court: (1) consolidate the related cases; (2) appoint it as Lead Plaintiff pursuant 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve its selection of Hagens Berman and KSF as Co-Lead counsel.

Dated: October 3, 2011

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     s/Steve W. Berman
          Steve W. Berman, WSBA# 12536

1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 10
010265-11 477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | |
|---|---|
| 1 | Reed R. Kathrein |
| 2 | Peter E. Borkon<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 715 Hearst Avenue, Suite 202<br>Berkeley, California  94710 |
| 4 | Telephone:  (510) 725-3000<br>Facsimile:   (510) 725-3001 |
| 5 | reed@hbsslaw.com<br>peterb@hbsslaw.com |
| 6 | Kim E. Miller |
| 7 | KAHN SWICK & FOTI, LLC<br>500 Fifth Avenue, Suite 1810 |
| 8 | New York, NY 10110<br>Telephone: (212) 696-3730 |
| 9 | Facsimile: (504) 455-1498<br>kim.miller@ksfcounsel.com |
| 10 | Lewis Kahn |
| 11 | KAHN SWICK & FOTI, LLC<br>206 Covington Street |
| 12 | Madisonville, LA 70447<br>Telephone: (504) 455-1400 |
| 13 | Facsimile: (504) 455-1498<br>Lewis.kahn@ksfcounsel.com |
| 14 | Attorneys for Movant Dendreon Investor Group |

MOTION TO CONSOLIDATE RELATED CASES,
TO APPOINT DENDREON INVESTOR GROUP AS
LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR,
2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 11
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/Steve W. Berman<br/>STEVE W. BERMAN

MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT DENDREON INVESTOR GROUP AS LEAD PLAINTIFF  Case Nos. 2:11-cv-01291-JLR, 2:11-cv-01294-JLR, 2:11-cv-01568-MJP - 12
010265-11  477402 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# Mailing Information for a Case 2:11-cv-01291-JLR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Karl Phillip Barth**
  karlb@hbsslaw.com,shelby@lmbllp.com,dawn@hbsslaw.com,shelbys@hbsslaw.com

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **Peter E Borkon**
  peterb@hbsslaw.com,pashad@hbsslaw.com

- **Reed R Kathrein**
  reed@hbsslaw.com,pashad@hbsslaw.com,sf_filings@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`