The Honorable James L. Robart

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291 JLR |
|---|---|
| | (Consolidated with Nos. C11-1294 JLR and C11-1568 JLR) |
| This Document Relates To: | **CLASS ACTION** |
| ALL ACTIONS | STIPULATION OF SETTLEMENT |

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   This Stipulation of Settlement dated as of April 24, 2013 (the "Stipulation") is made

2   and entered into by and among (i) Lead Plaintiff San Mateo County Employees' Retirement

3   Association ("Lead Plaintiff") (on behalf of itself and each of the Class Members), by and

4   through its counsel of record; and (ii) Defendants Dendreon Corporation ("Dendreon"),

5   Mitchell H. Gold, Hans Bishop, and Gregory T. Schiffman (collectively, "Defendants" and

6   with Lead Plaintiff, "Settling Parties" or "Parties"), by and through their counsel of record.

7   This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the

8   Released Claims (as defined herein), subject to the approval of the Court and the terms and

9   conditions set forth in this Stipulation.

## I.    THE LITIGATION

11   On and after August 4, 2011, the following three putative class action cases were filed in

12   the United States District Court for the Western District of Washington:  (1) *Frias v. Dendreon*

13   *Corp.*, Case No. C11-1291JLR; (2) *Ems v. Dendreon Corp.*, Case No. C11-1294JLR; and (3)

14   *Wendt v. Dendreon Corp.*, Case No. C11-1568JLR.  On December 19, 2011, the Court ordered

15   these cases consolidated and appointed San Mateo County Employees' Retirement Association

16   ("SamCERA") as Lead Plaintiff, the law firm of Bernstein Litowitz Berger & Grossmann LLP as

17   Lead Plaintiff's Counsel ("Lead Counsel") for the putative class, and the law firm of Keller

18   Rohrback L.L.P. as Liaison Counsel ("Liaison Counsel") for the putative class (ECF No. 50).

19   On February 24, 2012, Lead Plaintiff SamCERA filed a Consolidated Complaint for

20   Violations of Federal Securities Laws (the "Complaint") (ECF No. 60), alleging claims under

21   Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), on

22   behalf of a class of all Persons who purchased or otherwise acquired the publicly-traded securities

23   of Dendreon between April 29, 2010 and August 3, 2011, inclusive, and who were damaged

24   thereby.   The allegations relate to alleged false and misleading statements and/or omissions

25   concerning Dendreon's sole FDA-approved product, Provenge.

26

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1      On April 27, 2012, Defendants filed a motion to dismiss the Complaint (ECF No. 73).  On

2  June 11, 2012, Lead Plaintiff filed its opposition to the motion to dismiss (ECF No. 82), and on

3  July 11, 2012, Defendants filed their reply in further support of the motion to dismiss (ECF No.

4  86).

5      On October 10, 2012, the parties jointly informed the Court that they had agreed to mediate

6  before the Honorable Layn Phillips (Fmr.) at Judge Phillips' earliest convenience (ECF No. 91).

7  The Court thereafter scheduled the hearing on Defendants' motion to dismiss for

8  October 25, 2012, and, then on October 24, 2012, the Court issued a notice striking the hearing

9  date (ECF No. 92).  On October 26, 2012 (ECF No. 93), Defendants filed a notice to renote the

10  motion to dismiss for January 18, 2013.   The Court then rescheduled the hearing for

11  March 8, 2013.  On February 21, 2013, the Court issued a notice striking the hearing date on

12  Defendants' motion to dismiss after being advised that mediation was scheduled for March 5, 2013

13  (ECF No. 94).

14      The Parties participated in mediation sessions before Judge Phillips on January 15, 2013,

15  and March 5, 2013.  The Parties advised the Court that they had reached an agreement to resolve

16  the Litigation on March 18, 2013.

17  **II.      DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

18      Defendants have denied and continue to deny each and all of the claims and contentions

19  alleged by Lead Plaintiff in the Litigation.  Defendants expressly have denied and continue to deny

20  all charges of wrongdoing or liability against them arising out of any of the conduct, statements,

21  acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have

22  denied and continue to deny, among other things, the allegations that the Lead Plaintiff or the

23  Class Members have suffered damage, that the prices of Dendreon's securities were artificially

24  inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, that Lead Plaintiff

25  or the Class Members can prove that any alleged statements caused their alleged losses, that Lead

26  Plaintiff or the Class Members were otherwise harmed by the conduct alleged in the Litigation, or

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

that any Defendant engaged in improper trading in Dendreon securities.  Defendants believe that the information and evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the information and evidence developed to date supports the claims.  Lead Plaintiff and its counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Based on their evaluation, Lead Plaintiff and its counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon the Class and that it is in the best interests of the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Released Claims shall be finally and fully compromised, settled and released, and the Released Claims in the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

## 1.  Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2.    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3.    "Claims Administrator" means the claims administration firm selected by Lead Plaintiff subject to Court approval.

1.4.    "Claim Form" means the Proof of Claim and Release Form (substantially in the form attached hereto as Exhibit A-2 to Exhibit A) that a putative Class Member must complete and timely submit to the Claims Administrator if that Class Member seeks to be potentially eligible to share in a distribution of the Net Settlement Fund.

1.5.    "Class" means all Persons who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Dendreon at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who validly request exclusion from the Class.

1.6.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.7.    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.8.    "Class Period" means April 29, 2010 through August 3, 2011, inclusive.

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1       1.9.    "Defendants" means Dendreon, Mitchell H. Gold, Hans Bishop and Gregory T.

2    Schiffman.

3       1.10.  "Defendants' Released Claims" means all claims and causes of action (including

4    "Unknown Claims" as defined below) of every nature and description, whether known or

5    unknown, whether arising under federal, state, common or foreign law, that any Defendant may

6    have arising out of, relating to, or in connection with the institution, prosecution, investigation,

7    settlement or resolution of the Litigation; provided that Defendants' Released Claims does not

8    include claims based upon, relating to or arising out of the interpretation or enforcement of the

9    terms of this Stipulation.

10       1.11.  "Dendreon" means Dendreon Corporation.

11       1.12.  "Effective Date" means the date by which all of the events and conditions specified

12    in ¶7.1 of this Stipulation have been met and have occurred.

13       1.13.  "Escrow Account" means an account maintained at Valley National Bank to hold

14    the Settlement Fund, which account, subject to the Court's supervisory authority, shall be under

15    the exclusive control of Lead Counsel.

16       1.14.  "Escrow Agent" means Valley National Bank.

17       1.15.  "Final" means when the last of the following with respect to the Judgment

18    approving the Stipulation, substantially in the form and content of Exhibit B attached hereto, shall

19    occur:  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal

20    Rule of Civil Procedure 59(e) without any such motion having been filed or, if such a motion is

21    filed, the date the motion is resolved on terms where the Judgment is not altered or amended; (ii)

22    the time in which to appeal the Judgment has passed without any appeal having been taken; and

23    (iii) if an appeal is taken, immediately after (a) the date of final dismissal of any appeal or the final

24    dismissal of any proceeding on *certiorari*, or (b) the date of affirmance of the Judgment on appeal

25    and the expiration of time for any further judicial review whether by appeal, reconsideration or a

26    petition for writ of *certiorari* and, if *certiorari* is granted, the date of final affirmance of the

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Judgment following review pursuant to that grant.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal pertaining solely to any application for attorney fees, costs or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims and any such appeal shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.16.   "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.17.   "Immediate Family" means an individual's spouse, domestic partners, parents, siblings, children, grandparents, and grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse; and includes step and adoptive relationships.  "Immediate Family" also includes any trust of which any of the above are a settlor or beneficiary.

1.18.   "Individual Defendants" means Mitchell H. Gold, Hans Bishop and Gregory T. Schiffman.

1.19.   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form and content attached hereto as Exhibit B.

1.20.   "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

1.21.   "Lead Plaintiff" or "SamCERA" means San Mateo County Employees' Retirement Association.

1.22.   "Liaison Counsel" means the law firm of Keller Rohrback L.L.P.

1.23.   "Litigation" means all actions included in the consolidated proceeding styled *In re Dendreon Corporation Class Action Litigation*, Case No. C11-1291 JLR, including *Frias v. Dendreon Corp.*, Case No. C11-1291 JLR, *Ems v. Dendreon Corp.*, Case No. C11-1294 JLR, and

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Wendt v. Dendreon Corp.*, Case No. C11-1568 JLR.

1.24.   "Net Settlement Fund" means the Settlement Fund less (i) any Court-awarded attorney's fees, costs and expenses; (ii) notice and administration or escrow costs; (iii) Taxes and Tax Expenses; and (iv) any other Court-approved deductions.

1.25.   "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, (substantially in the form attached hereto as Exhibit A-1 to Exhibit A), which is to be sent to the Members of the Class.

1.26.   "Notice Order" or "Preliminary Approval Order" means the preliminary order as approved by the Court for mailing and publication of notice to Class Members (substantially in the form and content attached hereto as Exhibit A).

1.27.   "Person" means an individual, corporation, limited liability corporation, professional corporation, joint venture, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity.

1.28.   "Plaintiff's Counsel" means Lead Counsel and Liaison Counsel.

1.29.   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation; instead, it shall be considered by the Court separately from the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and neither Defendants nor their Related Persons shall have any responsibility or liability with respect thereto.

1.30.   "Related Persons" means, as to Dendreon and the Individual Defendants, the following, only in their respective capacities as such:  their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, and each Individual Defendant's Immediate Family.

1.31.   "Released Claims" means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims" as defined below) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or sale of Dendreon common stock during the Class Period.  "Released Claims" also means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims") arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation.  Notwithstanding the foregoing, "Released Claims" does not include claims (a) asserted in any derivative action or claims brought under the Employee Retirement Income Security Act based on similar allegations, or (b) based upon, relating to or arising out of the interpretation or enforcement of the terms of this Stipulation.

1.32.   "Released Persons" means each and all of the Defendants and their Related Persons.

1.33.   "Settlement Amount" means Forty Million Dollars ($40,000,000.00) in cash to be paid by wire transfer or check to an interest bearing account maintained by the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.34.   "Settlement Fund" means the Settlement Amount plus all accrued interest and any other accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.35.   "Settling Parties" means, collectively, the Defendants and Lead Plaintiff on behalf of itself and on behalf of the Class and all Members of the Class.

1.36.   "Summary Notice" means the Summary Notice (substantially in the form attached

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

hereto as Exhibit A-3 to Exhibit A) to be published as set forth in the Preliminary Approval Order.

1.37.   "Supplemental Agreement" means the agreement described in ¶7.3 hereof.

1.38.   "Taxes" means federal and/or state income or other applicable taxes, including estimated federal and/or state income taxes, interest and/or penalties.

1.39.   "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶2.7, below, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.7, below.

1.40.   "Unknown Claims" means any Released Claims, or Defendants' Released Claims, as applicable, that Lead Plaintiff or any Class Member, or any Defendant as applicable, does not know or does not suspect to exist in his, her, or its favor at the time of the release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, or might have affected his, her, or its decision(s) with respect to the settlement.  With respect to any and all Released Claims, and any and all Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of the United

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

States, any state or territory of the United States, or any foreign state or territory, or any principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiff, Class Members, or Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or Defendants' Released Claims, as applicable; but Lead Plaintiff and Defendants upon the Effective Date shall expressly, fully, finally and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Released Claims against all Released Persons, and any and all Defendants' Released Claims, as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of "Unknown Claims" (and inclusion of "Unknown Claims" in the definition of "Released Claims" and "Defendants' Released Claims") was separately bargained for and is a key element of the settlement of which this release is a part.

### 2. The Settlement

#### a. The Settlement Fund

2.1     Within ten (10) business days of the Court's issuance of an order preliminarily approving the settlement, Dendreon shall cause the Settlement Amount to be transferred into the Escrow Account in accordance with instructions to be provided by Lead Counsel not less than ten (10) days prior to the payment due date, such instructions to include all information necessary for a timely transfer, including without limitation the exact payee and address, the transferee financial institution and address, and a completed Internal Revenue Service Form W-9.

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### b.     The Escrow Agent

2.2     The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $250,000.00 may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions or omissions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Lead Counsel may cause the Settlement Fund to pay notice and administration costs reasonably, necessarily and actually incurred, without further approval of Defendants or order of the Court.  Such costs and expenses ("Notice and Administration Costs") shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   Administrator in connection with searching for Class Members and providing notice and

2   processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent.  In the

3   event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and

4   Administration Costs properly paid or incurred, including any related fees, shall not be returned or

5   repaid to Defendants or their insurance carriers.

6                        **c.     Taxes**

7          2.7    (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement

8   Fund at all times as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

9   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry

10  out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg.

11  § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with

12  the procedures and requirements contained in such regulations.  It shall be the responsibility of the

13  Escrow Agent, or other agent as designated by and responsible to Lead Counsel, to timely and

14  properly prepare and deliver the necessary documentation for signature by all necessary parties,

15  and thereafter to cause the appropriate filing to occur.

16         (b)     For the purposes of § 468B of the Internal Revenue Code of 1986, as

17  amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

18  Agent.  The Escrow Agent, or other agent as designated by and responsible to Lead Counsel, shall

19  timely and properly file all informational and other tax returns necessary or advisable with respect

20  to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §

21  1.468B-2(k)(1)).   Such returns (as well as the election described in ¶2.7(a) hereof) shall be

22  consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated

23  Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the

24  Settlement Fund as provided in ¶2.7(c) hereof.

25         (c)     All (i) Taxes arising with respect to the income earned by the Settlement

26  Fund, including any Taxes or tax detriments that may be imposed upon the Defendants, their

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

counsel or the Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, Tax Expenses) shall be paid out of the Settlement Fund, under the supervision of Lead Counsel or an agent designated by and responsible to Lead Counsel.  In all events, neither Defendants nor their counsel nor the Released Persons shall have any liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); and neither Defendants nor their counsel nor the Released Persons are responsible for, nor shall they have any liability with respect to, any Taxes or Tax Expenses or the preparation or filing of any informational statements or other tax returns.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.    Termination of Settlement

2.8    In the event that the Stipulation is not approved or the Stipulation is terminated, cancelled, or fails to become effective for any reason and/or the Effective Date does not occur, the Settlement Fund (including accrued interest) less expenses actually paid, incurred or due and owing in connection with the settlement provided for herein, shall be refunded to Dendreon and its insurers in the same amount paid by each toward the Settlement Amount (with any Notice and Administration Costs properly incurred to be a reduction to the amount refunded to Dendreon's

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  primary-layer insurer), pursuant to written instructions from counsel for Defendants (in accordance

2  with ¶7.4 below).

### 3.  Certification of the Class, Preliminary Approval Order and Settlement Hearing

3.1     The Settling Parties stipulate to:  (i) the certification, for settlement purposes only, of a Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiff as the class representative; and (iii) the appointment of Lead Counsel as class counsel.

3.2     The Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order or Notice Order, requesting, among other things, the preliminary approval of the settlement set forth in this Stipulation, and approval for the mailing of a settlement Notice and Claim Form and publication of a Summary Notice, substantially in the form and content of Exhibits A-1 through A-3 hereto.  The Notice shall include the general terms of the settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 below and the date of the Settlement Hearing as defined in ¶3.3 below.

3.3.     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing" or "Final Approval Hearing") and approve the settlement of the Litigation as set forth herein.  To permit Defendants' compliance with the settlement notice requirements of the Class Action Fairness Act ("CAFA"), to the extent they apply to settlement of this Litigation, the Settlement Hearing shall take place on no earlier than 100 calendar days after the filing of this Stipulation.  Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.4     In the event this Stipulation is terminated or cancelled or the Effective Date does not occur for any reason, the stipulated certification of the Class and appointment of Lead Counsel as class counsel, as set forth in ¶3.1, shall be vacated, and the Litigation shall proceed as though the Class had never been certified.  Except to effectuate the settlement set forth in this Stipulation,

14

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

neither the Settling Parties, their respective counsel nor any member of the Class shall in any other proceeding cite, present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of the stipulated certification of the Class in this Litigation.

**4.  Releases**

4.1     Upon the Effective Date, as defined herein, (a) Lead Plaintiff and Lead Counsel, on behalf of itself or themselves and its or their heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall, and (b) each and every Class Member, on behalf of itself, himself or herself and their respective heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall be deemed to have—and by operation of the Judgment shall have—fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Claim Form, and whether or not such Class Member shares in the Settlement Fund.

4.2     Upon the Effective Date, as defined herein, each of the Defendants and Defendants' counsel, on behalf of itself or themselves and its or their heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall have fully, finally, and forever released, relinquished, and discharged each and every one of Defendants' Released Claims against Lead Plaintiff, each Class Member and Plaintiff's Counsel.

**5.  Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Dendreon and/or its agents.  As part of the notice process, the Claims Administrator shall offer reimbursement to nominee owners for the cost of forwarding notice to their beneficial owners, such cost to be considered a Notice and Administration Cost.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Approval Order or whatever other form or manner might be ordered by the Court. For the purpose of identifying and providing notice to the Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Dendreon shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it or its agent(s) has that identify Class Members (including names and addresses), in electronic form. The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.7 above;

(c)    after entry of an order awarding Lead Counsel attorney fees, expenses and costs, to pay Lead Counsel such attorney fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund," as defined herein) to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or as otherwise ordered by the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, pursuant to a Class Distribution Order, subject to and in accordance with terms and conditions of this Section 5.

5.4    Within one-hundred and twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

shall be required to submit to the Claims Administrator a completed Claim Form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as specified in the Claim Form.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claim, and the claim shall be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to the claimant's status as a member of the Class and the validity and amount of the claim.  No discovery shall be allowed as to the merits of the Litigation or of the Settlement in connection with the processing of a claim.

5.5     All Class Members who fail to submit a valid Claim Form within the time period specified in the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Lead Counsel will apply to the Court for a Class Distribution Order:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

5.7     This is not a claims-made settlement and there will be no reversion.  Defendants and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the investment of the Settlement Fund, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with the

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

administration of the Settlement Fund.  No Person shall have any claim of any kind against the Defendants or their Related Persons with respect to any of the matters set forth in ¶¶2.7 or 5.1-5.9 hereof.  Lead Plaintiff, Lead Counsel and the Class Members release Defendants and their Related Persons from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund and Net Settlement Fund.

5.8     No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Lead Counsel, based on distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6. Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications for a collective award of attorneys' fees and reimbursement to Plaintiffs' Counsel (the "Fee and Expense Application") to be paid from the Settlement Fund for: (a) attorney's fees; plus (b) reimbursement of expenses and costs incurred in connection with prosecuting the Litigation ("Litigation Expenses") (which may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4)), plus any interest on such attorney fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

18

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.2     Any attorneys' fees and Litigation Expenses that are awarded by the Court may be paid to Lead Counsel from the Escrow Account immediately after they are awarded by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts pursuant to ¶6.3 herein.

6.3     If the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed, then, no later than fourteen (14) business days after receiving from Defendants' counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses, Lead Counsel shall refund to the Settlement Fund all fees and Litigation Expenses previously paid to them from the Settlement Fund in an amount consistent with the reversal or modification, together with interest on any such amount at the average rate on the Settlement Fund from the time of withdrawal to the date of refund.  Lead Counsel, as a condition of receiving any portion of the awarded attorneys' fees and Litigation Expenses prior to the Effective Date, agrees that the Lead Counsel law firm and its partners are subject to the jurisdiction of the Court for purposes of enforcing this ¶6.3.

6.4     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

6.5     Lead Counsel shall have the sole authority and responsibility to allocate the Court-awarded attorneys' fees and Litigation Expenses amongst Plaintiff's Counsel in a manner which Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Litigation.  The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

attorneys' fees and/or Litigation Expenses, to Lead Plaintiff or Plaintiff's Counsel, or the allocation among Lead Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make in the Litigation.

6.6     The procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiff or Lead Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

**7.  Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     Dendreon shall have timely made, or caused to be made, its contribution to the Settlement Fund as required by ¶2.1 above;

(b)     the Court shall have entered the Preliminary Approval Order, as provided in ¶3.2 above;

(c)     no option to terminate the Stipulation shall have been exercised pursuant to ¶7.3 hereof;

(d)     the Court shall have entered the Judgment, or a judgment substantially in the form and content of Exhibit B hereto; and

(e)     the Judgment shall have become Final, as defined in herein.

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If it becomes clear that all of the conditions specified in ¶7.1 cannot or will not be met, then the Stipulation shall be cancelled and terminated subject to ¶7.4 hereof, unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Dendreon shall have the option to terminate the settlement in the event that Members of the Class representing a certain number of damaged shares of Dendreon common stock purchased or acquired during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel.  The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning the interpretation or application of the Supplemental Agreement arises, and in that event the Supplemental Agreement shall be filed with and maintained by the Court under seal.  Copies of all written requests for exclusion from the Class shall be delivered to counsel for Defendants by facsimile or other electronic means within two (2) business days of receipt thereof, and, with respect to timely submitted exclusion requests, in no event less than fourteen (14) days prior to the Settlement Hearing as the hearing is initially scheduled by the Court.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be cancelled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel, the Settlement Fund (including accrued interest), less expenses and costs that either have been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  proceeds, after deduction of any fees or expenses incurred in connection with such application(s)

2  for refund, to Dendreon or its insurers, as counsel for Defendants may designate.

3         7.5    In the event that the Stipulation is not approved by the Court or the settlement set

4  forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then

5  the Settling Parties shall be restored to their respective positions in the Litigation as of

6  March 5, 2013.  In such event, the terms and provisions of the Stipulation, with the exception of

7  ¶¶1.1-1.40, 2.2-2.8, 6.3, 7.4-7.5, 8.3 and 8.9-8.13 herein, shall have no further force and effect with

8  respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for

9  any purpose, and any judgment or order entered by the Court in accordance with the terms of the

10  Stipulation shall be treated as vacated, *nunc pro tunc*.  In the event this Stipulation is terminated or

11  cancelled, the Settling Parties shall, within two weeks of such cancellation or termination, jointly

12  advise the Court of this development and request that the Court set a status conference.  No order

13  of the Court concerning—or modification or reversal on appeal of any order of the Court

14  concerning—the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and

15  interest awarded by the Court to the Lead Plaintiff or any of Plaintiff's Counsel shall constitute

16  grounds for cancellation or termination of the Stipulation.

17         7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to

18  its terms, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any

19  amounts actually and properly disbursed pursuant to ¶¶2.6 or 2.7 above.  In addition, any expenses

20  already incurred pursuant to ¶¶2.6 or 2.7 above at the time of such termination or cancellation, but

21  which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the

22  Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

23  **8.  No Admission of Wrongdoing**

24         8.1    Defendants have denied, and continue to deny, any liability, negligence, fault or

25  wrongdoing relating to the subject matter of the Released Claims.  Without limiting the generality

26  of Defendants' continuing denials, this Stipulation and the settlement contained in it (whether or

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

not consummated), as well as any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement:

(a)     Shall not be offered or received against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged in the Litigation or the legal or factual validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of any Defendant or of the Released Persons; and

(b)     Shall not be offered or received against the Defendants as evidence of, or as a presumption, concession or admission with respect to, any liability, negligence, fault or wrongdoing in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

8.2     Any Person may file the Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction on any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms

2    of the settlement were negotiated at arms-length and in good faith by the Settling Parties, and

3    reflect a settlement that was reached voluntarily with the assistance of an experienced mediator

4    and after consultation with competent legal counsel.  The Settling Parties reserve their right to

5    rebut, in a manner that such party determines to be appropriate, any contention made in any

6    proceeding that the Litigation was brought or defended in bad faith or without a reasonable basis.

7        9.3    Neither the Stipulation nor the settlement contained herein, nor any act performed

8    or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or

9    may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity

10   of any Released Claim or of any wrongdoing or liability of the Defendants; or (b) is or may be

11   deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of

12   the Defendants in any civil, criminal or administrative proceeding in any court, administrative

13   agency or other tribunal.

14       9.4    Except and only to the extent modified by this Stipulation, all agreements made, if

15   any, and orders entered during the course of the Litigation relating to the confidentiality of

16   information shall survive this Stipulation.  Nothing in this Stipulation, or in the negotiations

17   relating to it, is intended to or shall be deemed to constitute, a waiver of any applicable privilege or

18   immunity, including without limitation any attorney-client privilege, joint defense privilege or

19   work product immunity.

20       9.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are

21   fully incorporated herein by this reference.

22       9.6    This Stipulation may be amended or modified only by a written instrument signed

23   by or on behalf of all Settling Parties or their respective successors-in-interest.

24       9.7    This Stipulation and the Exhibits hereto, together with the Supplemental

25   Agreement, constitute the entire agreement between Lead Plaintiff and Defendants and no

26   representations, warranties or inducements have been made to any party concerning the Stipulation

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

or its Exhibits or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear its own attorneys' fees, expenses and costs in connection with the conduct and settlement of the Litigation, and the preparation, implementation and performance of the terms of this Stipulation.  In the event of any conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to be attached hereto, the terms of this Stipulation shall prevail.

9.8     Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that it deems appropriate.

9.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

9.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Washington, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Washington without giving effect to that State's choice-of-law principles.

25

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1       9.14   If a trustee, receiver, conservator or other fiduciary is appointed under any law

2   similar to Title 11 of the United States Code (Bankruptcy), and in the event of the entry of a final

3   order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund

4   or any portion thereof to be a preference, voidable transfer, fraudulent transfer or similar

5   transaction and any portion thereof is required to be returned, and such amount is not promptly

6   deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the Settling

7   Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment

8   entered pursuant to this Stipulation, which releases and Judgment shall be null and void, and the

9   Settling Parties shall be restored to their respective positions in the Litigation as of March 5, 2013,

10  and any cash amounts in the Settlement Fund or paid to Lead Counsel shall be returned as

11  provided above.

12      9.15   Dendreon warrants as to itself that, as to the payments made by or on behalf of it, at

13  the time of such payment made pursuant to ¶2.1 above, it was not insolvent, nor will the payment

14  required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the

15  purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.   This

16  representation is made by Dendreon and not by Dendreon's counsel.

17      IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

18  by their duly authorized attorneys, dated as of April 24, 2013.

19

20                     BERNSTEIN LITOWITZ BERGER
                     & GROSSMANN LLP

21

22                 By:    *s/ Blair A. Nicholas*
                     Blair A. Nicholas

23                 Blair A. Nicholas (Admitted *Pro Hac Vice*)

24                 Niki L. Mendoza
               David R. Kaplan (Admitted *Pro Hac Vice*)

25                 Jonathan D. Uslaner (Admitted *Pro Hac Vice*)
               12481 High Bluff Drive, Suite 300

26                 San Diego, CA 92130

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Tel:    (858) 793-0070
Fax:    (858) 793-0323
Email: blairn@blbglaw.com
        nikim@blbglaw.com
        davidk@blbglaw.com
        jonathanu@blbglaw.com

*Counsel for Lead Plaintiff SamCERA and Lead
Counsel for the Class*

KELLER ROHRBACK LLP
Juli E. Farris, #17593
Elizabeth A. Leland #23433
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel:    (206) 623-1900
Fax:    (206) 623-3384
Email: jfarris@kellerrohrback.com
        bleland@kellerrohrback.com

*Liaison Counsel for the Class*

HOGAN LOVELLS US LLP

By:   *s/ Norman J. Blears*
            Norman J. Blears

Norman J. Blears (Admitted *Pro Hac Vice*)
Michael L. Charlson (Admitted *Pro Hac Vice*)
525 University Avenue
Palo Alto, CA 94301
Tel:    (650) 463-4000
Fax:    (650) 463-4199
Email: norman.blears@hoganlovells.com
        michael.charlson@hoganlovells.com

Robin E. Wechkin #24746
8426  316th Place, SE
Issaquah, WA 98027
Tel:  (425) 222-6229
Email:  robin.wechkin@hoganlovells.com

*Counsel for Defendants Dendreon Corporation,
Mitchell Gold, Gregory Schiffman and Hans Bishop*

STIPULATION OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

The Honorable James L. Robart

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR |
|---|---|
| | (Consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **CLASS ACTION** |
| ALL ACTIONS | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS, PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING |
| | **EXHIBIT A** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

WHEREAS, Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff"), on behalf of itself and the Class (as hereinafter defined), and Defendants Dendreon Corporation ("Dendreon"), Mitchell H. Gold, Hans Bishop, and Gregory T. Shiffman (collectively, "Defendants" and together with Lead Plaintiff, "Settling Parties") have entered into a settlement of the claims asserted in the above-captioned action (the "Action"), the terms of which are set forth in the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto and the separate Supplemental Agreement among the Settling Parties, sets forth the terms and conditions of the proposed settlement of the claims asserted in the Action and dismissal of the Action with prejudice (the "Settlement"); and

WHEREAS, the Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Claim Form; (iii) Summary Notice; and (iv) Judgment, and submissions relating thereto, and finding that substantial and sufficient ground exists for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3.      Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Settlement Hearing, are hereby taken off calendar.

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1

**CLASS CERTIFICATION**

2       4.      The Court hereby preliminarily certifies, for settlement purposes only, pursuant to

3   Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

4           All Persons who purchased or otherwise acquired Dendreon common stock
            between April 29, 2010 and August 3, 2011, inclusive, and who were damaged
5           thereby.  Excluded from the Class are Defendants, the officers and directors of
            Dendreon at all relevant times, members of their Immediate Families and their
6           legal representatives, heirs, successors or assigns and any entity in which
            Defendants have or had a controlling interest.  Also excluded from the Class are
7           those Persons who validly request exclusion from the Class.

8

9       5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

10   the Settlement only, Lead Plaintiff is appointed as the Class Representative and Bernstein Litowitz

11   Berger & Grossmann LLP is appointed as Lead Counsel for the Class.

12       6.      Lead Counsel has the authority to enter into the Stipulation on behalf of Lead

13   Plaintiff and the Class, and is authorized to act on behalf of Lead Plaintiff and the Class, with

14   respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as

15   other acts that are reasonably necessary to consummate the Settlement.

16       7.      The Court approves the firm of Garden City Group, Inc. ("Claims Administrator")

17   to supervise and administer the notice procedure, as well as the processing of claims as more fully

18   set forth below:

19           a.      No later than ten (10) business days after entry of this Preliminary Approval

20       Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and

21       Claim Form, annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-

22       class mail, postage prepaid, to all Members of the Class at the address of each such Person

23       as set forth in the records of Dendreon or its transfer agent or who are identified by further

24       reasonable efforts as set forth in the Stipulation;

25

26

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1    b. A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-3,

2 shall be published once in the national edition of *The Investor's Business Daily* and over

3 the *PR Newswire* no later than ten (10) business days after the Notice Date; and

4    c. The Notice, the Summary Notice, and the Claim Form shall also be placed

5 on the website created for this Settlement, on or before the Notice Date.

6   8. The Court approves the form, substance and requirements of the Notice and

7 Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures

8 established for publication, mailing and distribution of such Notices substantially in the manner

9 and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal

10 Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the

11 "Exchange Act") (as amended by the Private Securities Litigation Reform Act of 1995) , 15 U.S.C.

12 § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute

13 the best notice practicable under the circumstances.

14   9. Within five (5) business days of entry of this Order, Dendreon shall provide or

15 cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel

16 or the Claims Administrator) any lists it or its agent(s) has that identify Class Members (including

17 names and addresses), in electronic form.

18   10. No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead

19 Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person

20 or persons under whose general direction the mailing of the Notice and the publication of the

21 Summary Notice shall have been made, showing that such mailing and publication have been

22 made in accordance with this Order.

23   11. Nominees who purchased or otherwise acquired Dendreon common stock during

24 the Class Period for beneficial owners who are Class Members are directed to:  (a) request within

25 ten (10) days of receipt of the Notice additional copies of the Notice and the Claim Form from the

26 Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1   such beneficial owners to the Claims Administrator within ten (10) days after receipt of the Notice.

2   If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the

3   Notice within ten (10) days of receipt of the additional copies of the Notice from the Claims

4   Administrator, and upon such mailing, the nominee shall send a statement to the Claims

5   Administrator confirming that the mailing was made as directed, and the nominee shall retain the

6   list of names and addresses for use in connection with any possible future notice to the Class.

7   Upon full compliance with this Order, including the timely mailing of Notice to beneficial owners,

8   such nominees may seek reimbursement of their reasonable expenses actually incurred in

9   complying with this Order by providing the Claims Administrator with proper documentation

10  supporting the expenses for which reimbursement is sought and reflecting compliance with these

11  instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such

12  properly documented expenses incurred by nominees in compliance with the terms of this Order

13  shall be paid from the Settlement Fund.

14  **HEARING: RIGHT TO BE HEARD**

15      12.   The Court will hold a settlement hearing (the "Settlement Hearing") on _____,

16  2013, at ____.m., in the United States District Court for the Western District of Washington, 700

17  Stewart Street, Courtroom Suite 14106, Seattle, Washington, for the following purposes:  (i) to

18  determine whether the Court should grant final certification of the Class solely for purposes of the

19  Settlement; (ii) to determine whether the proposed Settlement is fair, reasonable, adequate and in

20  the best interests of the Class and should be approved by the Court; (iii) to determine whether the

21  Judgment, in substantially the form attached as Exhibit B to the Stipulation, should be entered,

22  *inter alia*, dismissing the Action with prejudice and releasing the Released Claims against the

23  Released Persons; (iv) to rule upon the Plan of Allocation; (v) to rule upon Lead Counsel's

24  application for an award of attorneys' fees and reimbursement of litigation expenses; and (vi) to

25  consider any other matters that may properly be brought before the Court in connection with the

26  Settlement.

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

4

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

13.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed no later than thirty-five (35) calendar days prior to the Settlement Hearing.  Reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

14.     Any Member of the Class may appear at the Settlement Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of litigation expenses.  However, no Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Judgment, the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, unless that Person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than twenty-one (21) calendar days prior to the Settlement Hearing:

**Lead Counsel for the Class:**

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
Blair A. Nicholas
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

**Counsel for Defendants:**

HOGAN LOVELLS US LLP
Norman J. Blears
Michael L. Charlson
525 University Avenue, 4th Floor
Palo Alto, California 94301

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of Washington.  Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in Dendreon common stock, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; and (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years.  If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing.  Any Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses.  The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.  By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, or otherwise requesting to be heard at the Settlement Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement.

15.     If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

16.     Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.     The Court reserves the right to (a) adjourn or continue the Settlement Hearing, or any adjournment or continuance thereof, without further notice to Class Members, and (b) approve the Stipulation, the Plan of Allocation, or an award of attorneys' fees and reimbursement of litigation expenses with modification and without further notice to Class Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

18.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

**CLAIMS PROCESS**

19.     To be entitled to potentially participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.  To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one-hundred and twenty (120) days after the Notice Date.

20.     Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims against the Released Persons and shall be bound by any judgment or determination of the Court affecting the Class Members.

**REQUEST FOR EXCLUSION FROM THE CLASS**

21.     Any requests for exclusion must be submitted for receipt no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Any Class Member who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the Person requesting exclusion; (b) the Person's transactions in Dendreon common stock during the Class Period,

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1   including the dates, the number of Dendreon common stock purchased, acquired and/or sold or

2   disposed of, the date of each purchase, acquisition or sale or disposal and the price paid and/or

3   received; and (c) a statement that the Person wishes to be excluded from the Class.  The Claims

4   Administrator (or other person designated to receive exclusion requests) shall be requested to

5   provide to Lead Counsel and Defendants' counsel copies of any request for exclusion from the

6   Class within two (2) business days of receipt thereof.  All persons who submit valid and timely

7   requests for exclusion in the manner set forth in this paragraph shall have no rights under the

8   Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

9   by the Stipulation or any Final Judgment.

10          22.     Any Member of the Class who does not request exclusion from the Class in the

11  manner stated in this Order shall be deemed to have waived his, her or its right to be excluded

12  from the Class, and shall forever be barred from requesting exclusion from the Class in this or any

13  other proceeding, and shall be bound by the Settlement and the Judgment, including, but not

14  limited to the release of the Released Claims against the Released Persons provided for in the

15  Stipulation and the Judgment, if the Court grants final approval to the Settlement.

16          23.     The Released Persons shall have no responsibility or liability whatsoever with

17  respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and

18  reimbursement of litigation expenses.  The Plan of Allocation and Lead Counsel's application for

19  an award of attorneys' fees and reimbursement of litigation expenses will be considered separately

20  from the fairness, reasonableness and adequacy of the Settlement.  At or after the Settlement

21  Hearing, the Court will determine whether Lead Plaintiff's proposed Plan of Allocation should be

22  approved, and the amount of attorneys' fees and litigation expenses to be awarded.  Any appeal

23  from any orders relating to the Plan of Allocation or Lead Counsel's application for an award of

24  attorneys' fees and litigation expenses, or any reversal or modification thereof, shall not operate to

25  terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the

26  Stipulation and the settlement of the Action set forth therein.

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

24.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

26.     As set forth in the Stipulation, without further order of the Court, the Escrow Agent may pay from the Settlement Fund the costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying Taxes or Tax Expenses, escrow fees and costs, if any, all as set forth in ¶¶2.6 and 2.7 of the Stipulation.  In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

27.     As set forth in ¶¶8.1 and 9.3 of the Stipulation, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any Person may file the Stipulation and/or the Judgment in any action in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1

28.     Unless otherwise provided in the Stipulation or ordered by the Court, there shall be

2

no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is

3

finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal

4

or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or

5

otherwise, has expired.

6

29.     In the event that the Settlement fails to become effective in accordance with its

7

terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal

8

(and, in the event of material modification, if any party elects to terminate the Settlement), this

9

Order (except Paragraphs 26 through 29) shall be null and void, the Stipulation (except as

10

otherwise provided therein) shall be deemed terminated, and the parties shall return to their

11

positions without prejudice in any way, as provided for in the Stipulation.

12

13

IT IS SO ORDERED.

14

DATED: _____

15

_____

HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

10

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1  Presented by:

2  BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
3

4  _____s/ Blair A. Nicholas_____
        BLAIR A. NICHOLAS
5

6  BLAIR A. NICHOLAS
   NIKI L. MENDOZA
7  DAVID KAPLAN
   JONATHAN USLANER
8  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
9  Tel:  (858) 793-0070
   Fax:  (858) 793-0323
10 Email: blairn@blbglaw.com
           nikim@blbglaw.com
11          davidk@blbglaw.com
           jonathanu@blbglaw.com
12

13 *Lead Counsel for Lead Plaintiff*
   *and the Class*
14

15 KELLER ROHRBACK L.L.P.

16 JULI E. FARRIS, #17593
17 DEREK W. LOESER #24274
   ELIZABETH A. LELAND, #23433
18 1201 Third Avenue, Suite 3200
   Seattle, WA 98101
19 Tel:  (206) 623-1900
   Fax:  (206) 623-3384
20 Email: jfarris@kellerrohrback.com
           dloeser@kellerrohrback.com
21          bleland@kellerrohrback.com
22

23 *Liaison Counsel for the Class*

24

25

26

[PROPOSED] PRELIMINARY
APPROVAL ORDER
MASTER DOCKET NO. C11-01291JLR

11

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

# EXHIBIT A-1

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR |
| | (Consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **<u>CLASS ACTION</u>** |
| ALL ACTIONS | NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES |
| | **EXHIBIT A-1** |

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action" or "Litigation") if, during the period between April 29, 2010 and August 3, 2011, inclusive, you purchased or otherwise acquired Dendreon Corporation common stock.**

**NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, San Mateo County Employees' Retirement Association ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $40 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety!**

1.      **Description of the Litigation and Class:**  This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants Dendreon Corporation ("Dendreon"), Mitchell H. Gold, Hans Bishop, and Gregory T. Schiffman (collectively, "Individual Defendants," and with Dendreon, "Defendants").  Defendants and Lead Plaintiff are collectively referred to as the "Settling Parties."  The proposed Settlement, if approved by the Court, will settle certain claims of all persons and entities who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive (the "Class Period"), and who were damaged thereby (the "Class"), against Defendants and their Related Persons (as defined below).

2.      **Statement of Class' Recovery:**  Subject to Court approval and, as described more fully below, Lead Plaintiff, on behalf of the Class, has agreed to settle claims related to the purchase or other acquisition of Dendreon common stock during the Class Period that were or could have been asserted against Defendants and their Related Persons (as defined in ¶45 below) in

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

the Litigation in exchange for a settlement payment of $40 million to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and certain litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the Members of the Class. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

       3.   **Statement of Average Amount of Recovery Per Common Stock:**   The Settlement Fund consists of $40 million plus interest earned. Your recovery will depend on the number of Dendreon common stock shares you purchased or otherwise acquired, and the timing and prices of those transactions. It will also depend on the number of valid Claim Forms that Members of the Class submit and the amount of such claims. Assuming that all of the investors who purchased or otherwise acquired Dendreon common stock during the Class Period and were damaged thereby participate in the Settlement, Lead Counsel estimates that the estimated average distribution will be approximately $0.36 per damaged Dendreon common stock share before the deduction of Court-approved fees and litigation expenses, as described below, and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

       4.   **Statement of the Parties' Position on Damages:**   Defendants deny all claims of wrongdoing, deny that they are liable to Lead Plaintiff and/or the Class, and deny that Lead Plaintiff or other Members of the Class suffered any injury. Moreover, the Settling Parties do not agree on the amount of recoverable damages or on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail on each of the claims in this Litigation. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading, or whether Defendants would be liable under the securities laws for the statements or alleged omissions; (2)

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1   the amount by which the prices of Dendreon common stock were allegedly inflated (if at all)

2   during the Class Period; and (3) the effect of various market forces influencing the trading prices

3   of Dendreon common stock at various times during the Class Period.

4          5.      **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will apply to

5   the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed

6   11% of the Settlement Fund net of Court-approved litigation expenses of Plaintiffs' Counsel, plus

7   interest earned at the same rate and for the same period as earned by the Settlement Fund.  In

8   addition, Lead Counsel also will apply for the reimbursement of certain litigation expenses paid or

9   incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in

10  an amount not to exceed $200,000 plus interest earned at the same rate and for the same period as

11  earned by the Settlement Fund.  The request for litigation expenses may include a request for

12  reimbursement of the costs and expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-

13  4(a)(4).   Assuming that all of the investors who purchased or otherwise acquired Dendreon

14  common stock during the Class Period and were damaged thereby participate in the Settlement,

15  and if the Court approves Lead Counsel's fee and expense application, Lead Counsel estimates that

16  the average cost per damaged Dendreon common stock share will be approximately $0.04.

17         6.      **Identification of Attorney Representatives:**   Lead Plaintiff and the Class are

18  being represented by Blair A. Nicholas, Esq. of Bernstein Litowitz Berger & Grossmann LLP, the

19  Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Mr.

20  Nicholas at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San

21  Diego, CA 92130-3582, (866) 648-2524, blbg@blbglaw.com.

22

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to receive a payment.  If you wish to be potentially eligible to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than [120 calendar days after Notice |

23

24

25

26

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

| | |
|---|---|
| | Date]. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement Hearing].** | Receive no payment.  This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or their Related Persons concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement Hearing].** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Member of the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON _____, AT _:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement Hearing].** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights and be bound by the Final Judgment and Order entered by the Court if it approves the Settlement, including the release of the Released Claims against Defendants and their Related Persons. |

| WHAT THIS NOTICE CONTAINS |
|:---:|

Why Did I Get This Notice?                                          Page ___

What Is This Case About?  What Has Happened So Far?                 Page ___

How Do I Know If I Am Affected By The Settlement?                   Page ___

What Are The Settling Parties' Reasons For The Settlement?         Page ___

What Might Happen If There Were No Settlement?                      Page ___

4

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

| | |
|---|---|
| How Much Will My Payment Be? | Page ___ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page ___ |
| What Payment Are The Attorneys For The Class Seeking? | Page ____ |
| How Will The Lawyers Be Paid? | Page ___ |
| How Do I Participate In The Settlement? | Page ___ |
| What Do I Need To Do? | Page ___ |
| What If I Do Not Want To Be A Part Of The Settlement? | Page ___ |
| How Do I Exclude Myself? | Page ___ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? | Page ___ |
| May I Speak At The Hearing If I Don't Like The Settlement? | Page ___ |
| What If I Bought Common Stock On Someone Else's Behalf? | Page ___ |
| Can I See The Court File? | Page ___ |
| Whom Should I Contact If I Have Questions? | Page ___ |

| WHY DID I GET THIS NOTICE? |
|:---:|

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Western District of Washington (the "Court") because you or someone in your family may have purchased or otherwise acquired Dendreon common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

8.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed San Mateo County Employees' Retirement Association as Lead Plaintiff under a federal law governing lawsuits such as this one, and approved Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP as lead counsel ("Lead Counsel") to serve as Lead Counsel in the Action.  Lead Plaintiff is the Class Representative.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9.      The Court in charge of this case is the United States District Court for the Western District of Washington, and the case is known as *In re Dendreon Corporation Class Action Litigation.*  The Judge presiding over this case is the Honorable James L. Robart, United States District Judge.  Entities who are suing are called the plaintiffs, and those who are being sued are called defendants.  In this case, the plaintiff is referred to as Lead Plaintiff, on behalf of itself and the Class, and Defendants are Dendreon, Mitchell H. Gold, Hans Bishop and Gregory T. Schiffman.

10.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on _____, at _:__ _.m., before the Honorable James L. Robart, at the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 14106, Seattle, Washington to determine, among other things:

- whether the Court should grant final certification of the Class solely for purposes of the Settlement;

- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;

- whether the Released Claims against Defendants and the other Released Persons should be dismissed with prejudice and fully and finally released by Lead Plaintiff and the Class as set forth in the Stipulation of Settlement entered into by the Settling Parties (the "Stipulation");

- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of certain litigation expenses should be approved by the Court; and

- any other matters that may be timely brought before the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants (defined below) will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1

2

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
|---|

3

4

5

6

7

8

9

10

13.    On and after August 4, 2011, the following three putative class action cases were filed in the United States District Court for the Western District of Washington:  (1) *Frias v. Dendreon Corp.*, Case No. C11-1291JLR; (2) *Ems v. Dendreon Corp.*, Case No. C11-1294JLR; and (3) *Wendt v. Dendreon Corp.*, Case No. C11-1568JLR.  On December 19, 2011, the Court ordered these cases consolidated and appointed San Mateo County Employees' Retirement Association ("SamCERA") as Lead Plaintiff, the law firm of Bernstein Litowitz Berger & Grossmann LLP as Lead Plaintiff's Counsel for the putative class, and the law firm of Keller Rohrback L.L.P. as Liaison Counsel ("Liaison Counsel") for the putative class.

11

12

13

14

15

14.    On February 24, 2012 Lead Plaintiff SamCERA filed a Consolidated Complaint for Violations of Federal Securities Laws (the "Complaint"), alleging claims under Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), on behalf of a class of all persons who purchased or otherwise acquired the publicly-traded securities of Dendreon between April 29, 2010 and August 3, 2011, inclusive, and who were damaged thereby.

16

17

18

19

20

15.    The lawsuit focuses on allegedly false and misleading statements and omissions regarding the demand for Dendreon's first product, Provenge, and related statements concerning manufacturing capacity, physician adoption, and projected revenue from sales of Provenge. Provenge was approved by the U.S. Food and Drug Administration in April 2010, as an "immunotherapy" for the treatment of prostate cancer.

21

22

23

24

16.    On April 27, 2012, Defendants filed a motion to dismiss the Complaint.  On June 11, 2012, Lead Plaintiff filed its opposition to the motion to dismiss, and on July 11, 2012, Defendants filed their reply in further support of the motion to dismiss.  The Court has not held a hearing or ruled on Defendants' motion to dismiss.

25

26

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

17.     The Settling Parties participated in mediation sessions before the Honorable Layn R. Phillips (Fmr.) on January 15, 2013, and March 5, 2013.  The Parties advised the Court that they had reached an agreement to resolve the Litigation on March 18, 2013.

18.     The Parties subsequently submitted the Stipulation setting out terms of the proposed Settlement to the Court, along with Lead Plaintiff's motion for preliminary approval of the Settlement.  On _____, the Court preliminarily approved the Settlement, preliminarily certified the Class, authorized this Notice to be sent to potential Members of the Class, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

19.     If you are a Member of the Class, you are subject to the Settlement unless you timely and validly request to be excluded.  The Class consists of all Persons who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of Dendreon at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who validly request exclusion from the Class (*see* "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO POTENTIALLY PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [120 days after Notice Date].**

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |

2

20.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants

3

have merit.   Lead Plaintiff and Lead Counsel recognize, however, the expense and length of

4

continued proceedings necessary to pursue their claims against Defendants through trial and

5

appeals, as well as the difficulties in establishing liability for allegations of fraud.  Lead Plaintiff

6

and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex

7

lawsuits like this one.

8

21.    In light of the amount of the Settlement and the immediacy of recovery to the Class,

9

Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and

10

adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the

11

Settlement provides a substantial benefit now, namely $40 million in cash (less the various

12

deductions described in this Notice), as compared to the risk that the claims would result in a

13

similar, smaller, or no recovery after a ruling on the motion to dismiss, summary judgment, trial

14

and appeals, possibly years in the future.

15

22.    Defendants' have denied and continue to deny each and all of the claims alleged by

16

Lead Plaintiff in the Action.  Defendants have expressly denied and continue to deny all charges of

17

wrongdoing or liability against them arising out of any of the conduct, statements, acts or

18

omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and

19

continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered

20

any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the

21

Complaint.  Defendants also have taken into account the uncertainty and risks inherent in any

22

litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that

23

further conduct of the Action would be protracted and expensive, and that it is desirable that the

24

Action be fully and finally settled in the manner and upon the terms and conditions set forth in the

25

Stipulation.  The Settlement shall in no event be construed or deemed to be evidence of or an

26

admission or concession on the part of Defendants with respect to any claim or of any fault or

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.  Defendants expressly deny that Lead Plaintiff has asserted a valid claim and denies any and all allegations of fault, liability, wrongdoing or damages whatsoever.

<div style="border:1px solid; background:#eee; text-align:center; padding:4px;">

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

</div>

23.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

<div style="border:1px solid; background:#eee; text-align:center; padding:4px;">

HOW MUCH WILL MY PAYMENT BE?

</div>

## I.   THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

24.     The $40 million total settlement amount, and the interest earned thereon, shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed to Claimants who submit timely and valid Claim Forms that are approved by payment by the Court ("Authorized Claimants") under the Plan of Allocation described below, or as otherwise ordered by the Court.

25.     Each Authorized Claimant's share of the Net Settlement Fund will depend on the total number of Dendreon common stock shares represented by the valid Claim Forms submitted to the Claims Administrator, and the aggregate amount of those claims relative to the Net Settlement Fund.  Each Authorized Claimant's share of the Net Settlement Fund will also depend on how many Dendreon common stock shares the Claimant purchased or acquired during the Class Period, and when the Claimant purchased or acquired and sold or disposed of them, and the price.

26.     For purposes of determining the amount a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a damages consultant.

<div style="text-align:center;">11</div>

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

27.     The Plan of Allocation, subject to Court approval or modification without further notice to the Class, is as follows:

28.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law.  The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding Dendreon and statistical analysis of the price movements of Dendreon common stock and the price performance of relevant market and peer indices during the Class Period.  The Plan of Allocation, however, is not a formal damages analysis.

29.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.   The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

30.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from April 29, 2010 through August 3, 2011 that inflated the price of Dendreon common stock.  It is alleged that corrective disclosures occurred after the market closed on August 3, 2011, which impacted the market price of Dendreon common stock and removed the alleged artificial inflation from the stock price.

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

31.     A Recognized Loss Amount will be calculated for each Dendreon common stock share purchased or otherwise acquired during the Class Period from April 29, 2010, through and including August 3, 2011.  For each Dendreon common stock share purchased or acquired during the Class Period, and

a.     sold before the market closed on August 3, 2011, the Recognized Loss Amount for each share shall be zero;

b.     sold after the close of market trading on August 3, 2011, through the close of market trading on November 1, 2011, the Recognized Loss Amount for each share is *the least of* (i) $19.92; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the average closing price of the common stock between August 4, 2011, and the date of sale, as shown in Table 1 attached to this Notice;

c.     held as of the close of market trading on November 1, 2011, the Recognized Loss Amount for each share is *the lesser of* (i) $19.92; or (ii) the purchase/acquistion price minus $10.76, the average closing price of Dendreon common stock between August 4, 2011, and November 1, 2011, as shown on the last line of Table 1 attached to this Notice.

## OTHER PROVISIONS OF THE PLAN OF ALLOCATION

32.     If a Class Member has more than one purchase/acquisition or sale of Dendreon common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

33.     Purchases or acquisitions and sales of Dendreon common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Dendreon common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Dendreon common stock for the calculation of an Authorized Claimant's "Recognized Claim" (defined below) nor shall the receipt or grant be deemed an assignment of any claim relating to the

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

purchase/acquisition of such shares of Dendreon common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Dendreon common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Dendreon common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

34.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Dendreon common stock.  The date of a "short sale" is deemed to be the date of sale of Dendreon common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Dendreon common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

35.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

36.     With respect to all shares of Dendreon common stock purchased or acquired by a Claimant during the Class Period, the Claims Administrator will determine if the Claimant had a market gain or loss with respect to his, her or its overall transactions during the Class Period in those shares.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[1] and (ii) the sum of the Sales Proceeds[2] and

---

[1] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all Dendreon common stock purchased or acquired during the Class Period.
[2] The Claims Administrator shall match any sales of Dendreon common stock during the Class Period first against the Claimant's opening position in Dendreon common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining Dendreon common stock sold during the Class Period is the "Sales Proceeds."

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

the Holding Value.[3]  This difference will be deemed a Claimant's market gain or loss with respect to his, her or its overall transactions in Dendreon common stock. If a Claimant has a market gain, the value of that Claimant's Recognized Claim, and thus that Claimant's actual recovery, will be zero.  To the extent that a Claimant suffered an overall market loss with respect to his, her or its overall transactions in Dendreon common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

37.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

38.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

39.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

40.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Counsel, Lead Plaintiff, the

---

[3] The Claims Administrator shall ascribe a "Holding Value" of $11.69 to each share of Dendreon common stock purchased or acquired during the Class Period that was still held as of the close of trading on August 3, 2011.

15

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

Claims Administrator, Defendants and their Related Persons (defined below), or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.  All members of the Class who fail to timely submit a Claim Form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the Release of the Released Claims against the Released Persons.

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

42.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

43.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice certain claims asserted against Defendants in the Action and will provide that (a) Lead Plaintiff and Lead Counsel, on behalf of itself or themselves and its or their heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall, and (b) each and every Class Member, on behalf of itself, himself or herself and their respective heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall be deemed to have—and by operation of the Judgment shall have—fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims (as defined below) against each and every one of the Released Persons (as defined below), whether or not such Class Member executes and delivers the Claim Form, and whether or not such Class Member shares in the Settlement Fund.

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

44.     "Immediate Family" means an individual's spouse, domestic partners, parents, siblings, children, grandparents, and grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse; and includes step and adoptive relationships.  "Immediate Family" also includes any trust of which any of the above are a settlor or beneficiary.

45.     "Related Persons" means, as to Dendreon and the Individual Defendants, the following, only in their respective capacities as such:  their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, and each Individual Defendant's Immediate Family.

46.     "Released Claims" means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims" as defined below) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or sale of Dendreon common stock during the Class Period.  "Released Claims" also means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims") arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation.  Notwithstanding the foregoing, "Released Claims" does not include claims (a) asserted in any derivative action or claims brought under the Employee Retirement Income Security Act based on similar allegations, or (b) based upon, relating to or arising out of the interpretation or enforcement of the terms of this Stipulation.

47.     "Released Persons" means each and all of the Defendants and their Related Persons.

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

48.     "Unknown Claims" means any Released Claims, or Defendants' Released Claims, as applicable, that Lead Plaintiff or any Class Member, or any Defendant as applicable, does not know or does not suspect to exist in his, her, or its favor at the time of the release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, or might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, and any and all Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any foreign state or territory, or any principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiff, Class Members, or Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or Defendants' Released Claims, as applicable; but Lead Plaintiff and Defendants upon the Effective Date shall expressly, fully, finally and forever settle and release and each Class

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1   Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall

2   have, fully, finally, and forever settled and released any and all Released Claims against all

3   Released Persons, and any and all Defendants' Released Claims, as applicable, known or

4   unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

5   hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing

6   or coming into existence in the future, including, but not limited to, conduct that is negligent,

7   intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard

8   to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and

9   Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to

10  have acknowledged, that the foregoing waiver of "Unknown Claims" (and inclusion of "Unknown

11  Claims" in the definition of "Released Claims" and "Defendants' Released Claims") was

12  separately bargained for and is a key element of the Settlement of which this release is a part**.**

13       49.     The Judgment also will provide that Defendants and Defendants' counsel, on behalf

14  of itself or themselves and its or their heirs, executors, administrators, successors and assigns, in

15  their respective capacities as such, shall have fully, finally, and forever released, relinquished, and

16  discharged each and every one of Defendants' Released Claims against Lead Plaintiff, each Class

17  Member and Plaintiff's Counsel.

18       50.     "Defendants' Released Claims" means all claims and causes of action (including

19  "Unknown Claims" as defined above) of every nature and description, whether known or

20  unknown, whether arising under federal, state, common or foreign law, that any Defendant may

21  have arising out of, relating to, or in connection with the institution, prosecution, investigation,

22  settlement or resolution of the Litigation; provided that Defendants' Released Claims does not

23  include claims based upon, relating to or arising out of the interpretation or enforcement of the

24  terms of the Stipulation.

25

26

<div align="center">19</div>

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

| | |
|---|---|
| 1 | |
| 2 | |

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?**
> **HOW WILL THE LAWYERS BE PAID?**

51.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 11% of the Settlement Fund net of Court-approved litigation expenses of Plaintiffs' Counsel, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of certain litigation expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $200,000 plus interest at the same rate and for the same time period as earned by the Settlement Fund.  The request for reimbursement of expenses may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4).  The sums approved by the Court will be paid from the Settlement Fund. Members of the Class are not personally liable for the payment of these sums.

> **HOW DO I PARTICIPATE IN THE SETTLEMENT?**
> **WHAT DO I NEED TO DO?**

52.     If you purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, and were damaged thereby, and you are not excluded by the definition of the Class, and you do not elect to exclude yourself from the Class, then you are a Member of the Class and you will be bound by the proposed Settlement if the Court approves it, and you will be bound by any judgment or determination of the Court affecting the Class.  If you are a Member of the Class, and you wish to be potentially eligible to receive a payment from the Net Settlement Fund, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Net Settlement Fund.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.dendreonsecuritieslitigation.com.  You

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

may also request a Claim Form by calling toll-free (866) 297-1226.  Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.blbglaw.com.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  Please retain all records of your ownership of, or transactions in Dendreon common stock, as they may be needed to document your claim.

53.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must timely file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

54.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement?  How Do I Exclude Myself?" below.

55.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

<div style="border:1px solid;text-align:center">

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
HOW DO I EXCLUDE MYSELF?**

</div>

56.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the United States), or otherwise delivers a written request for exclusion from the Class, addressed to In re Dendreon Corporation

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

Class Action Litigation, Claims Administrator, P.O. Box 35010, Seattle, WA 98124-3508.   The exclusion request must be *received* no later than [21 calendar days prior to Settlement Hearing]. You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must provide:  (a) the name, address and telephone number of the Person requesting exclusion; (b) the Person's transactions in Dendreon common stock during the Class Period, including the dates, the number of Dendreon common stock shares purchased or acquired, the date of each purchase, acquisition or sale and the price paid and/or received; and (c) a statement that the person or entity wishes to be excluded from the Class.  Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.  Keep a copy of everything you mail, in case something is lost during shipping or processing.

57.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding concerning any of the Released Claims.

58.     If a Person requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

59.     Defendants shall have the option to terminate the settlement in the event that Persons who would otherwise be Class Members who purchased or acquired in the aggregate more than a certain number of Dendreon common stock shares during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

60.     If you (a) support or do not oppose the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, or (b) you do not wish to object in person to the proposed Settlement, the proposed Plan of

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1    Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, you

2    do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement

3    without attending the Settlement Hearing.

4          61.    The Settlement Hearing will be held on _____, at _:__ _.m. before the

5    Honorable James L. Robart, at the United States District Court for the Western District of

6    Washington, 700 Stewart Street, Courtroom Suite 14106, Seattle, Washington.  The Court reserves

7    the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and

8    reimbursement of litigation expenses at or after the Settlement Hearing without further notice to

9    the Members of the Class.

10         62.    Any Member of the Class who does not request exclusion from the Class in the

11   manner set forth in ¶56 above may object to the Settlement, the Plan of Allocation, or Lead

12   Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses.

13   Objections or oppositions must be in writing.  You must file any written objection or opposition,

14   together with copies of all other papers (including proof of all purchases or other acquisitions of

15   Dendreon common stock during the Class Period) and briefs, with the Clerk's Office at the United

16   States District Court for the Western District of Washington, at the address set forth below on or

17   before [21 calendar days before the Settlement Hearing].  You must also serve the papers on Lead

18   Counsel for the Class and counsel for Defendants by hand or first-class mail, at the addresses set

19   forth below so that the papers are *received* on or before [21 calendar days before the Settlement

20   Hearing].

21

22

23

24

25

26

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
WASHINGTON
Clerk of the Court
700 Stewart Street, Lobby Level
Seattle, WA 98101

**Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Blair A. Nicholas
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

**Counsel for Defendants**

HOGAN LOVELLS US LLP
Norman J. Blears
Michael L. Charlson
525 University Avenue, 4th Floor
Palo Alto, CA 94301

63.     The filing must demonstrate your membership in the Class, including a list of all of your Class Period transactions in Dendreon common stock during the Class Period, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions.  You may not object to the Settlement or any aspect of it if you are not a Member of the Class or if you excluded yourself from the Class.

64.     You may file a written objection without having to appear at the Settlement Hearing.  Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in Dendreon common stock, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; and (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years.  If you intend to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on your behalf at

24

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

the Settlement Hearing.  Any Member of the Class who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as reflected in the Stipulation, or to the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses.  You may not appear at the Settlement Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

65.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before [21 calendar days before the Settlement Hearing] concerning your intention to appear.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

66.     By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, or other-wise requesting to be heard at the Settlement Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement.  If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will share in the Settlement Fund if you file a Claim Form in the manner stated in ¶52 above and the Claims Administrator approves your claim.

67.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [21 calendar days prior to the Settlement Hearing].

68.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES.  CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

| WHAT IF I BOUGHT COMMON STOCK ON SOMEONE ELSE'S BEHALF? |
| --- |

69.     If you purchased or otherwise acquired Dendreon common stock during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (a) request within ten (10) days of receipt of this Notice additional copies of this Notice and the Claim Form for such beneficial owners from the Claims Administrator at In re Dendreon Corporation Class Action Litigation, Claims Administrator, P.O. Box 35010, Seattle, WA 98124-3508; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator, at the address stated in subparagraph (a), within ten (10) days after receipt of this Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner.  If you elect to send the Notice to beneficial owners, you are directed to mail the Notice within ten (10) days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed, and you shall retain the list of

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by timely providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained by calling toll-free (866) 297-1226, may be downloaded from the settlement website, www.dendreonsecuritieslitigation.com or from Lead Counsel's website, www.blbglaw.com.

| CAN I SEE THE COURT FILE? |
| WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |

70. This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at In re Dendreon Corporation Class Action Litigation, Claims Administrator, P.O. Box 35010, Seattle, WA 98124-3508, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

71. All inquiries concerning this Notice or the Claim Form should be directed to:

In re Dendreon Corporation
Class Action Litigation
Claims Administrator
P.O. Box 35010
Seattle, WA 98124-3508
www.dendreonsecuritieslitigation.com
(866) 297-1226

**Claims Administrator**

Blair A. Nicholas, Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582
(888) 648-2524
blbg@blbglaw.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

27

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1    Dated: _____        By Order of the Clerk of Court
                                         United States District Court
2                                        for the Western District of Washington

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**TABLE 1**

**Dendreon Common Stock Price and Average 90-Day Look-back Price**
**August 4, 2011– November 1, 2011**

| Date | Dendreon Common Stock Price | Average 90-Day Look-back Price |
|---|---|---|
| 8/4/2011 | $11.69 | $11.69 |
| 8/5/2011 | $12.56 | $12.13 |
| 8/8/2011 | $10.37 | $11.54 |
| 8/9/2011 | $10.82 | $11.36 |
| 8/10/2011 | $9.91 | $11.07 |
| 8/11/2011 | $10.25 | $10.93 |
| 8/12/2011 | $10.37 | $10.85 |
| 8/15/2011 | $12.65 | $11.08 |
| 8/16/2011 | $13.07 | $11.30 |
| 8/17/2011 | $13.21 | $11.49 |
| 8/18/2011 | $11.97 | $11.53 |
| 8/19/2011 | $12.06 | $11.58 |
| 8/22/2011 | $11.89 | $11.60 |
| 8/23/2011 | $12.50 | $11.67 |
| 8/24/2011 | $12.28 | $11.71 |
| 8/25/2011 | $11.79 | $11.71 |
| 8/26/2011 | $11.87 | $11.72 |
| 8/29/2011 | $12.25 | $11.75 |
| 8/30/2011 | $12.10 | $11.77 |
| 8/31/2011 | $12.28 | $11.79 |
| 9/1/2011 | $11.89 | $11.80 |
| 9/2/2011 | $10.96 | $11.76 |
| 9/6/2011 | $10.81 | $11.72 |
| 9/7/2011 | $11.61 | $11.71 |
| 9/8/2011 | $10.88 | $11.68 |
| 9/9/2011 | $11.40 | $11.67 |
| 9/12/2011 | $11.69 | $11.67 |
| 9/13/2011 | $11.90 | $11.68 |
| 9/14/2011 | $11.90 | $11.69 |
| 9/15/2011 | $12.18 | $11.70 |
| 9/16/2011 | $11.65 | $11.70 |
| 9/19/2011 | $11.30 | $11.69 |
| 9/20/2011 | $11.05 | $11.67 |

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

| | | |
|---|---|---|
| 9/21/2011 | $10.96 | $11.65 |
| 9/22/2011 | $10.10 | $11.60 |
| 9/23/2011 | $10.20 | $11.57 |
| 9/26/2011 | $10.17 | $11.53 |
| 9/27/2011 | $9.87 | $11.48 |
| 9/28/2011 | $9.12 | $11.42 |
| 9/29/2011 | $9.16 | $11.37 |
| 9/30/2011 | $9.00 | $11.31 |
| 10/3/2011 | $8.08 | $11.23 |
| 10/4/2011 | $9.03 | $11.18 |
| 10/5/2011 | $9.00 | $11.13 |
| 10/6/2011 | $9.27 | $11.09 |
| 10/7/2011 | $8.82 | $11.04 |
| 10/10/2011 | $8.55 | $10.99 |
| 10/11/2011 | $8.93 | $10.95 |
| 10/12/2011 | $9.00 | $10.91 |
| 10/13/2011 | $9.84 | $10.88 |
| 10/14/2011 | $9.75 | $10.86 |
| 10/17/2011 | $9.31 | $10.83 |
| 10/18/2011 | $9.57 | $10.81 |
| 10/19/2011 | $9.79 | $10.79 |
| 10/20/2011 | $9.99 | $10.77 |
| 10/21/2011 | $10.36 | $10.77 |
| 10/24/2011 | $10.70 | $10.77 |
| 10/25/2011 | $10.22 | $10.76 |
| 10/26/2011 | $9.93 | $10.74 |
| 10/27/2011 | $10.94 | $10.75 |
| 10/28/2011 | $11.29 | $10.76 |
| 10/31/2011 | $10.94 | $10.76 |
| 11/1/2011 | $10.64 | $10.76 |

NOTICE OF SETTLEMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

# EXHIBIT A-2

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR |
| | (Consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **<u>CLASS ACTION</u>** |
| ALL ACTIONS | PROOF OF CLAIM AND RELEASE FORM |
| | **EXHIBIT A-2** |

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**I.      GENERAL INSTRUCTIONS**

1.      To be potentially eligible to recover as a Member of the Class based on your claims in the action entitled *In re Dendreon Corporation Class Action Litigation,* Case No. C11-01291JLR (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE [120 days after Notice Date]:**

In re Dendreon Corporation Class Action Litigation
Claims Administrator
P.O. Box 35010
Seattle, WA 98124-3508

If you are NOT a Member of the Class (as defined below and in the Notice Of Pendency Of Class Action And Proposed Settlement, Settlement Hearing, And Motion For Attorneys' Fees And Reimbursement Of Litigation Expenses ("Notice")), **DO NOT** submit a Claim Form.

4.      If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

**II.     CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Dendreon common stock during the period from April 29, 2010 through August 3, 2011, inclusive (the "Class Period"), and held documents evidencing these transactions (*i.e.*, broker confirmation slip(s), etc.) in your name, you are the

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

beneficial purchaser as well as the record purchaser.  If, however, you purchased or acquired Dendreon common stock and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of the Claim Form – entitled "Claimant Identification" – to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Dendreon common stock which forms the basis of this claim.  **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF DENDREON COMMON STOCK UPON WHICH THIS CLAIM IS BASED.**

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of the Claim Form – entitled "Transactions in Dendreon Common Stock" – to supply all required details of your transaction(s) in Dendreon common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales or dispositions of Dendreon common stock, whether such transactions resulted in a profit or loss.   Failure to report all requested information may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

1  the earliest.  You must accurately provide the month, day and year of each transaction you list.

2       The date of covering a "short sale" is deemed to be the date of purchase or acquisition of

3  Dendreon common stock.  The date of a "short sale" is deemed to be the date of sale of Dendreon

4  common stock.

5       Copies of broker confirmations or other documentation of your transactions in Dendreon

6  common stock should be attached to your claim.  Failure to provide this documentation could

7  delay verification of your claim or result in rejection of your claim.

8  ***In re Dendreon Corporation Class Action Litigation***
**PART I: CLAIMANT IDENTIFICATION**

10  _____
Beneficial Owner's Name (First, Middle, Last)          / Joint Owner's Name

11  _____
Street Address

12  _____          _____
City                          State                Zip Code

14  _____          _____
Foreign Province                  Foreign Country

15  _____          _____ (Daytime)
Area Code                    Telephone Number

16  _____          _____ (Evening)
Area Code                    Telephone Number

17  _____          _____
Social Security Number      or      Taxpayer Identification Number

19  _____
Email Address

20  _____
Account Number (if filing for more than one account, please file separate claims)

21  _____
Record Owner's Name (if different from beneficial owner listed above)

22  Check appropriate box (check only one box):
23  Individual/Sole Proprietor            ☐   Joint Owners          ☐ Pension Plan
☐   Corporation                    ☐   Partnership           ☐ Trust
24  ☐   IRA                         ☐   Other (describe:_____)

25  NOTE:  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim

26  from Joint Owners should not include separate transactions of just one of the Joint Owners, an

3

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1   Individual should not combine his or her IRA transactions with transactions made solely in the

2   Individual's name).

3   NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of

4   transactions may request, or may be requested, to submit information regarding their transactions

5   in electronic files.  All Claimants MUST submit a manually signed paper Claim Form listing all

6   their transactions, whether or not they also submit electronic copies. If you wish to file your claim

7   electronically, you must contact the Claims Administrator at (866) 297-1226, or visit their website

8   at www.dendreonsecuritieslitigation.com, to obtain the required file layout.  No electronic files

9   will be considered to have been properly submitted unless the Claims Administrator issues to the

10  Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**PART II: TRANSACTIONS IN DENDREON COMMON STOCK**

**A.    INITIAL DENDREON COMMON STOCK HOLDINGS:**    State the number of Dendreon common stock the Claimant owned at the opening of trading on April 29, 2010: _____

If none, write "zero" or "0".  If other than zero, be sure to attach the required documentation.

**B.    DENDREON COMMON STOCK PURCHASES:**  List all purchases or acquisitions of Dendreon common stock made between April 29, 2010 and November 1, 2011, inclusive.  Please note that common stock purchased or acquired during the 90-day look-back period between August 4, 2011 and November 1, 2011, inclusive, will be used only to balance your claim, and not to calculate a Recognized Loss.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Common Stock Purchased | Purchase Price Per Common Stock | Total Purchase Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

* excluding commissions, transfer taxes or other fees

**C.    DENDREON COMMON STOCK SALES:** List all sales of Dendreon common stock made between April 29, 2010 and November 1, 2011, inclusive.  Sales includes all dispositions of Dendreon common stock.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Common Stock Sold | Sale Price Per Common Stock | Total Sale Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**D.      UNSOLD DENDREON COMMON STOCK HOLDINGS AT THE CLOSE OF TRADING ON NOVEMBER 1, 2011:**      State the number of Dendreon common stock the Claimant owned at the close of trading on November 1, 2011:  _____

Be sure to attach the required documentation.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:**

☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED.**

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**PART III:  RELEASE OF CLAIMS AND SIGNATURE**

**Definitions**

"Released Persons" means each and all of the Defendants and their Related Persons.

"Defendants" means Dendreon Corporation ("Dendreon"), Mitchell H. Gold, Hans Bishop and Gregory T. Schiffman (the "Individual Defendants").

"Related Persons" means, as to Dendreon and the Individual Defendants, the following, only in their respective capacities as such:  their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, and each Individual Defendant's Immediate Family.

"Released Claims" means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims" as defined below) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or sale of Dendreon common stock during the Class Period.  "Released Claims" also means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims") arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation.  Notwithstanding the foregoing, "Released Claims" does not include claims (a) asserted in any derivative action or claims brought under the Employee Retirement Income Security Act based on similar allegations, or (b) based upon, relating to or arising out of the interpretation or enforcement of the terms of the Stipulation.

"Class" means all Persons who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, and who were damaged thereby.  Excluded

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1   from the Class are Defendants, the officers and directors of Dendreon at all relevant times,

2   members of their Immediate Families and their legal representatives, heirs, successors or assigns

3   and any entity in which Defendants have or had a controlling interest.  Also excluded from the

4   Class are those Persons who validly request exclusion from the Class.

5        "Unknown Claims" means any Released Claims, or Defendants' Released Claims, as

6   applicable, that Lead Plaintiff or any Class Member, or any Defendant as applicable, does not

7   know or does not suspect to exist in his, her, or its favor at the time of the release of the Released

8   Persons or the Persons released from Defendants' Released Claims, as applicable, which, if known

9   by him, her, or it, might have affected his, her, or its settlement with and release of the Released

10  Persons or the Persons released from Defendants' Released Claims, as applicable, or might have

11  affected his, her, or its decision(s) with respect to the settlement.  With respect to any and all

12  Released Claims, and any and all Defendants' Released Claims, the Settling Parties stipulate and

13  agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and

14  relinquish, and each of the Class Members shall be deemed to have, and by operation of the

15  Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits

16  conferred by California Civil Code §1542, which provides:

17       **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**

18       **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS**

19       **OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,**

20       **WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**

21       **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

22  Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class

23  Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived

24  and relinquished, any and all provisions, rights, and benefits conferred by any law of the United

25  States, any state or territory of the United States, or any foreign state or territory, or any principle

26  of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead

8

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

Plaintiff, Class Members, or Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or Defendants' Released Claims, as applicable; but Lead Plaintiff and Defendants upon the Effective Date shall expressly, fully, finally and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Released Claims against all Released Persons, and any and all Defendants' Released Claims, as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of "Unknown Claims" (and inclusion of "Unknown Claims" in the definition of "Released Claims" and "Defendants' Released Claims") was separately bargained for and is a key element of the Settlement of which this release is a part.

"Defendants' Released Claims" means all claims and causes of action (including "Unknown Claims" as defined above) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that any Defendant may have arising out of, relating to, or in connection with the institution, prosecution, investigation, settlement or resolution of the Litigation; provided that Defendants' Released Claims does not include claims based upon, relating to or arising out of the interpretation or enforcement of the terms of the Stipulation.

**The Release**

I (We) understand and acknowledge that without further action by anyone, on and after the effective date of the Settlement, each Class Member, for good and sufficient consideration, the

9

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not a Claim Form is executed and delivered by, or on behalf of, such Class Member, and whether or not I (we) share in the Settlement Fund.

## **SIGNATURE AND CERTIFICATIONS**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Claim Form under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Western District of Washington, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (We) am (are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of Dendreon common stock during the Class Period and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge and dismiss each and every one of the Released Claims against each and every one of the Released Persons as defined above,

1.      that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2.      that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in Dendreon common stock;

3.  that I (we) own(ed) the Dendreon common stock identified in the Claim Form, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the

10

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

owner(s) thereof;

4.      that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

5.   that I (we) agree to furnish such additional information with respect to this Claim Form as the parties, the Claims Administrator or the Court may require;

6.      that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.      that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

8.      that I (we) have included information about all of my (our) transactions in Dendreon common stock which occurred during the Class Period; and

9.      that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____          _____
Print Name of Claimant                                                             Date

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1

_____

2

Signature of Joint Claimant, if any

3

_____          _____

4

Print Name of Joint Claimant                              Date

5

*If Claimant is other than an individual, or is not the person*
*completing this form, the following also must be provided:*

6

_____

7

Signature of Person Completing Form

8

_____          _____

9

Print Name of Person Completing Form                    Date

10

_____

Capacity of Person Signing (Executor, President, Trustee, etc.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

**REMINDER CHECKLIST**

* Please sign the Certification Section of the Proof of Claim and Release Form.

* If this Claim is being made on behalf of Joint Claimants, then both must sign.

* Please remember to attach supporting documents.

* **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

* Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

* The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 297-1226.

* If you move, please send your new address to:

<div align="center">

In re Dendreon Corporation Class Action Litigation
Claims Administrator
P.O. Box 35010
Seattle, WA 98124-3508

</div>

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS CLAIM FORM MUST BE POSTMARKED NO LATER THAN [120 days after Notice Date], AND MUST BE MAILED TO:**

<div align="center">

In re Dendreon Corporation Class Action Litigation
Claims Administrator
P.O. Box 35010
Seattle, WA 98124-3508

</div>

<div align="center">

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE**

</div>

PROOF OF CLAIM AND RELEASE FORM
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

# EXHIBIT A-3

The Honorable James L. Robart

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR |
| | (consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **CLASS ACTION** |
| ALL ACTIONS | SUMMARY NOTICE |
| | **EXHIBIT A-3** |

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

**TO:   ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED DENDREON COMMON STOCK BETWEEN APRIL 29, 2010, AND AUGUST 3, 2011, INCLUSIVE:**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in this action. A hearing will be held with respect to the settlement on _____, at _:__ _.m. before the Honorable James L. Robart in the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 14106, Seattle, WA 138797.

The purpose of the hearing is to determine whether the proposed settlement of the securities class action claims asserted in this litigation, pursuant to which Defendants will pay or cause to be paid the sum of $40,000,000.00 in cash into a settlement fund in exchange for the dismissal of the litigation and a release of claims against Defendants and their related persons and entities, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class, which includes all persons and entities who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, excluding the Defendants, and their Related Persons (as defined in the Stipulation of Settlement).

If you purchased or otherwise acquired Dendreon common stock at any time between April 29, 2010 and August 3, 2011, inclusive, and were damaged thereby, you may be potentially eligible to share in the distribution of the settlement fund if you submit a claim form no later than [120 days after the Notice Date], establishing that you may be entitled to a recovery.

If you purchased or otherwise acquired Dendreon common stock at any time between April 29, 2010 and August 3, 2011, inclusive, and were damaged thereby, you have the right to object to the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys' fees and expenses, or otherwise request to be heard, by submitting for receipt no later than [21 days before the Settlement Hearing] a written objection in accordance with the procedures described in a more detailed notice that has been mailed to persons known to be purchasers or other acquirers of Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive.  You

SUMMARY NOTICE
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE:  (858) 793-0323

1  also have the right to exclude yourself from the class by submitting for receipt no later than [21
2  days before the Settlement Hearing] a written request for exclusion from the Class in accordance
3  with the procedures described in the more detailed notice.  If the settlement is approved by the
4  Court, you will be bound by the settlement and the Court's final order and judgment, including the
5  releases provided for in the final order and judgment, unless you submit a timely and valid request
6  to be excluded.

7         This notice provides only a summary of matters regarding the litigation and the settlement.
8  A detailed notice describing the litigation, the proposed settlement, and the rights of members of the
9  Class to appear in Court at the hearing, to request to be excluded from the Class and/or to object to
10  the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys'
11  fees and expenses has been mailed to persons known to be purchasers or other acquirers of
12  Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive.  You may obtain a
13  copy of this notice, a proof of claim form, or other information by writing to the following address
14  or calling the following telephone number:

<div align="center">
In re Dendreon Corporation Class Action Litigation<br>
Claims Administrator<br>
P.O. Box 35010<br>
Seattle, WA 98124-3508<br>
Toll-free telephone:  (866) 297-1226
</div>

18  or by downloading the same from www.dendreonsecuritieslitigation.com or www.blbglaw.com.

19  **PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE**
20  **REGARDING THIS NOTICE.**  Inquiries, other than requests for the detailed notice referenced
21  above and a proof of claim form, may be made to plaintiffs' counsel:

22         Blair A. Nicholas
        Niki L. Mendoza
23     BERNSTEIN LITOWITZ BERGER
           & GROSSMANN LLP
24     12481 High Bluff Drive, Suite 300
        San Diego, CA 92130
25     Tel:  866-648-2524

26

SUMMARY NOTICE
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1    Dated: _____                    By Order of the Clerk of the Court
                                                  United States District Court
2                                                 for the Western District of Washington

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMARY NOTICE
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

# EXHIBIT B

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR |
| | (Consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **<u>CLASS ACTION</u>** |
| ALL ACTIONS | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| | **EXHIBIT B** |

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2013 ("Preliminary Approval Order"), on the application of the Lead Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement (the "Stipulation").  Full and adequate notice having been given to the Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Litigation as a class action for settlement purposes only.  The Class consists of all Persons who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of Dendreon at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those persons who validly requested exclusion from the Class in accordance with the requirements set forth in the Preliminary Approval Order, a list of whom is attached hereto as Exhibit 1.

4.      With respect to the Class, this Court finds, solely for the purposes of settlement, that:

(a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by Lead Plaintiff are typical of the claims of the Class;

<div align="center">1</div>

[PROPOSED] FINAL JUDGMENT
MASTER DOCKET NO. C11-01291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff and the Class.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class.  The Court further finds that Lead Plaintiff and Defendants have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

6.     Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation is dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.     Pursuant to this Judgment, upon the Effective Date, (a) Lead Plaintiff and Lead Counsel, on behalf of itself or themselves and its or their heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall, and (b) each and every Class Member, on behalf of itself, himself or herself and their respective heirs, executors, administrators,

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

1   successors and assigns, in their respective capacities as such, shall be deemed to have—and by

2   operation of this Judgment shall have—fully, finally, and forever released, relinquished,

3   discharged and dismissed each and every one of the Released Claims (as defined below) against

4   each and every one of the Released Persons (as defined below), whether or not such Class Member

5   executes and delivers the Claim Form, and whether or not such Class Member shares in the

6   Settlement Fund.

7       8.      Pursuant to this Judgment, upon the Effective Date, Defendants and Defendants'

8   counsel, on behalf of itself or themselves and its or their heirs, executors, administrators,

9   successors and assigns, in their respective capacities as such, shall have fully, finally, and forever

10   released, relinquished, and discharged each and every one of Defendants' Released Claims against

11   Lead Plaintiff, each Class Member and Plaintiff's Counsel.

12      9.      The distribution of the Notice and the publication of the Summary Notice as

13   provided for in the Preliminary Approval Order constituted the best notice practicable under the

14   circumstances, including individual notice to all Class Members who could be identified through

15   reasonable effort.  Said notice provided the best notice practicable under the circumstances of

16   those proceedings and of the matters set forth therein, including the proposed Settlement set forth

17   in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the

18   requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange

19   Act of 1934(as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. §

20   78u-4(a)(7), due process, and any other applicable law.

21      10.     Any plan of allocation submitted by Lead Counsel or any order entered regarding

22   any attorneys' fee and/or expense application shall in no way disturb or affect this Final Judgment

23   and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment

24   and Order of Dismissal with Prejudice.

25      11.     As set forth in the Stipulation, the Settlement compromises claims that are contested

26   and shall not be deemed an admission by any Settling Party as to the merits of any claim or

3

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

[PROPOSED] FINAL JUDGMENT
MASTER DOCKET NO. C11-01291JLR

1   defense.  Neither the Stipulation nor the settlement contained therein, nor any act performed or

2   document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may

3   be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any

4   Released Claim or of any alleged wrongdoing or alleged liability of the Defendants; or (b) is or

5   may be deemed to be or may be used as an admission of, or evidence of, any alleged fault or

6   omission of any of the Defendants in any civil, criminal or administrative proceeding in any court,

7   administrative agency or other tribunal.  Any Person may file the Stipulation and/or this Judgment

8   in any action in order to support a defense or counterclaim based on principles of res judicata,

9   collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of

10  claim preclusion or issue preclusion or similar defense or counterclaim.

11          12.     Without affecting the finality of this Final Judgment and Order of Dismissal with

12  Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of

13  the Settlement and any award or distribution of the Settlement Fund, including interest earned

14  thereon; (b) disposition of the Settlement Fund, including without limitation consideration of a

15  plan of allocation; (c) hearing and determining applications for attorneys' fees and expenses in the

16  Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the

17  Stipulation and the Settlement therein.

18          13.     The Court finds that during the course of the Litigation, the Settling Parties and

19  their respective counsel at all times complied with the requirements of Federal Rule of Civil

20  Procedure 11.

21          14.     In the event that the Settlement does not become effective in accordance with the

22  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

23  Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of

24  Dismissal with Prejudice shall be rendered null and void to the extent provided by and in

25  accordance with the Stipulation and shall be vacated and, in such event, all orders entered and

26

4

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.


DATED: _____

_____
HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

5

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

Presented by:

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP

_____s/ Blair A. Nicholas_____
        BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
NIKI L. MENDOZA
DAVID KAPLAN
JONATHAN USLANER
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
Email: blairn@blbglaw.com
        nikim@blbglaw.com
        davidk@blbglaw.com
        jonathanu@blbglaw.com

*Lead Counsel for Lead Plaintiff*
*and the Class*

KELLER ROHRBACK L.L.P.

JULI E. FARRIS, #17593
DEREK W. LOESER #24274
ELIZABETH A. LELAND, #23433
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel:  (206) 623-1900
Fax:  (206) 623-3384
Email: jfarris@kellerrohrback.com
        dloeser@kellerrohrback.com
        bleland@kellerrohrback.com

*Liaison Counsel for the Class*

6

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130-3582
TELEPHONE:  (858) 793-0070
FACSIMILE:  (858) 793-0323

[PROPOSED] FINAL JUDGMENT
MASTER DOCKET NO. C11-01291JLR