The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-1291JLR |
| | (consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To: | **CLASS ACTION** |
| ALL ACTIONS | **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | NOTE ON MOTION CALENDAR: (Settlement Hearing Date): August 2, 2013, at 10:00 a.m. |

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Class, Providing For Notice And Scheduling Settlement Hearing ("Preliminary Approval Order," ECF No. 98), and as required pursuant to Fed. R. Civ. P. 23(e), on August 2, 2013, at 10:00 a.m., before the Honorable James L. Robart of the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 14106, Seattle, Washington, Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff" or "SamCERA"), through its counsel, Lead Counsel Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), will appear at a hearing on final approval of the proposed Settlement in the above-captioned action (the "Litigation"), and hereby moves the Court for an order granting final approval of the Settlement on the terms set forth in the Stipulation of Settlement dated as of April 24, 2013, and approving the proposed Plan of Allocation for distribution of the settlement proceeds.[1]

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Blair A. Nicholas in Support of Motion for Final Approval of Settlement and Plan of Allocation, and Motion for Approval of Attorneys' Fees and Expenses ("Nicholas Decl." or "Nicholas Declaration"), the exhibits ("Ex.") thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.[2]

---

[1] "Stipulation" refers to the Stipulation of Settlement (ECF No. 97).  All capitalized terms that are not defined herein are defined in the Stipulation.

[2] The Court's Preliminary Approval Order preliminarily certified, for settlement purposes, the Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  Nothing has changed to alter the propriety of the Court's certification and, for all the reasons stated in Lead Plaintiff's motion for preliminary approval of the Settlement (ECF No. 96), incorporated herein by reference, Lead Plaintiff also now requests that the Court grant final certification of the Class for purposes of carrying out the Settlement.

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.     THE SETTLEMENT MEETS THE NINTH  CIRCUIT'S STANDARDS
       FOR APPROVAL............................................................................................... 2

       A.     Lead Plaintiff's Case Is Strong, But Entails Risks ............................... 4

       B.     The Expense, Complexity, And Likely Duration Of Further Litigation................ 6

       C.     The Amount Obtained In Settlement .................................................... 7

       D.     The Extent Of Discovery Completed And The Stage Of The
              Proceedings.......................................................................................... 7

       E.     The Experience And Views Of Lead Plaintiff And Plaintiffs' Counsel................ 9

       F.     Reaction Of The Class To The Proposed Settlement............................. 10

       G.     The Class Received Adequate Notice .................................................. 10

II.    The Plan Of Allocation Should Be Approved .................................................. 11

III.   CONCLUSION.................................................................................................. 12

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anixter v. Home-Stake Prod. Co.,*
77 F.3d 1215 (10th Cir. 1996) ......................................................................................5

*Class Plaintiffs v. Seattle,*
955 F.2d 1268 (9th Cir. 1992) ....................................................................................12

*In re Critical Path, Inc.,*
2002 WL 32627559 (N.D. Cal. June 18, 2002) ...........................................................8

*Ellis v. Naval Air Rework Facility,*
87 F.R.D. 15 (N.D. Cal. 1980) .....................................................................................9

*Glass v. UBS Fin. Servs., Inc.,*
2007 WL 221862 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009)..........8

*Hanlon v. Chrysler,*
150 F.3d 1011 (9th Cir. 1998) ......................................................................................3

*In re Heritage Bond Litig.,*
2005 WL 1594403 (C.D. Cal. June 10, 2005) ...........................................................6, 9

*Hicks v. Stanley,*
2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ...............................................................3

*In re Immune Response Sec. Litig.,*
497 F. Supp. 2d 1166 (S.D. Cal. 2007).......................................................................11

*In re Indep. Energy Holdings PLC Sec. Litig.,*
2003 WL 22244676 (S.D.N.Y. Sept. 29, 2003)............................................................3

*Lane v. Facebook, Inc.,*
696 F.3d 811 (9th Cir. 2012) .....................................................................................2, 3

*Linney v. Cellular Alaska P'ship,*
151 F.3d 1236 (9th Cir. 1998) ......................................................................................8

*Lundell v. Dell, Inc.,*
2006 WL 3507938 (N.D. Cal. Dec. 5, 2006)................................................................3

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) .....................................................................................7, 8

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

ii

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................10

*Officers for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ........................................................... passim

*In re Omnivision Techs., Inc.,*
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................2, 10, 12

*In re Pac. Enters. Sec. Litig.,*
    47 F.3d 373 (9th Cir. 1995) .........................................................................9

*In re Portal Software, Inc. Sec. Litig.,*
    2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ......................................11

*In re Rambus Inc. Derivative Litig.,*
    2009 WL 166689 (N.D. Cal. Jan. 20, 2009) ...................................7, 10

*Robbins v. Koger Props., Inc.,*
    116 F.3d 1441 (11th Cir. 1997) ................................................................5

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ...................................................................11

*Satchell v. Federal Express Corp.,*
    2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ......................................3

*In re TD Ameritrade Account Holder Litig.,*
    2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) ......................................8

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993) .......................................................................4

*Vasquez v. Coast Valley Roofing, Inc.,*
    266 F.R.D. 482 (E.D. Cal. 2010) .............................................................6

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*
    1988 WL 158947 (W.D. Wash. July 28, 1988) ......................................6

*In re Watchguard Sec. Litig.*
    2006 WL 2038656 (W.D. Wash. Apr. 21, 2006) ...................................4

*In re Watchguard Sec. Litig.*
    2006 WL 2927663 (W.D. Wash. Oct. 12, 2006) ...................................4

*In re WorldCom, Inc. Sec. Litig.,*
    388 F. Supp. 2d 319 (S.D.N.Y. 2005)....................................................12

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

iii

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

**STATUTES, RULES AND OTHER AUTHORITIES**

Private Securities Litigation Reform Act of 1995 ................................................................ passim

Fed. R. Civ. P. 9(b) ......................................................................................................1, 4

Fed. R. Civ. P. 23(e)(1)............................................................................................1, 2, 11

H.R. Conf. Rep. 104-369 (1995)................................................................................10

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff respectfully moves for final approval of this securities class action settlement that the Court preliminarily approved on April 26, 2013.  The proposed Settlement is the result of informed, hard-fought, and non-collusive negotiations and is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

The $40 million Settlement was reached after negotiations conducted over a three-month period, including two separate days of formal in-person mediation with the assistance of former federal District Judge and mediator Layn R. Phillips.  The Settlement is the product of Judge Phillips' mediator's recommendation.  Judge Phillips' declaration in support of the Settlement is attached as Exhibit A to the declaration of Lead Counsel, the Nicholas Declaration.

As detailed in the Nicholas Declaration, the Settlement was achieved only after Lead Plaintiff: (1) conducted an extensive investigation, including identifying and contacting approximately thirty confidential witnesses and reviewing and analyzing both public and internal documents; (2) filed a highly detailed 116-page consolidated Complaint; and (3) opposed Defendants' motion to dismiss.  While Lead Plaintiff and Lead Counsel believe that the claims are strong, they understand that the Litigation was not without risks.  These risks included, for example, that the Complaint would be dismissed due to Defendants' arguments that the "safe harbor" provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") protect Dendreon's "forward-looking" statements concerning revenue guidance, and that the consolidated Complaint fails to satisfy the heightened pleading standards of the PSLRA and Fed. R. Civ. P. 9(b).  Even if Lead Plaintiff's Complaint had survived at the pleading stage, there was a risk that the claims would be dismissed at summary judgment, or that Lead Plaintiff would be unable to establish liability or prove damages at trial, and on appeal.  Moreover, there was also substantial uncertainty regarding whether – even if wholly successful through motion practice, trial and appeals – the Class would ultimately be able to fully collect on a substantial judgment.

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

1

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

Lead Plaintiff, along with Lead Counsel – based upon their evaluation of the facts and applicable law and their recognition of the risk and expense of continued litigation – submit that the proposed Settlement is in the best interests of the Class. *See* Nicholas Decl., ¶39; *see also* Declaration of Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff Decl."), attached as Ex. B to the Nicholas Declaration.

Pursuant to the Court's Preliminary Approval Order, beginning on May 7, 2013, the Court-approved Notice was disseminated to over 100,000 potential Class Members and their nominees.[3] Pursuant to the Preliminary Approval Order, the deadline for Class Members to file objections or to seek exclusion from the Class will expire on July 12, 2013.  To date, no objections have been filed, and only 8 requests for exclusion, representing only 26 Persons, have been received.[4]

## I.  THE SETTLEMENT MEETS THE NINTH CIRCUIT'S STANDARDS FOR APPROVAL

It is well established that "voluntary conciliation and settlement are the preferred means of dispute resolution," especially in class actions.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("[T]he court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits.").  Under Rule 23(e) of the Federal Rules of Civil Procedure, a class action may be settled upon notice of the proposed settlement to class members, and a court finding, after a hearing, that it is fair, reasonable and adequate.  *See Lane v. Facebook, Inc.,* 696 F.3d 811 (9th Cir. 2012).

When evaluating the fairness of a class action settlement, courts in the Ninth Circuit are instructed to balance the following factors:

---

[3] *See* Declaration of Jennifer M. Keough Re Notice Dissemination and Publication ("Keough Decl."), Ex. C to Nicholas Decl., ¶10.   A detailed description of the procedural history, the claims asserted, Lead Counsel's investigation, the negotiation of the Settlement, and the substantial risks and uncertainties of the Litigation is contained in the accompanying Nicholas Declaration.

[4] If any objections are received, Lead Plaintiff will address them in its Reply due July 26, 2013.  A list of those seeking exclusion will be included in Ex. 1 attached to the proposed Final Judgment and Order of Dismissal with Prejudice that will be submitted with the Reply.

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

2

> [T]he strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998) (quoting *Officers for Justice*, 688 F.2d at 625); *see also Lane*, 696 F.3d at 819 (referring to these as the "*Hanlon* factors"). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.

Here, the parties' negotiations were thorough and the Settlement was reached without collusion and only after good-faith bargaining among the parties, including the acceptance of a mediator's recommendation. *See Lundell v. Dell, Inc.*, 2006 WL 3507938, at *3 (N.D. Cal. Dec. 5, 2006) (approving class action settlement that was "the result of intensive, arms'-length negotiations between experienced attorneys familiar with the legal and factual issues of this case"). As courts within this Circuit and nationwide have found, "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Federal Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007); *see also In re Indep. Energy Holdings PLC Sec. Litig.*, 2003 WL 22244676, at *4 (S.D.N.Y. Sept. 29, 2003) ("the fact that the Settlement was reached after exhaustive arm's-length negotiations, with the assistance of a private mediator experienced in complex litigation, is further proof that it is fair and reasonable") (citation omitted). Moreover, the fact that the initial mediation session was unsuccessful, and required additional negotiations, further demonstrates that the Settlement was the product of arm's-length negotiations. *See, e.g., Hicks v. Stanley,* 2005 WL 2757792, at *5 (S.D.N.Y. Oct. 24, 2005) ("A breakdown in settlement negotiations can tend to display the negotiation's arms-length and non-collusive nature.") (citation omitted).

In sum, the Settlement is the product of extensive arm's-length negotiations by attorneys highly experienced in securities class action litigation and a sophisticated institutional investor

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1   Lead Plaintiff, and there is no evidence of any collusion.  It is the considered judgment of Lead

2   Plaintiff and Lead Counsel that the Settlement represents a fair, reasonable, and adequate

3   resolution of the litigation and warrants this Court's approval.

4        A.    **Lead Plaintiff's Case Is Strong, But Entails Risks**

5        Courts evaluating proposed class action settlements consider the risks faced by plaintiffs in

6   further litigation, s*ee Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), but do

7   not need to reach "any ultimate conclusions on the contested issues of fact and law which underlie

8   the merits of the dispute." *Officers for Justice*, 688 F.2d at 625.  While Lead Plaintiff believes that

9   Defendants made material false statements or omissions that are actionable under the federal

10  securities laws, and that the claims have merit, it also understood the risks in the litigation.  To

11  begin with, Lead Plaintiff and Lead Counsel understood that there was a serious risk that the Court

12  may dismiss the Complaint at the pleading stage.  As this Court explained in dismissing plaintiff's

13  complaint in *In re Watchguard Sec. Litig.*, the PSLRA and Fed. R. Civ. P. 9(b) contain a

14  heightened pleading standard.  *See* 2006 WL 2038656, at *12 (W.D. Wash. Apr. 21, 2006)

15  (Robart, J.) (dismissing for failure to satisfy the heightened pleading requirements of Rule 9(b) and

16  the PSLRA); and 2006 WL 2927663, at *10 (W.D. Wash. Oct. 12, 2006) (Robart, J.) (dismissing

17  with prejudice).   Although Lead Counsel amassed considerable evidence to support Lead

18  Plaintiff's claims, there was a risk that the Court would conclude that the Complaint lacked the

19  particularity required by the PSLRA and Fed. R. Civ. P. 9(b).

20       In addition, Lead Plaintiff appreciated the risk that the Court may accept Defendants'

21  argument that the case must be dismissed because the PSLRA's "safe harbor" provision

22  immunizes a company's forward-looking statements concerning revenue guidance, including

23  assumptions underlying or relating to such guidance.  Lead Plaintiff and Lead Counsel were aware

24  that, had Defendants' statutory safe harbor argument been successful, the entire action may have

25  been dismissed.  And, to the extent that Defendants' safe harbor argument resulted in only a partial

26  dismissal of the claims, there was a risk that Defendants would successfully argue that Lead

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1    Plaintiff must establish to a legal certainty what portion of the Class's losses were caused by the

2    non-protected false statements, as opposed to the protected false statements (or other factors) –

3    which likely would have resulted in a "battle of the experts."  Nicholas Decl., ¶25.

4         Lead Plaintiff also understood the risk that the Court or a jury may accept one or more of

5    Defendants' additional arguments raised in their motion to dismiss, including that the alleged

6    misstatements were not, in fact, false; that Dendreon had made sufficient disclosures, and the

7    market was aware of, the risks; and that Defendants did not have the requisite scienter.  Lead

8    Plaintiff and Lead Counsel were well aware that, even if Lead Plaintiff's Complaint survived at the

9    pleading stage, Defendants would be expected to reassert these arguments at summary judgment,

10   at trial, and on appeal.  *Id.* ¶42.

11        Lead Counsel also understood the risk that Defendants may potentially lack the ability to

12   pay a judgment in the event that Lead Plaintiff was successful through motions, trial and on

13   appeal.  Lead Counsel reviewed and analyzed publicly available documents and understood

14   Dendreon's declining business operations, competitive position, and financial condition –

15   including its cash burn rate and near-term debt obligations.  Lead Plaintiff also engaged an expert

16   to assist in estimating potentially recoverable damages and analyzing loss causation issues and

17   various damages scenarios.

18        Finally, Lead Plaintiff considered the fact that certain contested issues in this case would

19   have been decided by a jury in the event of a trial.  There is a risk that a jury may reject even a

20   meritorious claim, as well as a risk that an appellate court may overturn a favorable jury verdict.

21   *See, e.g.*, *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81

22   million for plaintiffs against an accounting firm reversed on appeal); *Anixter v. Home-Stake Prod.*

23   *Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning securities class action jury verdict for plaintiffs in

24   case filed in 1973 and tried in 1988).

25

26

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

In sum, Lead Plaintiff and its Counsel had a comprehensive understanding of the risk of continued litigation.  Especially when weighed against these risks, the Settlement is a "fair, reasonable, and adequate" result for the Class.

B.      **The Expense, Complexity, And Likely Duration Of Further Litigation**

The certainty of an immediate recovery for Class Members also strongly weighs in favor of settlement given the costs, delays, risks of losing entirely and the uncertain possibility of achieving a larger recovery at some point far in the future.  *See Officers for Justice,* 688 F.2d at 626; *see also In re Washington Pub. Power Supply Sys. Sec. Litig.,* ("*WPPSS*"), 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) ("[T]he Court finds that the best interests of the class are served by assuring that amount to the class now, before it is subjected further to the vagaries of litigation.").  Courts recognize that securities class actions, in particular, are typically complex and expensive to prosecute.  *See, e.g., In re Heritage Bond Litig.*, 2005 WL 1594403, at *6 (C.D. Cal. June 10, 2005).

There is no doubt that this securities fraud class action is complex, presenting numerous factual and legal issues. If the Settlement here had not been achieved and Lead Plaintiff's Complaint survived Defendants' motion to dismiss, the Litigation would likely have continued for years.  Thereafter, the Litigation would have required extensive discovery at great expense to the diminishing assets potentially available to satisfy a monetary judgment obtained by the Class. Substantial time and expense would also be expended in further motion practice (including at the class certification and summary judgment stages), and preparing the case for trial. The trial itself would be time-consuming, expensive, and uncertain – and no matter the outcome, appeals would be likely.  Even if Lead Plaintiff prevailed through motion practice, and ultimately won at trial and on appeal, the appeals process could span several years, during which the Class would receive no distribution.

In contrast, the Settlement results in an immediate and substantial tangible recovery for the Class, without the risk, expense, and delay of further litigation.  *See Vasquez v. Coast Valley*

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

6

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

*Roofing, Inc.,* 266 F.R.D. 482, 489 (E.D. Cal. 2010) ("It has been held proper to take the bird in hand instead of a prospective flock in the bush.") (internal citations omitted).  This factor likewise favors approval.

        **C.**     **The Amount Obtained In Settlement**

       The determination of a "reasonable" settlement is not susceptible to a mathematical equation yielding a particularized sum.  Nor is the proposed settlement "to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625.  In fact, a settlement may be acceptable even if it amounts to only a fraction of the potential recovery that might be available at trial.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  Here, the Settlement provides for the recovery of $40 million in cash, plus interest.  The Settlement was the direct consequence of Judge Phillips' mediator's recommendation, and was reached only after Lead Counsel had conducted an extensive investigation, and the parties had fully briefed Defendants' motion to dismiss and engaged in lengthy negotiations.  Had the Settlement not been reached and the case survived to trial, Defendants would be expected to argue that any losses suffered by the Class were caused in whole or substantial part by factors other than the challenged statements, and that estimated recoverable damages were minimal or non-existent.

       In sum, the $40 million Settlement presents a reasonable resolution of this action and eliminates the risk that the Class might recover far less, or nothing at all.

        **D.**     **The Extent Of Discovery Completed And The Stage Of The Proceedings**

       The stage of the proceedings and the amount of information available to the parties to assess the strengths and weaknesses of their case is another factor that courts consider in determining the fairness, reasonableness, and adequacy of a settlement.  *See Mego Fin.*, 213 F.3d at 459; *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *2 (N.D. Cal. Jan. 20, 2009).

       Prior to agreeing to the Settlement, Lead Counsel thoroughly evaluated the strengths and weaknesses of Lead Plaintiff's claims. This included an extensive investigation of the facts, which

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

7

encompassed a thorough review of Dendreon's U.S. Securities and Exchange Commission filings, investor presentations and conferences, press releases and other public statements, marketing campaigns, insider trading activity, securities analyst reports, and news and media reports. Nicholas Decl., ¶23.  In addition, Lead Counsel reviewed and analyzed regular internal reports and other internal documents, and identified and contacted approximately thirty former Dendreon managers and employees spread across different divisions (*e.g.*, sales, operations, marketing, patient scheduling, quality control, and government and external affairs) in preparation for drafting the Complaint.  *Id.* ¶24.  The accounts of a dozen of these "confidential witnesses" or "CWs" interviewed by Lead Counsel are described in great detail in the Complaint.

As a result of this thorough investigation, Lead Plaintiff was able to settle the action before Defendants expended additional, limited resources on legal fees.  Courts in this Circuit have recognized that, "[t]hrough protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of getting nothing." *In re Critical Path, Inc.*, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002).  For this reason, courts have commended class counsel for recognizing when, as in this case, a prompt resolution of the matter is in the best interest of the class.  *See Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *15 (N.D. Cal. Jan. 26, 2007) ("Class counsel achieved an excellent result for the class members by settling the instant action promptly."), *aff'd*, 331 Fed. Appx. 452, 457 (9th Cir. 2009).  Indeed, courts regularly approve settlements reached relatively early in the formal litigation process.  *See, e.g., Mego Fin.*, 213 F.3d at 459 (finding that even absent extensive formal discovery, class counsel's significant investigation and research supported settlement approval); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1236, 1239 (9th Cir. 1998); *In re TD Ameritrade Account Holder Litig.*, 2011 WL 4079226, at *6 (N.D. Cal. Sept. 13, 2011) (approving settlement after the filing of a motion to dismiss and prior to significant discovery).  In sum, the parties reached a settlement when they were well informed as to the facts, legal issues, and risks of the Litigation.

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

E.     __The Experience And Views Of Lead Plaintiff And Plaintiffs' Counsel__

Courts recognize that the opinion of experienced counsel supporting the settlement is "entitled to considerable weight." *See, e.g.*, *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980).  This makes sense, as counsel is "most closely acquainted with the facts of the underlying litigation."  *Heritage Bond*, 2005 WL 1594403, at *9 (citations omitted).  "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel."  *Heritage Bond*, 2005 WL 1594403, at *9 (internal citation omitted).

Here, both Lead Counsel Bernstein Litowitz and Liaison Counsel Keller Rohrback L.L.P. have many years of experience in litigating securities class actions throughout the country – including within this Circuit and District in particular – and in assessing the respective merits of each side's case.[5]  Additionally, throughout the litigation and settlement negotiations, Defendants have been represented by very skilled and highly-respected counsel at Hogan Lovells US LLP who brought considerable experience and expertise to bear.  In addition, Lead Plaintiff's support for the Settlement here is further evidence that the Settlement is fair, reasonable and adequate. Under the regime put in place with the enactment of the PSLRA, the Lead Plaintiff's support for a settlement

---

[5] For example, Bernstein Litowitz has obtained recoveries on behalf of investors in securities class action litigation in this Circuit – before and after trial – in amounts up to over $1 billion. *See, e.g.*, *In re Maxim Integrated Prods., Inc. Sec. Litig.*, 08-00832-JW (N.D. Cal.) ($173 million settlement); *In re Connetics Sec. Litig.*, 07-02940 SI (N.D. Cal.) ($12.75 million); *In re New Century*, 07-cv-00931 (FMOx) (C.D. Cal.) ($125 million); *In re Int'l Rectifier Corp. Sec. Litig.*, 07-02544-JFW (C.D. Cal.) ($90 million); *In re Gemstar-TV Guide Int'l Inc. Sec. Litig.*, 02-CV-2775-MRP (C.D. Cal.) ($92.5 million); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 09-CV-1376-LHK (N.D. Cal.) ($125 million); *In re McKesson HBOC, Inc. Sec. Litig.*, 99-CV-20743 RMW (N.D. Cal.) (over $1.04 billion); *In re Washington Mutual, Inc. Sec. Litig.*, 07-cv-1809 (W.D. Wash.) ($208.5 million); *In re Clarent Corp. Sec. Litig.*, Master File No. C-01-3361-CRB (N.D. Cal.) (obtaining plaintiff verdict at trial against CEO for knowing violation of federal securities laws). *See also* Firm Resumes of Lead Counsel and Liaison Counsel, previously filed with the Court (ECF No. 14-1, Exs. G, H).

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

should be accorded "special weight because [the Lead Plaintiff] may have a better understanding of the case than most members of the class." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quoting Manual for Complex Litigation (Third) § 30.44 (1995)). Congress enacted the PSLRA in large part to encourage sophisticated institutional investors to take control of securities class actions and "increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel." H.R. Conf. Rep. 104-369, at *32 (1995). Lead Plaintiff is a sophisticated institutional investor, and its strong support of the Settlement, further supports its approval.

### F.    Reaction Of The Class To The Proposed Settlement

The reaction of the Class to the Settlement is another factor in determining the adequacy of the Settlement. *See Rambus*, 2009 WL 166689, at *3 (citation omitted). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Omnivision*, 559 F. Supp. 2d at 1043 (citation omitted). To date, no Class Member has objected to the Settlement, the Plan of Allocation or Lead Counsel's fee and expense request. As set forth in the Preliminary Approval Order, the deadline to object is July 12, 2013.

### G.    The Class Received Adequate Notice

Lead Plaintiff has provided potential Class Members with adequate notice of the Settlement. Beginning on May 10, 2013, Lead Plaintiff (through the Claims Administrator) disseminated over 100,000 copies of the Court-approved Notice to potential Class Members. Keough Decl., ¶¶5-10. In addition, the Court-approved Summary Notice was published in the *Investor's Business Daily* and over the *PR Newswire* on May 22, 2013. *Id.* ¶11. Information regarding the Settlement has also been made available through a toll-free telephone number established for the Settlement, *id.* ¶12, and posted on the website established by the Claims Administrator specifically for this Settlement, www.DendreonSecuritiesLitigation.com, *id.* ¶13, as

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

10

1    well as on Lead Counsel's website, www.blbglaw.com, and Liaison Counsel's website,

2    www.krcomplexlit.com.    *See* Nicholas Decl. ¶48.   This method of giving notice, previously

3    approved by the Court, is appropriate because it directs notice in a "reasonable manner to all class

4    members who would be bound by the propos[ed judgment]."  Fed. R. Civ. P. 23(e)(1).

5         The Notice provides the necessary information for Class Members to make an informed

6    decision regarding the proposed Settlement.  Among other things, it informs Class Members of the

7    essential terms of the Settlement, sets forth the procedure for opting out or objecting to the

8    Settlement, and provides specifics on the date, time and place of the final approval hearing.  The

9    Notice also contains information regarding Lead Counsel's fee application and the proposed plan

10   of allocating the settlement proceeds among Class Members.

11        In sum, the Notice fairly apprises Class Members of their rights with respect to the

12   Settlement, is the best notice practicable under the circumstances, and complies with the Court's

13   April 26, 2013 Preliminary Approval Order (ECF No. 98), Federal Rule of Civil Procedure 23, the

14   PSLRA, and due process.[6]

15   **II.    THE PLAN OF ALLOCATION SHOULD BE APPROVED**

16        Lead Plaintiff has proposed a plan to allocate the proceeds of the Net Settlement Fund

17   among Class Members who submit valid Claim Forms.  The objective of the proposed Plan of

18   Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered

19   economic losses as a result of the alleged violations of the federal securities laws, and the proposed

20   Plan of Allocation here reflects Lead Plaintiff's damages expert's analysis undertaken to that end.

21   *See* Declaration of Chad Coffman, CFA ("Coffman Decl."), ¶8.

22

23

24   [6] *See In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *1 (N.D. Cal. Nov. 26, 2007)
     (approving similar notice regimen); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166,

25   1170 (S.D. Cal. 2007); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)
     ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to

26   alert those with adverse viewpoints to investigate and to come forward and be heard'") (citations
     omitted).

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

Assessment of the adequacy of a plan of allocation in a class action is governed by the same standards of review applicable to the settlement as a whole – the plan needs to be fair, reasonable and adequate. *See Omnivision*, 559 F. Supp. 2d at 1045; *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992). "An allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005) (citation omitted).

The proposed Plan of Allocation in this case, as explained in the Notice, is based on Lead Plaintiff's expert's event study analysis, which estimated the abnormal stock price decline following the alleged corrective disclosures, and the attendant removal of the artificial inflation from the prices of Dendreon common stock during the Class Period. It was prepared in consultation with Lead Plaintiff's damages consultant, tracks the theory of damages asserted by Lead Plaintiff, and is otherwise fair, reasonable and adequate to the Class as a whole. In addition, in response to over 100,000 Notices, there have been no objections to the proposed Plan of Allocation.

## III.   **CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant final approval of the Settlement and Plan of Allocation.


Dated:  June 28, 2013                        Respectfully submitted,

By:   *s/ Blair A. Nicholas*
      BLAIR A. NICHOLAS

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
Blair A. Nicholas (Admitted *Pro Hac Vice*)
Niki L. Mendoza
David R. Kaplan (Admitted *Pro Hac Vice*)
Jonathan D. Uslaner (Admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

12

Tel:    (858) 793-0070
Fax:    (858) 793-0323
Email: blairn@blbglaw.com
        nikim@blbglaw.com
        davidk@blbglaw.com
        jonathanu@blbglaw.com

*Counsel for Lead Plaintiff SamCERA and Lead Counsel for the Class*

Juli E. Farris, #17593
Elizabeth A. Leland #23433
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel:    (206) 623-1900
Fax:    (206) 623-3384
Email: jfarris@kellerrohrback.com
        bleland@kellerrohrback.com

*Local Counsel for Lead Plaintiff SamCERA*

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on June 28, 2013, I electronically filed the foregoing paper with the

3    Clerk of the Court using the ECF system which will send notification of such filing to the

4    following ECF participants:

5    Benjamin T. Diggs    benjamin.diggs@hoganlovells.com, bea.goncalves@hoganlovells.com

6    Blair A. Nicholas    blairn@blbglaw.com, denab@blbglaw.com, Jessica.Cuccurullo@blbglaw.com

7    Dan Drachler    ddrachler@zsz.com

8    David R. Kaplan    davidk@blbglaw.com

9    Derek W. Loesser    dloesser@kellerrohrback.com

10   Elizabeth Ann Leland    bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

11   Imanta F. Holmquist    imants@lawhg.net

12   Jeffrey C. Grant    jgrant@skellengerbender.com, jsprenger@skellengerbender.com

13   Jonathan D. Uslaner    jonathanu@blbglaw.com

14   Juli E. Farris    jfarris@kellerrohrback.com

15   Karl Phillip Barth    karlb@hbsslaw.com, dawn@hbsslaw.com, shelby@lmbllp.com,

16   shelbys@hbsslaw.com

17   Laurence Reza Wrathall    laurence.wrathall@blbglaw.com

18   Michael Charlson    michael.charlson@hoganlovells.com, dede.salvi@hoganlovells.com, ky-

19   yen.wong@hoganlovells.com, michael.ewers@hoganlovells.com

20   Michael D. McKay    mdm@mckay-chadwell.com, eep@mckay-chadwell.com, hgr@mckay-

21   chadwell.com

22   Norman J. Blears    norman.blears@hoganlovells.com, dede.salvi@hoganlovells.com

23   Peter E. Borkon    peterb@hbsslaw.com, pashad@hbsslaw.com

24   Reed R. Kathrein    reed@hbsslaw.com, pashad@hbsslaw.com, sf_filings@hbsslaw.com

25   Robin Wechkin    robin.wechkin@hoganlovells.com, ky-yen.wong@hoganlovells.com

26   Roger M. Townsend    rtownsend@bjtlegal.com, admin@bjtlegal.com

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

14

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1    Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

2

3                                    *s/ Blair A. Nicholas*

4                                  Blair A. Nicholas

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOT. FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323