The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: DENDREON CORPORATION CLASS ACTION LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MASTER DOCKET NO. C11-1291JLR<br><br>(consolidated with Nos. C11-1294JLR and C11-1568JLR)<br><br>**CLASS ACTION**<br><br>**LEAD COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR: (Settlement Hearing Date): August 2, 2013, at 10:00 a.m. |

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Class, Providing For Notice And Scheduling Settlement Hearing ("Preliminary Approval Order," ECF No. 98), on August 2, 2013, at 10:00 a.m., before the Honorable James L. Robart of the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 14106, Seattle, Washington, Lead Counsel and counsel for Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff" or "SamCERA"), Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), on behalf of itself, and Liaison Counsel Keller Rohrback L.L.P. (collectively, "Plaintiffs' Counsel"), will and hereby does move the Court for an order granting attorneys' fees and reimbursement of litigation expenses in the above-captioned securities class action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Blair A. Nicholas in Support of Motion for Final Approval of Settlement and Plan of Allocation, and Motion for Approval of Attorneys' Fees and Expenses ("Nicholas Decl." or "Nicholas Declaration"), the exhibits ("Ex.") thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.[1]

---

[1] All capitalized terms that are not defined herein are defined in the Stipulation of Settlement, which was filed on April 24, 2013 (ECF No. 97).

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. THE REQUESTED FEES ARE FAIR AND REASONABLE ......................................... 3

    A. The Results Achieved And Risks Of Litigation ....................................... 4

    B. The Skill Required And Quality Of The Work Performed..................................... 6

    C. The Contingent Nature Of The Fee ....................................................................... 8

    D. Awards Made In Similar Cases.............................................................................. 8

    E. Reaction Of The Class To Date Supports The Fee Request .................................. 9

    F. The Lodestar Crosscheck Confirms The Fee Is Reasonable ................................ 10

II. REIMBURSEMENT OF COSTS AND EXPENSES ...................................................... 11

III. CONCLUSION................................................................................................................. 12

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ...................................................................................9

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010) .....................................................................12

*Anixter v. Home-Stake Prod. Co.*,
    77 F.3d 1215 (10th Cir. 1996) ............................................................................................6

*In re Apple Computer Sec. Litig.*,
    1991 WL 238298 (N.D. Cal. Sept. 6, 1991) .......................................................................6

*In re BankAtlantic Bancorp, Inc.*,
    2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) .....................................................................6

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ............................................................................................................3

*Buccellato v. AT&T Operations, Inc.*,
    2011 WL 3348055 (N.D. Cal. June 30, 2011) ..........................................................1, 8, 10

*In re CV Therapeutics, Inc., Sec. Litig.*,
    2007 WL 1033478 (N.D. Cal. Apr. 4, 2007) ....................................................................11

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
    2007 WL 2416513 (N.D. Cal. Aug. 16, 2007) ...................................................................8

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    438 F. Supp. 1303 (C.D. Cal. 1977) ...................................................................................7

*Glass v. UBS Fin. Servs., Inc.*,
    331 Fed. Appx. 452 (9th Cir. 2009) .............................................................................3, 10

*Gustafson v. Valley Ins. Co.*,
    2004 WL 2260605 (D. Or. Oct. 6, 2004) ...........................................................................6

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ................................................................................................11

*In re Heritage Bond Litig.*,
    2005 WL 1594389 (C.D. Cal. June 10, 2005) ................................................................4, 6

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

ii

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
 194 F.R.D. 166 (E.D. Pa. 2000)..................................................................................................4

*Knight v. Red Door Salons*,
 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................................................................9

*In re Marsh & McLennan Cos. Sec. Litig.*,
 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ..........................................................................12

*In re Omnivision Techs., Inc.*,
 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .............................................................................passim

*In re Quintus Sec. Litig.*,
 2006 WL 3507936 (N.D. Cal. Dec. 5, 2006) ............................................................................12

*Rabin v. Concord Assets Grp., Inc.*,
 1991 WL 275757 (S.D.N.Y. Dec. 19, 1991) ............................................................................10

*Robbins v. Koger Props., Inc.*,
 116 F.3d 1441 (11th Cir. 1997) ..................................................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007).....................................................................................................................3

*Van Vranken v. Atl. Richfield Co.*,
 901 F. Supp. 294 (N.D. Cal. 1995) ...........................................................................................10

*Varljen v. H.J. Meyers & Co., Inc.*,
 2000 WL 1683656 (S.D.N.Y. Nov. 8, 2000) ............................................................................11

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) ............................................................................................passim

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
 19 F.3d 1291 (9th Cir. 1994) ......................................................................................................8

*In re Watchguard Sec. Litig.*,
 2006 WL 2038656 (W.D. Wash. Apr. 21, 2006).......................................................................5

*In re Watchguard Sec. Litig.*,
 2006 WL 2927663 (W.D. Wash. Oct. 12, 2006).......................................................................5

**STATUTES AND RULES**

Private Securities Litigation Reform Act of 1995 ............................................................... passim

Fed. R. Civ. P. 9(b) ........................................................................................................................2, 5

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff and Lead Counsel have succeeded in reaching a Settlement in the amount of $40 million for the Class. The Settlement was achieved pursuant to two separate days of formal in-person mediation sessions, followed by a mediator's recommendation, and only after Lead Counsel conducted an extensive investigation, including identifying and contacting approximately thirty confidential witnesses and reviewing and analyzing tens of thousands of pages of public and internal documents; filed a highly detailed 116-page consolidated Complaint; and opposed Defendants' motion to dismiss. Lead Counsel undertook the prosecution on an entirely contingent basis. As compensation for its extensive efforts, Lead Counsel is applying for fees constituting 11% of the Settlement Fund, net of Court-approved litigation expenses of Plaintiffs' Counsel, or $4,386,613.11, and for reimbursement of $121,699.00 in Plaintiffs' Counsel's litigation expenses, plus interest at the same rate accrued by the Settlement Fund. In addition, Lead Counsel requests, on behalf of Lead Plaintiff SamCERA, reimbursement for a total of $6,511.84 for time and costs incurred by it directly relating to its representation of the Class, in fulfillment of its duties and obligations as the Court-appointed Lead Plaintiff as envisioned by Congress in enacting the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(4).[2]

Lead Counsel's requested percentage fee of 11% is less than half of the Ninth Circuit's 25% "benchmark" for common fund cases,[3] and consistent with, or substantially lower than, approved fee percentages in many similar securities settlements within this District and nationwide.[4] The amount requested is especially warranted in light of the very good recovery,

---

[2] *See* Declaration of Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff Decl."), attached as Ex. B to the Nicholas Decl.

[3] *See, e.g., Buccellato v. AT&T Operations, Inc.*, 2011 WL 3348055, at *1 (N.D. Cal. June 30, 2011) (citing, *inter alia*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (recognizing 25% benchmark)).

[4] *See, e.g., McGuire v. Dendreon Corp.,* ("*Dendreon I*"), Case No. C07-800 MJP, Order filed Dec. 20, 2010 (25% fee); *Argent Classic Convertible Arbitrage Fund, L.P. v. Amazon.com Inc.,*

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

1

including when the $40 million settlement amount and 11% fee percentage is weighed against the formidable obstacles facing the Class in the continued prosecution of this Litigation. For example, Lead Counsel understood the risk that the Complaint would be dismissed, in whole or in part, based on Defendants' argument that many or all of the challenged statements were immunized from liability under the PSLRA's "safe harbor" for "forward-looking" statements, or due to a failure to satisfy the heightened pleading standards of the PSLRA and Fed. R. Civ. P. 9(b). Even if the Complaint had survived the pleading stage, Lead Counsel understood the risk that the claims would be dismissed at summary judgment, or that Lead Plaintiff would be unable to establish liability or prove damages at trial, and on appeal. Further, absent this Settlement, the Litigation would have likely dragged on for years at considerable expense and without the Class receiving the benefits of the Settlement. Moreover, it was Lead Counsel's understanding that, due to Dendreon's business and financial condition, there was the serious risk that the Class would ultimately receive less or no recovery from Defendants, even if Lead Plaintiff were to prevail upon the claims at trial.

Additionally, the Court-appointed institutional investor Lead Plaintiff supports the fee and expense request as fair and reasonable. *See* Lead Plaintiff Decl., attached as Ex. B to the Nicholas Decl., ¶6. The approval of this sophisticated institutional investor is particularly significant here in light of its active involvement in the prosecution and settlement of the case.

Finally, pursuant to the Court's Preliminary Approval Order, the Notice was disseminated to more than 100,000 potential Class Members and a Summary Notice was published in the *Investor's Business Daily* and transmitted over the *PR Newswire*. *See* Declaration of Jennifer M.

---

("*Amazon.com*"), Case No. C01-0640L, Order filed October 20, 2005 (30%); *In re Washington Mutual, Inc. Sec. Litig.,* ("*WaMu*"), C08-387 MJP, Order filed November 4, 2011 (21%); *Fouad v. Isilon Sys., Inc.*, 07-1764 MJP (W.D. Wash.), Order dated March 5, 2010 (25%); *In re WSB Fin. Grp. Sec. Litig.*, 07-1747 RAJ (W.D. Wash.), Order dated March 27, 2009 (25%). To avoid burdening the Court, Plaintiffs' Counsel are not presently submitting copies of the unpublished opinions cited, but are happy to provide copies upon request if they would assist the Court.

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

2

Keough Re Notice Dissemination and Publication ("Keough Decl."), attached as Ex. C to the Nicholas Decl., ¶¶10-11. The Notice informed Class Members that Lead Counsel intended to apply to the Court for an award of attorneys' fees in an amount not to exceed 11% of the Settlement Fund net of Court-approved litigation expenses of Plaintiffs' Counsel, and reimbursement of litigation expenses (which may include expenses incurred by Lead Plaintiff in accordance with the PSLRA), in an amount not to exceed $200,000. *See* Ex. A to Keough Decl., p. 2, ¶5. Significantly, the actual expense request of $121,699.00 (of Plaintiffs' Counsel only), or $128,210.84 (including Lead Plaintiff's costs and expenses) is materially lower than the maximum amount stated in the notice. While the deadline for Class Members to object to the requested attorneys' fees and expenses has not yet passed, to date, no objection has been received.

## I.   **THE REQUESTED FEES ARE FAIR AND REASONABLE**[5]

The Supreme Court has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Indeed, the Supreme Court has emphasized that private securities actions, such as the instant Litigation, are "a most effective weapon" and "an essential supplement to criminal prosecutions and civil enforcement actions" brought by the SEC. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). The PSLRA authorizes courts to award attorneys' fees and expenses to class counsel provided the award does not exceed a reasonable percentage of the amount paid to the class. 15 U.S.C. § 78u-4(a)(6). The Ninth Circuit has expressly approved the percentage-of-recovery approach, which has become the prevailing method for awarding fees in common fund cases in the Ninth Circuit. *See, e.g.*, *Glass v. UBS Fin. Servs., Inc.*, 331 Fed. Appx. 452, 456-57 (9th Cir. 2009) (unpubl.) (overruling objection based on use of percentage-of-the-fund approach).

Courts in this Circuit consider the following factors when determining whether a fee is fair

---

[5] A detailed description of the procedural history, the claims asserted, Lead Counsel's investigation, the negotiation of the Settlement, and the substantial risks and uncertainties of the Litigation is contained in the accompanying Nicholas Declaration.

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

3

and reasonable:  (1) the results achieved; (2) the risks of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and financial burden carried by the plaintiffs; (5) awards made in similar cases; (6) the reaction of the class; and (7) the amount of a lodestar cross-check.  *See Vizcaino*, 290 F.3d at 1048-50; *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046-48 (N.D. Cal. 2008).  Application of each of these factors confirms that the requested fee of 11% is justified.

### A.    The Results Achieved And Risks Of Litigation

Courts have consistently recognized that the settlement achieved is an important factor to consider in determining an appropriate fee award.  *See, e.g.*, *Omnivision*, 559 F. Supp. 2d at 1046.  In this case, Lead Counsel succeeded in obtaining a $40 million cash Settlement for the Class.  This achievement was the result of Lead Counsel's vigorous prosecution and settlement negotiations in the face of formidable risks, as discussed below.  Consequently, the $40 million recovered on behalf of the Class represents a substantial achievement that weighs in favor of granting the 11% fee.

Risk that continued litigation might result in the Class (and counsel) not receiving any recovery at all is another important factor in determining a fair fee award.  *See, e.g.*, *In re Heritage Bond Litig.*, 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005) ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").  While courts have always recognized that securities class actions carry significant risks, post-PSLRA rulings make it clear that the risk of no recovery has increased significantly as "securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA."  *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000).

Lead Plaintiff believes that Defendants made false statements and material omissions during the Class Period that are actionable under the federal securities laws, and that the claims have merit, but Defendants adamantly deny liability and have continuously asserted that they

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

4

possess defenses to all claims. Lead Plaintiff and Lead Counsel understood that there was a serious risk that, as the Court had done in the *Watchguard* securities class action, the Court would dismiss the Complaint for failure to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b) and the PSLRA. *See In re Watchguard Sec. Litig.,* 2006 WL 2038656, at *12 (W.D. Wash. Apr. 21, 2006) (Robart, J.) (dismissing for failure to satisfy the heightened pleading requirements of Rule 9(b) and the PSLRA); and *In re Watchguard Sec. Litig.,* 2006 WL 2927663, at *10 (W.D. Wash. Oct. 12, 2006) (Robart, J.) (dismissing with prejudice).

In addition, Defendants had argued in their motion to dismiss that the case must be dismissed because the PSLRA's "safe harbor" provisions protect a company's forward-looking statements concerning revenue guidance, as well as the assumptions underlying or relating to such guidance. Lead Plaintiff and Lead Counsel were aware that, had Defendants' statutory safe harbor arguments been successful, the entire action may have been dismissed. And to the extent that Defendants' safe harbor argument resulted in only a partial dismissal of the claims, Defendants would likely have argued that Lead Plaintiff must establish to a legal certainty what portion of the Class's losses, if any, were caused by the non-protected false statements, as opposed to the protected false statements (or other factors) – which likely would have resulted in a "battle of the experts." Nicholas Decl., ¶¶25, 41.

Defendants also argued that the alleged false statements were not, in fact, false; that Dendreon had sufficiently disclosed and the market was aware of the risks; and that Defendants did not have the requisite scienter (a parallel argument of which was successful before this Court in *Watchguard*). Lead Plaintiff and Lead Counsel were well aware that, even if Lead Plaintiff's Complaint survived at the pleading stage, Defendants would be expected to reassert these arguments at summary judgment, at trial, and on appeal. Indeed, in opposing Defendants' motion to dismiss, Lead Plaintiff repeatedly argued that the motion presented fact-intensive inquiries better suited for summary judgment or trial. *Id.* ¶42.

Lead Counsel also analyzed Defendants' potential ability to pay a judgment in the event

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

5

Lead Plaintiff was wholly successful through motions, trial and an appeal several years in the future. Lead Counsel reviewed and analyzed publicly available documents and understood Dendreon's declining business operations, competitive position, and financial condition – including its cash burn rate and near-term debt obligations. Lead Plaintiff also engaged an expert to assist in estimating potentially recoverable damages and analyzing loss causation issues and various damages scenarios. *Id.* ¶43.

Lead Plaintiff further considered that certain contested issues would have been decided by a jury in the event of a trial, including whether the alleged misrepresentations were false and material to investors, whether all of the Class Members' losses were caused by the alleged misrepresentations, and the amount of damages. Even a meritorious case can be lost at trial, or later on appeal.[6] These risks facing Lead Plaintiff, the Class, and Lead Counsel further support the requested fee.

### B. The Skill Required And Quality Of The Work Performed

Another factor to consider in determining what fee to award is the skill required and quality of work performed. *See Gustafson v. Valley Ins. Co.*, 2004 WL 2260605, at *2 (D. Or. Oct. 6, 2004); *Heritage Bond*, 2005 WL 1594389, at *12 ("The experience of counsel is also a factor in determining the appropriate fee award."). "The 'prosecution and management of a complex national class action requires unique legal skills and abilities.' [citation omitted]. This is particularly true in securities cases because the [PSLRA] makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Omnivision*, 559 F. Supp. 2d at 1047.

Here, the attorneys at Lead Counsel Bernstein Litowitz are among the most experienced

---

[6] *See, e.g.*, *In re BankAtlantic Bancorp, Inc.*, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) (granting defendants' judgment as a matter of law following plaintiffs' verdict); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (reversing jury verdict of $81 million for plaintiffs against an accounting firm); *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning securities class action jury verdict for plaintiffs in case filed in 1973 and tried in 1988); *In re Apple Computer Sec. Litig.*, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991) (overturning jury verdict for plaintiffs following an extended trial).

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

6

and skilled practitioners in the securities litigation field, and the firm has a long and successful track record of prosecuting securities cases throughout the country – including within this District.[7]  Lead Counsel's reputation as experienced and competent counsel in complex class action cases, both willing and able to litigate the case to resolution, facilitated Lead Counsel's ability to negotiate the Settlement, ultimately resulting in the $40 million recovery for the Class.

From the outset, Lead Counsel endeavored to obtain the maximum recovery for the Class. Lead Counsel demonstrated that it would work, as efficiently as possible, to develop sufficient evidence to support a convincing case.  As detailed in the Nicholas Declaration, through Lead Counsel's persistent efforts, Lead Plaintiff was able to plead detailed allegations based on its extensive investigation, including the contents of internal documents and the corroborating accounts of a dozen confidential witnesses.  Nicholas Decl., ¶40.  Lead Counsel's extensive efforts and skill leading to the Settlement strongly support the requested percentage fee.

The quality and vigor of opposing counsel is also important in evaluating the services rendered by Lead Counsel.  *See, e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977).  Throughout the litigation and settlement negotiations, Defendants have been represented by very skilled and highly-respected counsel at Hogan Lovells US LLP

---

[7] *See, e.g.*, *In re Clarent Corp. Sec. Litig.*, Master File No. C-01-3361-CRB (N.D. Cal.) (obtaining plaintiff verdict against Chief Executive Officer for knowing violation of federal securities laws); *In re Washington Mutual, Inc. Sec. Litig.*, 07-cv-1809 MJP (W.D. Wash.) ($208.5 million settlement recovery); *In re WSB Fin. Grp. Sec. Litig.*, 07-cv-1747 RAJ (W.D. Wash.) ($4.85 million); *In re Onyx Software Corp. Sec. Litig.*, C01-1346L (W.D. Wash.) ($1.185 million); *see also, e.g.*, *In re McKesson HBOC, Inc. Sec. Litig.*, 99-CV-20743 RMW (N.D. Cal.) (over $1.04 billion); *In re Maxim Integrated Prods., Inc. Sec. Litig.*, 08-00832-JW (N.D. Cal.) ($173 million); *In re Connetics Sec. Litig.*, 07-02940 SI (N.D. Cal.) ($12.75 million); *In re New Century*, 07-cv-00931 (FMOx) (C.D. Cal.) ($125 million); *In re Int'l Rectifier Corp. Sec. Litig.*, 07-02544-JFW (C.D. Cal.) ($90 million); *In re Gemstar-TV Guide Int'l Inc. Sec. Litig.*, 02-CV-2775-MRP (C.D. Cal.) ($92.5 million); *In re Wells Fargo Mortg.-Backed Certificates Litig.,* 09-cv-01376-LHK (N.D. Cal.) ($125 million); *In re Tenet Healthcare Corp. Sec. Litig.*, CV 02-8462-RSWL (C.D. Cal.) ($281.5 million); *In re Brocade Sec. Litig.,* 05-CV-02042-CRB (N.D. Cal.) ($160 million); *In re Marvell Tech. Group Ltd. Sec. Litig.,* 06-cv-6286 RMW (N.D. Cal.) ($72 million); *In re 3Com Sec. Litig.*, 97-cv-21083 (N.D. Cal.) ($259 million); *In re Informix Corp. Sec. Litig.*, 97-cv-1289 (N.D. Cal.) ($136.5 million); *see also* Firm Resumes of Lead Counsel and Liaison Counsel, previously filed with the Court (ECF No. 14-1, Exs. G, H).

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

7

who brought considerable experience and expertise to bear and spared no effort in the defense of their clients. The fact that Lead Counsel achieved this Settlement for the Class in the face of formidable legal opposition further evidences the quality of its work.

### C. The Contingent Nature Of The Fee

The Ninth Circuit has confirmed that a determination of a fair and reasonable fee must include consideration of the contingent nature of the fee and the obstacles surmounted in obtaining the settlement.[8] Here, Plaintiffs' Counsel received no compensation during the course of this nearly two year litigation, during which they invested over 5,000 hours for a total lodestar of $2,600,221.10, and incurred reasonable and necessary expenses of $121,699.00 in prosecuting the case. *See* Nicholas Decl., ¶¶55, 64. Additional work in connection with the Settlement and claims administration will also be required. Lawyers working on the case have also forgone the business opportunity to devote time to other cases. *See Vizcaino*, 290 F.3d at 1050. Any fee award has always been at risk, and completely contingent on the result achieved and on this Court's discretion in awarding fees and expenses. The risk of no recovery in complex cases is very real. Lead Counsel knows from personal experience that, despite the most vigorous and competent efforts, success in contingent litigation such as this is never guaranteed. These cases are not always settled, nor are plaintiffs' lawyers always successful. Hard, diligent work by skilled counsel is required to develop facts and theories to prosecute a case or persuade defendants to settle on terms favorable to the class.

### D. Awards Made In Similar Cases

Lead Counsel seeks a fee of 11% of the Settlement Amount, net of Court-awarded litigation expenses. This is less than half of the Ninth Circuit's 25% benchmark for common fund cases, and well below fee percentages regularly awarded in securities class action settlements in the Ninth Circuit, this District, and elsewhere. *See Buccellato*, 2011 WL 3348055, at *1

---

[8] *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2007 WL 2416513, at *1 (N.D. Cal. Aug. 16, 2007); *Omnivision*, 559 F. Supp. 2d at 1047.

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

8

1  (recognizing Ninth Circuit's 25% benchmark, surveying cases and granting 25% fee award). Indeed, in most common fund cases, the award exceeds that benchmark. *Vizcaino,* 290 F.3d at 1048-50 (affirming fee award of 28% of $96.9 million settlement fund); *see, e.g.*, *Dendreon I*, Case No. C07-800 MJP, Order filed Dec. 20, 2010 (W.D. Wash.) (granting 25% fee); *Amazon.com,* Case No. C01-0640L, Order filed October 20, 2005 (W.D. Wash.) (granting 30% fee); *WaMu*, C08-387 MJP, Order filed November 4, 2011 (W.D. Wash.) (granting 21% fee). Indeed, it is not unusual for common fund awards to range around 30%. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (surveying securities cases nationwide and noting, "This court's review of recent reported cases discloses that nearly all common fund awards range around 30%").

### E. Reaction Of The Class To Date Supports The Fee Request

The reaction of the class to a proposed settlement and fee request is a relevant factor in approving fees. *See Knight v. Red Door Salons*, 2009 WL 248367, at *7 (N.D. Cal. Feb. 2, 2009); *Omnivision*, 559 F. Supp. 2d at 1048. Here, pursuant to the Court's Preliminary Approval Order, beginning on May 10, 2013, the Court-approved Notice was disseminated to more than 100,000 potential Class Members and their nominees, and the Summary Notice was published in the *Investor's Business Daily* and over the *PR Newswire* on May 22, 2013. *See* Keough Decl., Ex. C to Nicholas Decl., ¶¶10-11. The Notice informed Class Members that Lead Counsel would seek fees "in an amount not to exceed 11% of the Settlement Fund net of Court-approved litigation expenses of Plaintiffs' Counsel, plus interest earned at the same rate and for the same period as earned by the Settlement Fund." *See* Ex. A to Keough Decl., p. 2, ¶5. The Notice further advised Class Members of, among other things, their right to object to Lead Counsel's request for attorneys' fees and litigation expenses. While the deadline for filing any objections does not expire until July 12, 2013, to date, no objection has been filed. *See, e.g.*, *Red Door Salons*, 2009 WL 248367, at *7 (no objection supports 30% award); *Omnivision*, 559 F. Supp. 2d at 1048 (only three objections supports 28% award).

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

### F. The Lodestar Crosscheck Confirms The Fee Is Reasonable

Although courts in this Circuit typically apply the percentage approach to determine attorneys' fees in common-fund cases, courts may "properly perform[] an informal lodestar cross-check" on the percentage method. *Glass*, 331 Fed. Appx. at 457 (affirming district court's 25% fee award over objection). In *Vizcaino,* the Ninth Circuit affirmed a fee awarded in this District that equaled 28% of the settlement fund and a multiplier of 3.65. *See Vizcaino*, 290 F.3d 1043; *see also Buccellato*, 2011 WL 3348055, at *1 (awarding 25% fee, representing a 4.3 multiplier). In cases applying the lodestar method, fee "'multipliers of between 3 and 4.5 have been common.'" *Rabin v. Concord Assets Grp., Inc.*, 1991 WL 275757, at *2 (S.D.N.Y. Dec. 19, 1991) (multiplier of 4.4) (citation omitted); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation."); *see also Fouad v. Isilon Sys., Inc.,* 07-1764 MJP (W.D. Wash.), Order dated March 5, 2010 (approving 25% fee, resulting in a 1.98 multiplier); *In re WSB Fin. Grp. Sec. Litig.,* 07-1747 RAJ (W.D. Wash.), Order dated March 27, 2009 (approving 25% fee, resulting in a 2.3 multiplier).

Here, such a "cross-check" strongly supports the reasonableness of the requested fee amount. Plaintiffs' Counsel expended over 5,000 hours for a total lodestar through May 31, 2013, of $2,600,221.10 in the litigation and settlement of this case.[9] The lodestar "multiplier" – the requested fee amount of $4,386,613.11 divided by the lodestar – is only 1.69. As noted, this is well within the range of multipliers awarded in other securities class actions.

In sum, the attorneys' fee requested is well within the range, or significantly below, what

---

[9] Plaintiffs' Counsel's lodestar is evidenced by counsel's sworn declarations (Exs. D-1 and D-2). As detailed in the Nicholas Declaration, Lead Counsel's hourly rates used in the lodestar cross-check are Lead Counsel's current billing rates; are the same as the regular current rates charged for their services in non-contingent matters; have been utilized in the lodestar cross-check accepted in other securities or shareholder litigation, including within the Ninth Circuit; and are consistent with or less than the reported billing rates of both defense counsel in this case, and Liaison Counsel located in Seattle. Nicholas Decl., ¶68 n.5.

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

10

courts in this Circuit commonly award in complex securities class actions – whether calculated as a percentage of the settlement fund or in relation to Plaintiffs' Counsel's lodestar – and warrants the Court's approval.

## II. REIMBURSEMENT OF COSTS AND EXPENSES

Lead Counsel also requests that the Court grant the application for $121,699.00 to reimburse Plaintiffs' Counsel's for their expenses incurred in prosecuting this litigation. Expenses are reimbursable in a common fund case where they are of the type typically billed by attorneys to paying clients in the marketplace.[10] Plaintiffs' Counsel's expenses are supported by sworn declarations detailing the expenses. *See* Exs. D-1 and D-2 to the Nicholas Decl. The expenses for which reimbursement is sought are the type of expenses routinely charged to hourly paying clients, and were necessary and appropriate for the prosecution of this complex securities class action. *See* Nicholas Decl., ¶81.

In addition, under the PSLRA, the Court may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4). Courts have noted that it is important to reimburse time and expenses of class representatives because doing so "encourages participation of plaintiffs in the active supervision of their counsel." *Varljen v. H.J. Meyers & Co., Inc.*, 2000 WL 1683656, at *5 n.2 (S.D.N.Y. Nov. 8, 2000). Thus, a long line of cases hold that expenses and time spent by class representatives in managing the case are properly reimbursable.[11]

---

[10] *See, e.g., Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters."); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'").

[11] *See, e.g.*, *In re Maxim Integrated Prods., Inc. Sec. Litig.*, Case No. 08-832 JW, slip op. at 3 (N.D. Cal. Nov. 1, 2010) (granting over $45,000 as lead plaintiffs' expenses based on the value of time spent); *In re CV Therapeutics, Inc., Sec. Litig.*, 2007 WL 1033478, at *2 (N.D. Cal. Apr. 4, 2007) (granting $26,000 to individual lead plaintiff for "reimbursement of time and expenses" for 104 hours at $250 per hour); *In re Wells Fargo Mortg.-Backed Certificates Litig.*,

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

11

Here, as set forth in the Lead Plaintiff Declaration, attached as Ex. B to the Nicholas Decl., Lead Plaintiff SamCERA requests reimbursement for its time and expenses incurred in its service as Lead Plaintiff on behalf of the Class, including, for example, attending the lead plaintiff hearing, reviewing Court filings, and supervising Lead Counsel throughout the litigation and settlement negotiations. The total sought for reimbursement to Lead Plaintiff is $6,511.84 (which includes $6,093.75 for Lead Plaintiff's time, and $418.09 for Lead Plaintiff's expenses). These unreimbursed expenses were reasonably and necessarily incurred in connection with Lead Plaintiff's service to the Class and are believed to be fair and reasonable.

The Notice informed Class Members that Lead Counsel intends to apply for the reimbursement of litigation expenses (including Lead Plaintiff's costs and expenses pursuant to the PSLRA) in an amount not to exceed $200,000. The amount of expenses now sought is significantly less than the amount stated in the Notice. The deadline for objecting to the fee and expense application expires on July 12, 2013. To date, there have been no objections.

## III. CONCLUSION

Lead Counsel respectfully request that the Court approve the fee application.

Dated: June 28, 2013                          Respectfully submitted,

By:   *s/ Blair A. Nicholas*
       BLAIR A. NICHOLAS

---

Case No. 09-CV-1376-LHK, Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses filed Nov. 14, 2011, ECF No. 475 (reimbursing $17,700 for lead plaintiffs' time and expenses); *Omnivision*, 559 F. Supp. 2d at 1049 (reimbursing lead plaintiffs for "time and expenses" in the amount of $29,913.80); *In re Quintus Sec. Litig.*, 2006 WL 3507936, at *4 (N.D. Cal. Dec. 5, 2006) (granting $12,000 to individual lead plaintiff based on value of his time); *see also In re Am. Int'l Grp., Inc. Sec. Litig.*, 2010 WL 5060697, at *3 (S.D.N.Y. Dec. 2, 2010) (reimbursing $30,000 to institutional lead plaintiffs "to compensate them for the time and effort they devoted on behalf of the class"); *In re Marsh & McLennan Cos. Sec. Litig.*, 2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (granting over $200,000 to two institutional lead plaintiffs as reimbursement for their time supervising lead counsel's work and finding that the activities lead plaintiffs engaged in "are precisely the types of activities that support awarding reimbursement of expenses to class representatives").

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
Blair A. Nicholas (Admitted *Pro Hac Vice*)
Niki L. Mendoza
David R. Kaplan (Admitted *Pro Hac Vice*)
Jonathan D. Uslaner (Admitted *Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
Email: blairn@blbglaw.com
        nikim@blbglaw.com
        davidk@blbglaw.com
        jonathanu@blbglaw.com

*Counsel for Lead Plaintiff SamCERA and Lead Counsel for the Class*

Juli E. Farris, #17593
Elizabeth A. Leland #23433
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel:    (206) 623-1900
Fax:   (206) 623-3384
Email: jfarris@kellerrohrback.com
        bleland@kellerrohrback.com

*Local Counsel for Lead Plaintiff SamCERA*

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

13

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF participants:

Benjamin T. Diggs    benjamin.diggs@hoganlovells.com, bea.goncalves@hoganlovells.com

Blair A. Nicholas    blairn@blbglaw.com, denab@blbglaw.com, Jessica.Cuccurullo@blbglaw.com

Dan Drachler    ddrachler@zsz.com

David R. Kaplan    davidk@blbglaw.com

Derek W. Loesser    dloesser@kellerrohrback.com

Elizabeth Ann Leland    bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

Imanta F. Holmquist    imants@lawhg.net

Jeffrey C. Grant    jgrant@skellengerbender.com, jsprenger@skellengerbender.com

Jonathan D. Uslaner    jonathanu@blbglaw.com

Juli E. Farris    jfarris@kellerrohrback.com

Karl Phillip Barth    karlb@hbsslaw.com, dawn@hbsslaw.com, shelby@lmbllp.com, shelbys@hbsslaw.com

Laurence Reza Wrathall    laurence.wrathall@blbglaw.com

Michael Charlson    michael.charlson@hoganlovells.com, dede.salvi@hoganlovells.com, ky-yen.wong@hoganlovells.com, michael.ewers@hoganlovells.com

Michael D. McKay    mdm@mckay-chadwell.com, eep@mckay-chadwell.com, hgr@mckay-chadwell.com

Norman J. Blears    norman.blears@hoganlovells.com, dede.salvi@hoganlovells.com

Peter E. Borkon    peterb@hbsslaw.com, pashad@hbsslaw.com

Reed R. Kathrein    reed@hbsslaw.com, pashad@hbsslaw.com, sf_filings@hbsslaw.com

Robin Wechkin    robin.wechkin@hoganlovells.com, ky-yen.wong@hoganlovells.com

Roger M. Townsend    rtownsend@bjtlegal.com, admin@bjtlegal.com

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

14

1  Steve W. Berman  steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

3                                    *s/ Blair A. Nicholas*

4                                      Blair A. Nicholas

MOT. FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
MASTER DOCKET NO. C11-1291JLR

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858) 793-0323

15