The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re DENDREON CORPORATION CLASS ACTION LITIGATION | MASTER DOCKET NO. C11-01291JLR<br><br>(Consolidated with Nos. C11-1294JLR and C11-1568JLR) |
| This Document Relates To:<br><br>ALL ACTIONS | **CLASS ACTION**<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>July 11, 2014 |



**BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP**
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Lead Plaintiff San Mateo County Employees' Retirement Association respectfully moves this Court for entry of the accompanying [Proposed] Order Approving Distribution Plan (the "Distribution Order"), which will, *inter alia*: (i) approve the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) direct payment of the Net Settlement Fund to Authorized Claimants pursuant to the recommended plan for distribution; and (iii) approve payment to the Court-approved claims administrator, The Garden City Group, Inc. ("GCG"), of the notice and administration fees and expenses associated with the Settlement from the Escrow Account.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Jennifer M. Keough in Support of Motion for Approval of Distribution Plan, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

Lead Counsel met and conferred with counsel for Defendants and confirmed that Defendants do not intend to oppose this Motion. Lead Counsel is not aware of any opposition to this Motion. This Motion is noted on the Court's calendar for July 11, 2014, before the Honorable James L. Robart, located at the United States Courthouse, 700 Stewart Street, Seattle, Washington 98101-9906.

The proposed Distribution Order is attached hereto as Exhibit 1.



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

# TABLE OF CONTENTS

Page(s)

I. BACKGROUND ........................................ 1

1. SUMMARY OF CLAIMS PROCESSING........................................ 2

II. THERE ARE NO DISPUTED CLAIMS........................................ 4

III. LATE, BUT OTHERWISE ELIGIBLE, CLAIMS........................................ 4

IV. DISTRIBUTION OF THE NET SETTLEMENT FUND ........................................ 5

V. DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE........................................ 6

VI. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ........................................ 7

VII. RELEASE OF CLAIMS........................................ 7

VIII. CONCLUSION........................................ 8



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff San Mateo County Employees' Retirement Association ("Lead Plaintiff") respectfully submits this memorandum of law in support of its motion for entry of the [Proposed] Order Approving Distribution Plan (the "Distribution Order") in the above-captioned action (the "Action"). The proposed distribution plan is set forth in the accompanying Declaration of Jennifer M. Keough in Support of Motion for Approval of Distribution Plan ("Keough Declaration" or "Keough Decl."), submitted on behalf of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG").[1]

If entered by the Court, the Distribution Order will, among other things, (i) approve GCG's administrative recommendations accepting and rejecting Proofs of Claim submitted herein; (ii) direct the distribution of the Net Settlement Fund to Class Members whose Proofs of Claim have been accepted as valid and approved by the Court; and (iii) approve GCG's fees and expenses incurred and to be incurred in connection with the administration of the Settlement.

## I. BACKGROUND

The Court has approved the Stipulation entered into by Lead Plaintiff and the Defendants. The Stipulation sets forth the terms of the settlement (the "Settlement") which represents a complete resolution of this Action. Pursuant to the terms of the Settlement, Defendants paid, or caused to be paid, $40 million in cash into an Escrow Account, and the funds have been invested for the benefit of the Class.[2]

In accordance with the Court's April 26, 2013 Order Preliminarily Approving Settlement, Certifying Class, Providing for Notice and Scheduling Settlement Hearing (ECF No. 98) (the "Preliminary Approval Order"), GCG was authorized to act as the Claims Administrator in

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Stipulation of Settlement dated as of April 24, 2013 (ECF No. 97) (the "Stipulation"), or in the Keough Declaration.

[2] The "Class" consists of all Persons (other than those Persons who timely and validly requested exclusion from the Class) who purchased or otherwise acquired Dendreon common stock between April 29, 2010 and August 3, 2011, inclusive, excluding the Defendants and their Related Persons.



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

connection with the Settlement of this Action. As set forth in the Keough Declaration, as Claims Administrator, GCG has implemented the terms of the Settlement by, among other things: (i) mailing approximately 156,000 Notice Packets to potential Class Members; (ii) creating and maintaining a toll-free helpline, creating and maintaining a case-specific website and posting case-specific documents on said website, and updating each accordingly during the course of the administration; (iii) causing the Summary Notice to be published in *The Investor's Business Daily* and over the *PR Newswire*; (iv) providing, upon request, additional copies of the Notice Packet to brokers and nominees; (v) receiving requests for exclusion; and (vi) receiving and processing Proofs of Claim.

The Notice informed potential Class Members of the September 7, 2013 deadline for submitting Proofs of Claim. As set forth in the Keough Declaration and discussed below, GCG has received and processed 48,579 Proofs of Claim.

Paragraph 5.6 of the Stipulation requires Lead Counsel to apply to the Court for a class distribution order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims received; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

The Effective Date – the date by which the Final Judgment and Order of Dismissal with Prejudice has been entered and the time for appeal has expired – has now occurred. Accordingly, Lead Plaintiff respectfully requests that the Court enter the proposed Distribution Order, which will, *inter alia*, approve the distribution of the Net Settlement Fund to Authorized Claimants.

## 1. <u>SUMMARY OF CLAIMS PROCESSING</u>

As detailed in the accompanying Keough Declaration, GCG mailed approximately 156,000 Notice Packets to potential Class Members and received 48,579 Proofs of Claim. Keough Decl. ¶¶4-5. Approximately 49% percent of the Proofs of Claim submitted were initially incomplete, not



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

signed, not properly documented, filed by a Claimant who was not a Class Member, or were otherwise deficient or ineligible. *Id.* ¶19. Much of GCG's efforts in handling an administration involve Claimant communications so that all Claimants have sufficient opportunity to cure any deficiencies and file a complete Proof of Claim. The "Deficiency Process," which involved letters and emails to Claimants, and inbound and outbound calls to Claimants, is intended to assist Claimants in properly completing their otherwise deficient submissions in order to participate in the Settlement. *Id.* ¶21.

If a Proof of Claim was determined to be defective, GCG mailed a Notice of Incomplete Proof of Claim Submission ("Deficiency Notice") to the Claimant describing the defect(s) with his, her or its Proof of Claim and what, if anything, was necessary to cure the defect(s) in the Proof of Claim. *Id.* ¶21. The Deficiency Notice advised the Claimant that the submission of the appropriate information and/or documentary evidence to complete the Proof of Claim had to be sent within twenty (20) days from the date of the letter or the Proof of Claim would be recommended for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id.* ¶¶22-23. The Deficiency Notice also advised Claimants that if they desired to contest the administrative determination they were required to submit a written statement to GCG requesting Court review of their Proof of Claim and setting forth the basis for their request. *Id.* GCG sent a Deficiency Notice in connection with over 23,000 Proofs of Claim. *Id.* ¶¶19, 22-23 ("Notice of Rejection of Your Entire Claim" sent in connection with approximately 22,552 Proofs of Claim and "Notification of Partial Payment" sent in connection with approximately 1,200 Proofs of Claim). *Id.* ¶¶22-23. Exemplars of the types of Deficiency Notices sent to Claimants are attached as Exhibit A to the Keough Declaration. *Id.* ¶24. Filers of electronic claims were also notified of any deficiencies. *Id.* ¶¶13, 14.

GCG carefully reviewed Claimants' responses to the Deficiency Notices and worked with Claimants to resolve deficiencies where possible. *Id.* ¶¶21, 25.



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

## II. THERE ARE NO DISPUTED CLAIMS

As stated above, the Deficiency Notices specifically advised the Claimant that he, she or it had the right to contest the rejection of the Claim and request Court review of the disposition of the Claim. *Id.* ¶24. There are no requests from Claimants for Court review of the rejection of their Claims. *Id.* ¶26.

## III. LATE, BUT OTHERWISE ELIGIBLE, CLAIMS

The 48,579 Proofs of Claim received through June 18, 2014, include 848 Proofs of Claim that were postmarked after the Court-approved Claim filing deadline of September 7, 2013, of which 231 were, but for the late submission, otherwise eligible. Keough Decl. ¶¶5, 27. While these 231 Claims were late, they were received while the processing of timely Claims was ongoing, and due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the claims administration process or the distribution of the Net Settlement Fund. *Id.* ¶27.

The Court has discretion to accept Claims submitted after the filing deadline. The Stipulation expressly contemplates that, as is customary in securities class action settlements, the Court may extend the deadline for Class Members to submit Claim Forms to be potentially eligible to participate in the settlement recovery. *See* Stipulation ¶5.5 ("All Class Members who fail to submit a valid Claim Form within the time period specified in the Notice, *or such other period as may be ordered by the Court*, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment."); *see also* Preliminary Approval Order ¶20 ("Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, *unless otherwise ordered by the Court* . . . .") (emphasis added).

It is respectfully submitted that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the Net Settlement Fund solely because it



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

was submitted after the Court-approved Claim filing deadline, when it was submitted while timely Claims were still being processed. Accordingly, Lead Plaintiff and Lead Counsel respectfully request that the Court approve GCG's provisional acceptance of the Late, But Otherwise Eligible, Claims.

However, there must be a final cut-off date after which no more Proofs of Claim will be processed so that there may be a proportional distribution of the Net Settlement Fund. The processing of any Proof of Claim received after preparation of this application would necessarily require a delay in the distribution. Keough Decl. ¶28. Accordingly, it is respectfully requested that this Court order that no Proof of Claim may be accepted for payment and that no further adjustments may be made to Proofs of Claim after June 18, 2014.[3]

## IV. DISTRIBUTION OF THE NET SETTLEMENT FUND

As set forth in the Keough Declaration, of the 48,579 Proofs of Claims that GCG received, GCG has determined that 16,693 are acceptable in whole or in part, and that 31,886 should be wholly rejected because they are ineligible, wholly deficient, or have no Recognized Claim when calculated in accordance with the Court-approved Plan of Allocation. *Id.* ¶32. Lead Plaintiff requests that the Court approve GCG's administrative determinations accepting Claims (including the Late, But Otherwise Eligible, Claims) and rejecting Claims as set forth in the Keough Declaration.

Lead Plaintiff also respectfully requests that the Court adopt the Distribution Plan for the Net Settlement Fund set forth in the Keough Declaration which would authorize an Initial

[3] Lead Plaintiff and Lead Counsel respectfully suggest that the Order provide one narrow exception to the bar on acceptance or modification of Proofs of Claim after June 18, 2014: if any Proofs of Claim are received or modified after that date that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if they had been timely received, then, at the time Lead Counsel, in consultation with GCG, determines that additional redistribution to Authorized Claimants is not cost effective, such Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis, to the extent that funds are available, that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

Distribution of the Net Settlement Fund to the Claimants listed in Exhibits B-1 and B-2 to the Keough Declaration.

In the Initial Distribution, GCG will determine a distribution amount for each Authorized Claimant based on each Authorized Claimant's *pro rata* share of the Net Settlement Fund. *See* Keough Decl. ¶36.a. As provided for in the Court-approved Plan of Allocation, Authorized Claimants whose distribution amount is less than $10.00 will receive no payment. *Id.* ¶¶34, 36.a.; *see also* Notice ¶39 ("The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.").

## V. DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

In order to encourage Authorized Claimants to deposit their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, Lead Plaintiff proposes that the distribution checks bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." *See* Keough Decl. ¶36.b. In an effort to have as many Authorized Claimants as possible cash their checks, GCG will follow up with Authorized Claimants who initially fail to cash their distribution checks. *Id.* n.3.

If any funds remain in the Net Settlement Fund after the Initial Distribution, GCG will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any balance remaining in the Net Settlement Fund after deducting GCG's costs and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any escrow fees, estimated taxes, and the costs of preparing appropriate tax returns, shall be re-distributed to Authorized Claimants from the Initial Distribution who (1) cashed their distribution payment and (2) are entitled to at least $10.00 from the redistribution based on their *pro rata* share of the remaining funds. *See id.* ¶36.d. If cost effective, subsequent distributions of funds



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

remaining in the Net Settlement Fund will take place in six-month intervals. *Id.* At such time as Lead Counsel, in consultation with GCG, determines that further re-distribution is not cost-effective, Lead Counsel will seek Court approval for a donation to an appropriate 503(c) charity.

## VI. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

The Stipulation (¶2.6) and the Court's Preliminary Approval Order (¶26) provide that the costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, processing Proofs of Claim, and administering and distributing the Net Settlement Fund to Authorized Claimants may be paid from the Settlement Fund.

In accordance with GCG's agreement with Lead Counsel to act as the Claims Administrator, GCG was responsible for, among other things, mailing the Notice Packet to the Class, publishing the Summary Notice, processing the Claims received, and allocating and distributing the Net Settlement Fund to Authorized Claimants. As reflected in the Keough Declaration and the invoices attached thereto as Exhibit C, the total amount of GCG's fees and out-of-pocket expenses incurred through April 30, 2014, and expected to be incurred in connection with the Initial Distribution is $745,713.06. *See* Keough Decl. ¶35. To date, GCG has received no payment for its work in connection with this Action. *Id.* Lead Plaintiff respectfully requests that the Court approve payment of GCG's fees and expenses in the amount of $745,713.06.

## VII. RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiff requests that the Court release and discharge all persons involved in



BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of such involvement, and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

## VIII. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that its Motion for Approval of Distribution Plan be approved and the proposed Order Approving Distribution Plan be entered.

Dated: June 20, 2014

Respectfully submitted,

By: *<u>/s/ Blair A. Nicholas</u>*

Blair A. Nicholas (Admitted *Pro Hac Vice*)
Niki L. Mendoza
David R. Kaplan (Admitted *Pro Hac Vice*)
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
Email: blairn@blbglaw.com
nikim@blbglaw.com
davidk@blbglaw.com

*Counsel for Lead Plaintiff San Mateo County Employees' Retirement Association and Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF participants:

Benjamin T. Diggs benjamin.diggs@hoganlovells.com, bea.goncalves@hoganlovells.com

Blair A. Nicholas blairn@blbglaw.com, denab@blbglaw.com, Jessica.Cuccurullo@blbglaw.com

Dan Drachler ddrachler@zsz.com

David R. Kaplan davidk@blbglaw.com

Derek W. Loesser dloesser@kellerrohrback.com

Elizabeth Ann Leland bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

Imanta F. Holmquist imants@lawhg.net

Jeffrey C. Grant jgrant@skellengerbender.com, jsprenger@skellengerbender.com

Jonathan D. Uslaner jonathanu@blbglaw.com

Juli E. Farris jfarris@kellerrohrback.com

Karl Phillip Barth karlb@hbsslaw.com, dawn@hbsslaw.com, shelby@lmbllp.com, shelbys@hbsslaw.com

Laurence Reza Wrathall laurence.wrathall@blbglaw.com

Michael Charlson michael.charlson@hoganlovells.com, dede.salvi@hoganlovells.com, ky-yen.wong@hoganlovells.com, michael.ewers@hoganlovells.com

Michael D. McKay mdm@mckay-chadwell.com, eep@mckay-chadwell.com, hgr@mckay-chadwell.com

Norman J. Blears norman.blears@hoganlovells.com, dede.salvi@hoganlovells.com

Peter E. Borkon peterb@hbsslaw.com, pashad@hbsslaw.com

Reed R. Kathrein reed@hbsslaw.com, pashad@hbsslaw.com, sf_filings@hbsslaw.com

Robin Wechkin robin.wechkin@hoganlovells.com, ky-yen.wong@hoganlovells.com

Roger M. Townsend rtownsend@bjtlegal.com, admin@bjtlegal.com



**BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP**
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: (858) 793-0070
FACSIMILE: (858-793-0323

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

*/s/ Blair A. Nicholas*
Blair A. Nicholas